1  SEAN C. CUNNINGHAM, Bar No. 174931
   sean.cunningham@dlapiper.com
2  KATHRYN RILEY GRASSO, Bar No. 211187
   kathryn.riley@dlapiper.com
3  RYAN W. COBB, Bar No. 277608
   ryan.cobb@dlapiper.com
4  DAVID R. KNUDSON  Bar No. 265461
   david.knudson@dlapiper.com
5  **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
6  San Diego, CA  92101-4297
   Telephone:    619.699.2700
7  Facsimile:     619.699.2701

8  TODD S. PATTERSON, *pro hac vice* pending
   todd.patterson@dlapiper.com
9  **DLA PIPER LLP (US)**
   401 Congress Avenue
10 Suite 2500
   Austin, Texas 78701-3799
11 Telephone:    512.457.7000
   Facsimile:     512.457.7001

12
   Attorneys for Defendant and Counterclaim Plaintiff
13 SOPHOS INC., Counterclaim Plaintiff SOPHOS
   LTD. and Defendants MICHAEL VALENTINE and
14 JASON CLARK (limited appearance)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FORTINET, INC., a corporation,<br>　　　　　Plaintiff,<br>v.<br>SOPHOS INC., a corporation, MICHAEL VALENTINE, an individual, and JASON CLARK, an individual,<br>　　　　　Defendants. | CASE NO.  3:13-cv-05831-EMC<br><br>**NOTICE OF MOTION, MOTION TO COMPEL ARBITRATION AND TO STAY NON-PATENT CLAIMS PENDING ARBITRATION AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY**<br><br>Date: March 13, 2014<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 5 – 17th Floor<br>Judge: Honorable Edward M. Chen |
| SOPHOS INC. and SOPHOS LTD., corporations,<br>　　　　　Counterclaim Plaintiffs,<br>v.<br>FORTINET, INC., a corporation,<br>　　　　　Counterclaim Defendant. | |

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION. ................................................................................................................ 1

II. FACTS ................................................................................................................................. 3

    A. The Valentine Agreement and Fortinet's Claims Against Mr. Valentine. ............... 3

    B. Fortinet's Claims Against Sophos and Mr. Clark. ..................................................... 3

III. ARGUMENT ....................................................................................................................... 4

    A. The Court Should Refer the Claims Against Mr. Valentine to Arbitration. ............ 4

    B. The Court Should Stay The Remaining Non-Patent Claims Pending Arbitration. ................................................................................................................ 7

IV. CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*AT&T Mobility LLC v. Concepcion*,
  131 S. Ct. 1740 (2011) .................................................................................................................. 4

*Cape Flattery Ltd. v. Titan Mar., LLC*,
  647 F.3d 914 (2011) ...................................................................................................................... 5

*Chiron Corp. v. Ortho Diagnostic Sys.*,
  207 F.3d 1126 (9th Cir. 2000) ...................................................................................................... 4

*Comedy Club, Inc. v. Improve West Assocs.*,
  553 F.3d 1277 (9th Cir. 2009) ...................................................................................................... 5

*Cox v. Ocean View Hotel Corp.*,
  533 F.3d 1114 (9th Cir. 2008) ...................................................................................................... 4

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
  122 F.3d 1211 (9th Cir. 1997) ...................................................................................................... 6

*Green Tree Fin. Corp.-Ala. V. Randolph*,
  531 U.S. 79 (2000) ........................................................................................................................ 5

*Hoffman v. Citibank (South Dakota), N.A.*,
  546 F.3d 1078 (9th Cir. 2008) ...................................................................................................... 5

*Kiskadee Commc'ns (Bermuda), Ltd. v. Father*,
  Case No. C-10-05277, 2011 WL 1044241 (N.D. Cal. March 22, 2011) ................................. 6

*McLeod v. Ford Motor Co.*,
  2005 WL 376334 (C.D. Cal. Apr. 14, 2005) ............................................................................. 7

*MJT Secs., LLC v. Toronto-Dominion Bank*,
  Case No. C-03-3815, 2007 WL 1725421 (N.D. Cal. June 14, 2007) ...................................... 8

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ...................................................................................................................... 4, 7

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
  50 Cal. 3d 1118 (1990) ............................................................................................................. 6, 8

*Randhawa v. Skylux Inc.*,
  Case No. 2:09-2304, 2010 WL 4069654 (E.D. Cal. Oct. 18, 2010) ........................................ 8

*Simula, Inc. v. Autliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) ........................................................................................................ 5

# **TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Superior Energy Servs., LLC v. Cabinda Gulf Oil Co. Ltd.*,
 Case No. C-13-2056, 2013 WL 6406324 (N.D. Cal. Dec. 6, 2013) ......................................... 5

*Wolf v. Langemeier*,
 Case No. 2:09-CV-03086, 2010 WL 3341823 (E.D. Cal. Aug. 24, 2010) ............................... 7

*Xinhua Holdings Ltd. v. Elec. Recyclers Int'l, Inc.*,
 Case No. 1:13-CV-1409, 2013 WL 6844270 (E.D. Cal. Dec. 26, 2013).................................. 5

**STATUTES**

9 U.S.C. § 2 ..................................................................................................................................... 4

-iii-
NOTICE OF, MOTION TO AND MEMO OF P&A'S ISO MOTION TO COMPEL ARBITRATION AND STAY
WEST\245900894.4
3:13-cv-05831-LB
DLA PIPER LLP (US)
SAN DIEGO

Defendant Michael Valentine respectfully moves for an order compelling Plaintiff Fortinet, Inc. ("Fortinet") to arbitrate the claims alleged against him (Counts 7, 9, 10, 12 and 13 of Fortinet's First Amended Complaint). Defendant Sophos Inc. ("Sophos") respectfully requests that all remaining non-patent claims alleged against the other defendants (Counts 8-15) be stayed pending resolution of the arbitration between Mr. Valentine and Fortinet.[1]

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on March 13, 2014, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Michael Valentine will and hereby does move the Court to compel Fortinet to arbitrate the claims alleged against him (Counts 7, 9, 10, 12 and 13 of Fortinet's First Amended Complaint) and Sophos will and hereby does move the Court to stay all remaining non-patent claims alleged against the other defendants (Counts 8-15), pending resolution of the arbitration between Mr. Valentine and Fortinet.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and papers on file herein and any evidence and argument presented to the Court at the hearing.

## STATEMENT OF RELIEF

Michael Valentine seeks an Order from the Court compelling Fortinet to arbitrate the claims alleged against him. Sophos seeks an Order from the Court staying all remaining non-patent claims alleged against the other defendants, pending resolution of the arbitration between Mr. Valentine and Fortinet.

## I. INTRODUCTION.

Fortinet filed this lawsuit against Sophos and two of Fortinet's former employees, Mr. Valentine and Mr. Clark, to try to punish its former employees and to intimidate its own employees into foregoing better job opportunities elsewhere. Actually, Fortinet filed two lawsuits

---

[1] Defendant Jason Clark has made a special appearance and filed a motion to dismiss for lack of personal jurisdiction (Dkt. No. 22), so he does not join this motion. If that motion to dismiss is denied, Mr. Clark will join this motion at that time.

in one complaint: (1) a six-patent infringement case against Sophos, to which Sophos has responded with seven patents of its own; and (2) a set of employment-related claims against Sophos, Mr. Valentine and Mr. Clark—none of which have any place in federal court—related to the departure of Mr. Valentine, Mr. Clark and several other employees who left Fortinet to join Sophos.

In filing the second part of its lawsuit, Fortinet deliberately ignored the unambiguous arbitration clause in Mr. Valentine's employment agreement with Fortinet, titled "At-Will Employment, Confidential Information, Invention Assignment, and Arbitration Agreement" (the "Valentine Agreement," attached as Exhibit A to Fortinet's First Amended Complaint). The broad arbitration clause encompasses all claims "arising out of, relating to, or resulting from" Mr. Valentine's employment with Fortinet, as well as any alleged breaches of the Valentine Agreement. All of Fortinet's claims against Mr. Valentine relate to alleged breaches of the Valentine Agreement or Mr. Valentine's employment with Fortinet. By filing its claims against Mr. Valentine in this Court, Fortinet breached the very contract it seeks to enforce.

In addition to referring the claims against Mr. Valentine to arbitration, the Court should stay the remaining non-patent claims (Counts 8-15) pending resolution of that arbitration. These claims overlap legally and factually with the claims that are subject to arbitration. For example, to prove that Sophos aided and abetted Mr. Valentine in breaching his fiduciary duties (Count 14), Fortinet must first prove an underlying breach of contract by Mr. Valentine. To prove intentional interference with contract by Sophos (Count 9), Fortinet must prove Sophos interfered with a valid contract. It would be wasteful for the Court to proceed with these employment-related claims while the arbitration covering the same legal and factual issues is ongoing. It would mean duplicative discovery and motion practice, wasted time and judicial resources and the potential for inconsistent rulings. The Court should therefore stay Counts 8-15 pending arbitration.

/////

/////

/////

## II. FACTS

### A. The Valentine Agreement and Fortinet's Claims Against Mr. Valentine.

The facts relevant to this motion are not in dispute. Mr. Valentine was employed by Fortinet as Vice President Americas – Sales and Support. (Dkt. No. 9, First Amended Complaint ["FAC"] ¶ 27.) At the start of his employment, he was required to execute the Valentine Agreement. (Ex. A to FAC.) The Valentine Agreement contains a prominent arbitration clause, which appears in all caps in the Agreement. (*Id.* § 12.) The arbitration clause provides that the parties agree to arbitrate "any and all controversies, claims, or disputes…arising out of, relating to, or resulting from my employment with the company or the termination of my employment with the company, including any breach of this agreement." (*Id.* § 12(A).) The clause also states that "this agreement to arbitrate also applies to any disputes that the company may have with me." (*Id.*) It emphasizes that "arbitration shall be the sole, exclusive and final remedy for any dispute between me and the company" and that "neither I nor the company will be permitted to pursue court action regarding claims that are subject to arbitration." (*Id.* § 12(C).)

Ignoring the plain language of the arbitration clause, Fortinet filed suit against Mr. Valentine in this Court, alleging claims against him for breach of contract (Count 7), intentional interference with contract (Count 9), breach of the implied covenant of good faith and fair dealing (Count 10), civil conspiracy (Count 12) and breach of fiduciary duty (Count 13). All of these claims are subject to arbitration.

### B. Fortinet's Claims Against Sophos and Mr. Clark.

Fortinet also asserts several employment-related claims against Sophos and another former Fortinet employee, Jason Clark. Fortinet alleges claims for breach of contract (Count 8), intentional interference with contract (Count 9), breach of implied covenant of good faith and fair dealing (Count 10), trade secret misappropriation (Count 11), civil conspiracy (Count 12), breach of fiduciary duty (Count 13), aiding and abetting breach of fiduciary duty (Count 14) and unfair competition (Count 15). Each of these claims relate to Fortinet's meritless allegations that Mr. Clark solicited Fortinet employees to join Sophos, disclosed Fortinet's purported trade secrets to Sophos, and intentionally interfered with Fortinet's contractual relations with its other employees.

(FAC ¶¶ 160-61, 171, 174, 207.) Fortinet also claims that Sophos purportedly induced and encouraged these breaches as part of a broader conspiracy between Sophos, Mr. Valentine and Mr. Clark "to harm Fortinet in unlawful ways." (FAC ¶¶ 170-74, 200-201.) All three defendants allegedly "acted in concert" in this "ongoing scheme." (FAC ¶¶ 56, 60-61, 200-01, 212.) Setting aside the sheer lack of merit of these claims, they should be stayed pending arbitration.

## III. ARGUMENT

### A. The Court Should Refer the Claims Against Mr. Valentine to Arbitration.

The Court should refer Counts 7, 9, 10, 12 and 13 of Fortinet's First Amended Complaint to arbitration, because Fortinet and Mr. Valentine entered into a valid arbitration agreement, and because that agreement encompasses the dispute between Fortinet and Mr. Valentine. Under Section 2 of the Federal Arbitration Act ("FAA"), an agreement to submit a controversy to arbitration is "valid, irrevocable, and enforceable, save upon such grounds as exist…for the revocation of any contract." 9 U.S.C. § 2; *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (Section 2 reflects a "liberal federal policy favoring arbitration"). "Because the FAA mandates that district courts <u>shall</u> direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed," a court's role is limited to "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron*, 207 F.3d at 1130. Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration…." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Because both requirements are met here, the Court should refer Fortinet's claims against Mr. Valentine to arbitration.

#### 1. Fortinet and Mr. Valentine Entered Into a Valid Agreement to Arbitrate.

The arbitration agreement between Fortinet and Mr. Valentine is unquestionably valid. "An arbitration agreement governed by the FAA is presumed to be valid and enforceable."

DLA PIPER LLP (US)
SAN DIEGO

WEST\245900894.4

NOTICE OF, MOTION TO AND MEMO OF P&A'S ISO MOTION TO COMPEL ARBITRATION AND STAY
3:13-cv-05831-LB

*Superior Energy Servs., LLC v. Cabinda Gulf Oil Co. Ltd.*, Case No. C-13-2056, 2013 WL 6406324, at *4 (N.D. Cal. Dec. 6, 2013). "The party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Hoffman v. Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) (quoting *Green Tree Fin. Corp.-Ala. V. Randolph*, 531 U.S. 79, 91 (2000)). Here, the arbitration provision in the Valentine Agreement was drafted by Fortinet, not Mr. Valentine. Moreover, Fortinet seeks to enforce the Valentine Agreement against Mr. Valentine, so Fortinet is estopped from arguing that the arbitration provision is invalid.

### 2. The Arbitration Agreement Encompasses the Dispute Between Fortinet and Mr. Valentine.

The broad arbitration provision encompasses "any and all controversies, claims, or disputes…arising out of, relating to, or resulting from [Mr. Valentine's] employment with the company or the termination of [Mr. Valentine's] employment with the company, including any breach of this agreement." (Ex. A to FAC § 12(A).) The Ninth Circuit has held that the use of "relating to" in an arbitration clause reflects the parties' intent to draft a broad arbitration provision. *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (2011). As such, the factual allegations "need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Xinhua Holdings Ltd. v. Elec. Recyclers Int'l, Inc.*, Case No. 1:13-CV-1409, 2013 WL 6844270, at *10 (E.D. Cal. Dec. 26, 2013) (quoting *Simula, Inc. v. Autliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999)). "Arbitration should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Xinhua*, 2013 WL 6844270, at *10 (quoting *Comedy Club, Inc. v. Improve West Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009)).

Here, Counts 7, 9, 10, 12 and 13 are subject to arbitration because they arise out of Mr. Valentine's employment with Fortinet and/or his alleged breaches of the Valentine Agreement.

- Count 7 for breach of contract alleges that Valentine breached the employee non-solicitation and confidentiality provisions of the Valentine Agreement (FAC ¶¶ 152-53), and therefore falls squarely within the scope of the arbitration provision.

- Count 9 for intentional interference with contract[2] alleges that Mr. Valentine learned about the contracts between Fortinet and all of its employees "during the course of his employment with Fortinet, and, in any case, prior to the termination of his employment with Fortinet." (FAC ¶ 167.) According to Fortinet, it was Valentine's employment that purportedly gave him access to the "confidential and trade secret information" that he allegedly used to "assist efforts to solicit and induce numerous Fortinet employees to leave Fortinet." (FAC ¶ 47.) This cause of action also falls squarely within the scope of the arbitration provision.

- Count 10 for breach of the implied covenant of good faith and fair dealing alleges that Mr. Valentine's breaches deprived Fortinet of the benefits of the Valentine Agreement. (FAC ¶¶ 182-83.) Because the arbitration provision encompasses any claims "arising out of" or "relating to" any alleged breach of the Valentine Agreement, this cause of action falls within the scope of the arbitration provision as well.

- Count 12 for civil conspiracy is not an independent cause of action, but rather a legal doctrine to impose liability for an underlying tort on all co-conspirators. *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997) ("Under California law, there is no separate and distinct tort cause of action for civil conspiracy."). Where the underlying tort claim is subject to arbitration, the civil conspiracy claim is as well. *Kiskadee Commc'ns (Bermuda), Ltd. v. Father*, Case No. C-10-05277, 2011 WL 1044241, at *4 (N.D. Cal. March 22, 2011). Here, Fortinet's conspiracy claim is based in part on Mr. Valentine's alleged breaches of his fiduciary duties and contractual obligations, and his alleged interference with Fortinet's other contractual relationships. Because the underlying claims are subject to arbitration, the civil conspiracy claim is as well.

- Count 13 for breach of fiduciary duty is covered by the plain language of the arbitration clause. For this claim, Fortinet alleges that "while…still serving as [an] executive officer[] of Fortinet," Valentine solicited employees to leave Fortinet and provided "inside

---

[2] Under California law, the elements of the claim are: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

1  information" to Sophos to "facilitate the solicitation of Fortinet employees to leave Fortinet."

2  (FAC ¶ 207.) Because the claim is based on alleged conduct occurring while Mr. Valentine was

3  employed at Fortinet, it is covered by the arbitration provision.

4      In sum, Fortinet should be compelled to submit all of its claims against Mr. Valentine to

5  arbitration. Considering the broad language of the arbitration provision and the federal policy in

6  favor of arbitration, each of Fortinet's claims against Mr. Valentine is arbitrable.

7      **B.    The Court Should Stay The Remaining Non-Patent Claims Pending Arbitration.**

8

9      In addition to referring the claims against Mr. Valentine to arbitration, the Court should

10  stay the remaining non-patent claims (Counts 8-15) and allow this litigation to proceed as a patent

11  infringement lawsuit. "Where some portions of an action are arbitrable and others are not, the

12  decision to stay those claims not subject to arbitration is in the court's discretion." *Wolf v.*

13  *Langemeier*, Case No. 2:09-CV-03086, 2010 WL 3341823, at *8 (E.D. Cal. Aug. 24, 2010)

14  (quoting *McLeod v. Ford Motor Co.,* 2005 WL 376334 at *2 (C.D. Cal. Apr. 14, 2005)); *see also*

15  *Moses*, 460 U.S. at 20 n.23 ("[I]t may be advisable to stay litigation among the non-arbitrating

16  parties pending the outcome of the arbitration. That decision is one left to the district court...as a

17  matter of discretion to control its docket."). In determining whether to stay the non-arbitrable

18  claims, "a court considers economy and efficiency, the similarity of the issues of law and fact to

19  those that will be considered during arbitration, and the potential for inconsistent findings absent

20  a stay." *Wolf*, 2010 WL 3341823, at *8. Here, because the non-patent claims against Sophos and

21  Mr. Clark are inextricably intertwined with the arbitrable claims asserted against Mr. Valentine,

22  all three factors favor staying the non-patent claims pending arbitration.

23      On the first factor, considerations of economy and efficiency support a stay. Given the

24  factual and legal overlap among the non-patent claims, proceeding with those claims in this Court

25  alongside the arbitration will result in duplicative discovery, increased cost for the parties and

26  increased case management for the Court. Moreover, the arbitration decision likely will be

27  dispositive of many, if not all, of Fortinet's non-patent claims. There is no benefit to the Court or

28  /////

the parties in simultaneously proceeding with the employment-related claims and an arbitration on the same factual and legal issues.

On the second factor, the similarity of the issues of law and fact to those that will be considered during arbitration strongly favors a stay. For instance, to prove Sophos intentionally interfered with Mr. Valentine's contract by allegedly inducing him to solicit Fortinet employees, Fortinet must first prove Mr. Valentine wrongfully solicited the Fortinet employees. *E.g. Pac. Gas*, 50 Cal. 3d at 1126 (essential element of interference with contract claim is an "actual breach or disruption of the contractual relationship"). To prove Sophos aided and abetted Mr. Valentine's alleged breaches of fiduciary duty, Fortinet must first prove that Mr. Valentine actually breached his fiduciary duties in the first place. *E.g. MJT Secs., LLC v. Toronto-Dominion Bank*, Case No. C-03-3815, 2007 WL 1725421, at *7 (N.D. Cal. June 14, 2007) ("To prove aiding and abetting a breach of fiduciary duty, the plaintiff must first establish an underlying breach of fiduciary duty."). And any purported evidence of a conspiracy among the defendants is relevant to each defendant. The factual and legal issues relating to Mr. Valentine cannot be separated from the alleged overall "scheme," and thus the similarity of the issues of law and fact weighs strongly in favor of a stay. *See, e.g.*, *Randhawa v. Skylux Inc.*, Case No. 2:09-2304, 2010 WL 4069654, at *3 (E.D. Cal. Oct. 18, 2010) (staying case).

On the third factor, the potential for inconsistent findings favors a stay. As demonstrated above, to prevail on a number of its claims against Sophos, Fortinet must prove underlying unlawful conduct by Mr. Valentine. Absent a stay, the parties will be placed in the difficult position of having two different fact finders determine the same issue, possibly with different results. To resolve the claims against Mr. Valentine, the arbitrator must determine whether Mr. Valentine breached his contractual or fiduciary duties to Fortinet. Absent a stay, the Court will have to resolve the same issues to determine whether there is any underlying unlawful conduct to support Fortinet's claims for intentional interference or aiding and abetting claims. Having the claims proceed on a dual track risks inconsistent rulings on these dispositive issues. This factor therefore favors a stay.

/////

## IV. CONCLUSION

Fortinet filed its claims against Mr. Valentine in this Court despite the arbitration provision in the employment agreement attached to Fortinet's own pleadings. The arbitration provision covers all of Fortinet's claims against Mr. Valentine. And because Fortinet's claims against Mr. Valentine substantially overlap with the non-patent claims against the other defendants, the Court should stay the non-patent claims pending the arbitration.

Dated: February 5, 2014

DLA PIPER LLP (US)

By: */s/ Sean C. Cunningham*
SEAN C. CUNNINGHAM
KATHRYN RILEY GRASSO
RYAN W. COBB
DAVID R. KNUDSON
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297

TODD S. PATTERSON (*pro hac vice pending*)
**DLA PIPER LLP (US)**
401 Congress Avenue
Suite 2500

Attorneys for Defendant and Counterclaim Plaintiff SOPHOS INC., Counterclaim Plaintiff SOPHOS LTD. and Defendants MICHAEL VALENTINE and JASON CLARK (limited appearance)