JOHN M. NEUKOM (CA Bar No. 275887)
johnneukom@quinnemanuel.com
ANDREW M. HOLMES (CA Bar No. 260475)
drewholmes@quinnemanuel.com
ALICIA VEGLIA (CA Bar No. 291070)
aliciaveglia@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff FORTINET, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FORTINET, INC., a corporation.<br><br>  Plaintiff,<br><br>  v.<br><br>SOPHOS, INC., a corporation,<br>MICHAEL VALENTINE, an individual, and<br>JASON CLARK, an individual,<br><br>  Defendant. | Case No. 3:13-cv-05831-EMC<br><br>**FORTINET, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS IN RESPONSE TO SOPHOS, INC.'S AND SOPHOS LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FORTINET'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| SOPHOS INC. and SOPHOS LTD.,<br>corporations,<br><br>  Counterclaim Plaintiffs,<br><br>  v.<br><br>FORTINET, INC., a corporation,<br><br>  Counterclaim Defendant. | |

Plaintiff Fortinet, Inc. ("Fortinet") hereby submits its Answer, Affirmative Defenses, and Counterclaims in response to Sophos Inc.'s and Sophos Ltd.'s (collectively, "Sophos") Answer, Affirmative Defenses, and Counterclaims to Fortinet's First Amended Complaint, and states as follows:

## THE PARTIES

1. On information and belief, Fortinet admits the allegations of paragraph 1.

2. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and on that basis denies them.

3. Fortinet admits the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. Fortinet admits that Sophos purports to plead claims arising under 35 U.S.C. § 100, *et seq*. and 28 U.S.C. §§ 2201 and 2202. Fortinet admits that this Court has exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Fortinet will not challenge the propriety of venue or intradistrict assignment. Fortinet admits that it filed an action against Sophos Inc. in this District.

## BACKGROUND

6. On information and belief, Fortinet admits that Sophos' United States headquarters is in Burlington, Massachusetts. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and on that basis denies them.

7. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies them.

8. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies them.

9. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies them.

10. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies them.

1   11.     Fortinet admits that U.S. Patent No. 6,195,587 ("the '587 patent") is titled on its face "Validity Checking," and that a copy of the '587 patent is attached to the Counterclaims. Fortinet denies the remaining allegations of paragraph 11.

12.     Fortinet admits that U.S. Patent No. 7,757,002 ("the '002 patent") is titled on its face "Methods and Systems for Analyzing Network Content in a Pre-Fetching Web Proxy," and that a copy of the '002 patent is attached to the Counterclaims. Fortinet denies the remaining allegations of paragraph 12.

13.     Fortinet admits that U.S. Patent No. 8,090,852 ("the '852 patent") is titled on its face "Managing Use of Proxies to Access Restricted Network Locations," and that a copy of the '852 patent is attached to the Counterclaims. Fortinet denies the remaining allegations of paragraph 13.

14.     Fortinet admits that U.S. Patent No. 8,220,050 ("the '050 patent") is titled on its face "Method and System for Detecting Restricted Content Associated with Retrieved Content," and that a copy of the '050 patent is attached to the Counterclaims. Fortinet denies the remaining allegations of paragraph 14.

15.     Fortinet admits that U.S. Patent No. 8,261,344 ("the '344 patent") is titled on its face "Method and System for Classification of Software Using Characteristics and Combinations of Such Characteristics," and that a copy of the '344 patent is attached to the Counterclaims. Fortinet denies the remaining allegations of paragraph 15.

16.     Fortinet admits that U.S. Patent No. 8,266,687 ("the '687 patent") is titled on its face "Discovery of the Use of Anonymizing Proxies by Analysis of HTTP Cookies," and that a copy of the '687 patent is attached to the Counterclaims. Fortinet denies the remaining allegations of paragraph 16.

17.     Fortinet admits that U.S. Patent No. 8,607,347 ("the '347 patent") is titled on its face "Network Stream Scanning Facility," and that a copy of the '347 patent is attached to the Counterclaims. Fortinet denies the remaining allegations of paragraph 17.

18.     Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies them.

19. Fortinet lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and all of its bullet point subparts and on that basis denies them.

20. Fortinet admits that it competes with Sophos in the network security industry.

## FIRST COUNTERCLAIM

### (Alleged Patent Infringement of the '587 Patent)

21. Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

22. Fortinet denies the allegations of paragraph 22.

23. Fortinet denies the allegations of paragraph 23.

24. Fortinet denies the allegations of paragraph 24.

25. Fortinet denies the allegations of paragraph 25.

26. Fortinet denies the allegations of paragraph 26.

27. Fortinet denies the allegations of paragraph 27.

28. Fortinet denies the allegations of paragraph 28.

29. Fortinet denies the allegations of paragraph 29.

## SECOND COUNTERCLAIM

### (Alleged Patent Infringement of the '002 Patent)

30. Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

31. Fortinet denies the allegations of paragraph 31.

32. Fortinet denies the allegations of paragraph 32.

33. Fortinet denies the allegations of paragraph 33.

34. Fortinet denies the allegations of paragraph 34.

35. Fortinet denies the allegations of paragraph 35.

36. Fortinet denies the allegations of paragraph 36.

37. Fortinet denies the allegations of paragraph 37.

38. Fortinet denies the allegations of paragraph 38.

**THIRD COUNTERCLAIM**

**(Alleged Patent Infringement of the '852 Patent)**

39. Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

40. Fortinet denies the allegations of paragraph 40.

41. Fortinet denies the allegations of paragraph 41.

42. Fortinet denies the allegations of paragraph 42.

43. Fortinet denies the allegations of paragraph 43.

44. Fortinet denies the allegations of paragraph 44.

45. Fortinet denies the allegations of paragraph 45.

46. Fortinet denies the allegations of paragraph 46.

47. Fortinet denies the allegations of paragraph 47.

**FOURTH COUNTERCLAIM**

**(Alleged Patent Infringement of the '050 Patent)**

48. Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

49. Fortinet denies the allegations of paragraph 49.

50. Fortinet denies the allegations of paragraph 50.

51. Fortinet denies the allegations of paragraph 51.

52. Fortinet denies the allegations of paragraph 52.

53. Fortinet denies the allegations of paragraph 53.

54. Fortinet denies the allegations of paragraph 54.

55. Fortinet denies the allegations of paragraph 55.

56. Fortinet denies the allegations of paragraph 56.

**FIFTH COUNTERCLAIM**

**(Alleged Patent Infringement of the '344 Patent)**

57. Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.

1  58. Fortinet denies the allegations of paragraph 58.
2  59. Fortinet denies the allegations of paragraph 59.
3  60. Fortinet denies the allegations of paragraph 60.
4  61. Fortinet denies the allegations of paragraph 61.
5  62. Fortinet denies the allegations of paragraph 62.
6  63. Fortinet denies the allegations of paragraph 63.
7  64. Fortinet denies the allegations of paragraph 64.
8  65. Fortinet denies the allegations of paragraph 65.

## SIXTH COUNTERCLAIM

**(Alleged Patent Infringement of the '687 Patent)**

11  66. Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.
13  67. Fortinet denies the allegations of paragraph 67.
14  68. Fortinet denies the allegations of paragraph 68.
15  69. Fortinet denies the allegations of paragraph 69.
16  70. Fortinet denies the allegations of paragraph 70.
17  71. Fortinet denies the allegations of paragraph 71.
18  72. Fortinet denies the allegations of paragraph 72.
19  73. Fortinet denies the allegations of paragraph 73.
20  74. Fortinet denies the allegations of paragraph 74.

## SEVENTH COUNTERCLAIM

**(Alleged Patent Infringement of the '347 Patent)**

23  75. Fortinet repeats and incorporates by reference its responses to the previous paragraphs as if fully set forth herein.
25  76. Fortinet denies the allegations of paragraph 76.
26  77. Fortinet denies the allegations of paragraph 77.
27  78. Fortinet denies the allegations of paragraph 78.
28  79. Fortinet denies the allegations of paragraph 79.

80. Fortinet denies the allegations of paragraph 80.

81. Fortinet denies the allegations of paragraph 81.

82. Fortinet denies the allegations of paragraph 82.

83. Fortinet denies the allegations of paragraph 83.

**DEMAND FOR JURY TRIAL**

84. No response is required for Sophos' demand for a jury trial.

**PRAYER FOR RELIEF**

85. Fortinet denies that Sophos is entitled to any of the relief set forth in the Prayer For Relief in the Counterclaims.

**GENERAL DENIAL**

86. Fortinet denies each and every allegation in Sophos' Counterclaims not expressly admitted above.

**AFFIRMATIVE DEFENSES**

87. Fortinet asserts the following affirmative and other defenses without prejudice to its position that it does not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Sophos as a matter of law.  Fortinet reserves the right to assert additional defenses as further information is obtained.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

88. Sophos' Counterclaims, on one or more claims for relief set forth therein, fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Patent Non-Infringement)**

89. Fortinet has not and does not infringe any valid and enforceable claim of the '587, '002, '853, '050, '344, '687, and '347 patents (collectively, the "Sophos Patents in Suit") directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any manner.

### THIRD AFFIRMATIVE DEFENSE

### (Patent Invalidity)

90. The claims of the Sophos Patents in Suit are invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, because the alleged invention thereof is taught by, suggested by, and/or obvious in view of the prior art, and/or is unsupported by the written description of the patented invention, and/or claims unpatentable subject matter, and no claim of those patents can validly be construed to cover any Fortinet product.

### FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel and Disclaimer)

91. Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications resulting in the patents-in-suit, namely, the admissions, representations, and amendments made on behalf of the applicants as to those patents, or other patents in the same patent family, Fortinet alleges that Sophos is estopped from extending the coverage of the asserted claims in the patents-in-suit, including under the doctrine of equivalents, to cover the accused products.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches, Estoppel, Waiver)

92. The Sophos Patents in Suit are unenforceable, in whole or in part, against Fortinet under the doctrine of laches, equitable estoppel, and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

93. Any claim for damages for patent infringement is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### SEVENTH AFFIRMATIVE DEFENSE

### (Government Sales)

94. To the extent any claim for damages for patent infringement arises from the use or manufacture by or for the United States, Fortinet's damages are limited under 28 U.S.C.

§ 1498(a).

## EIGHTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

95. On information and belief, to the extent Sophos seeks injunctive relief for alleged infringement, the relief it seeks is unavailable because any alleged injury to Sophos is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Sophos has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

96. The relief sought by Sophos based on Fortinet's alleged infringement is limited by 35 U.S.C. § 286, which prohibits recovery for any alleged infringement committed more than six years before the filing of the Counterclaims.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

97. The claims made in the Counterclaims are barred, in whole or in part, because of Sophos' failure to mitigate damages, if such damages exist.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Actions of Others)

98. The claims made in the Counterclaims are barred, in whole or in part, because Fortinet is not liable for the acts of others over whom it has no control.

## ADDITIONAL DEFENSES RESERVED

99. Fortinet reserves any and all additional defenses available to it under Title 35 of the United States Code or under the rules, regulations, and laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising.

## FORTINET'S COUNTERCLAIMS AGAINST SOPHOS INC. AND SOPHOS LTD.

As counterclaims against Sophos Inc. and Sophos Ltd. (collectively, "Sophos") Fortinet, Inc. ("Fortinet") alleges as follows:

### PARTIES

1. Fortinet is a Delaware corporation with a principal place of business at 1090 Kifer Road, Sunnyvale, California 94086. Fortinet is a leading provider of network security appliances and services, and a market leader in unified threat management systems.

2. On information and belief, and as Sophos admitted in its Counterclaims, Sophos Inc. is a Massachusetts corporation having its principal place of business in the United States at 3 Van de Graaff Drive, Second Floor, Burlington, Massachusetts 01803.

3. On information and belief, and as Sophos admitted in its Counterclaims, Sophos Ltd. is an Oxford, UK corporation having its principle place of business at The Pentagon, Abingdon Science Park, Abingdon OX14 3YP.

### JURISDICTION AND VENUE

4. By filing its Answer and Counterclaims, Sophos Inc. has consented to the personal jurisdiction of this Court. By filing its Counterclaims, Sophos Ltd. has consented to the personal jurisdiction of this Court.

5. In view of the filing by Sophos of its Counterclaims and Fortinet's defenses, there exists an actual and justiciable controversy between the parties regarding the validity, enforceability, and alleged infringement of U.S. Patent No. 6,195,587 ("the '587 patent"), U.S. Patent No. 7,757,002 ("the '002 patent"), U.S. Patent No. 8,090,852 ("the '852 patent"), U.S. Patent No. 8,220,050 ("the '050 patent"), U.S. Patent No. 8,261,344 ("the '344 patent"), U.S. Patent No. 8,266,687 ("the '687 patent"), and U.S. Patent No. 8,607,347 ("the '347 patent") (collectively, the "Sophos Patents in Suit").

6. Subject matter jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

7. Venue in this District is proper because Sophos Inc. filed its Answer and Counterclaims here and has admitted that venue is proper here. Venue in this District is proper because Sophos Ltd. filed its Counterclaims here and has admitted that venue is proper here.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '587 Patent)**

8. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

9. The '587 patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

10. Fortinet seeks a judgment declaring that the claims of the '587 patent are invalid.

## SECOND COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '002 Patent)**

11. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

12. The '002 patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

13. Fortinet seeks a judgment declaring that the claims of the '002 patent are invalid.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '852 Patent)**

14. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

15. The '852 patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

16. Fortinet seeks a judgment declaring that the claims of the '852 patent are invalid.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '050 Patent)**

17. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

18. The '050 patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

19. Fortinet seeks a judgment declaring that the claims of the '050 patent are invalid.

### FIFTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '344 Patent)**

20. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

21. The '344 patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

22. Fortinet seeks a judgment declaring that the claims of the '344 patent are invalid.

### SIXTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '687 Patent)**

23. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

24. The '687 patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

25. Fortinet seeks a judgment declaring that the claims of the '687 patent are invalid.

### SEVENTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '347 Patent)**

26. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

27. The '347 patent is invalid for failure to comply with the requirements of Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, and/or 133.

28. Fortinet seeks a judgment declaring that the claims of the '347 patent are invalid.

### EIGHTH COUNTERCLAIM

**(Declaratory Judgment of Non-infringement of the '587 Patent)**

29. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

30. No product Fortinet manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes the '587 patent.

31. Fortinet seeks a judgment declaring that the claims of the '587 patent are not, and have not been, infringed by Fortinet.

## NINTH COUNTERCLAIM

**(Declaratory Judgment of Non-infringement of the '002 Patent)**

32. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

33. No product Fortinet manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes the '002 patent.

34. Fortinet seeks a judgment declaring that the claims of the '002 patent are not, and have not been, infringed by Fortinet.

## TENTH COUNTERCLAIM

**(Declaratory Judgment of Non-infringement of the '852 Patent)**

35. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

36. No product Fortinet manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes the '852 patent.

37. Fortinet seeks a judgment declaring that the claims of the '852 patent are not, and have not been, infringed by Fortinet.

## ELEVENTH COUNTERCLAIM

**(Declaratory Judgment of Non-infringement of the '050 Patent)**

38. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

39. No product Fortinet manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes the '050 patent.

40. Fortinet seeks a judgment declaring that the claims of the '050 patent are not, and have not been, infringed by Fortinet.

**TWELFTH COUNTERCLAIM**

**(Declaratory Judgment of Non-infringement of the '344 Patent)**

41. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

42. No product Fortinet manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes the '344 patent.

43. Fortinet seeks a judgment declaring that the claims of the '344 patent are not, and have not been, infringed by Fortinet.

**THIRTEENTH COUNTERCLAIM**

**(Declaratory Judgment of Non-infringement of the '687 Patent)**

44. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

45. No product Fortinet manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes the '687 patent.

46. Fortinet seeks a judgment declaring that the claims of the '687 patent are not, and have not been, infringed by Fortinet.

**FOURTEENTH COUNTERCLAIM**

**(Declaratory Judgment of Non-infringement of the '347 Patent)**

47. Fortinet incorporates by reference the responses and allegations set forth in preceding paragraphs of its Answer and these Counterclaims.

48. No product Fortinet manufactures, makes, has made, uses, practices, imports, supports, provides, supplies, distributes, sells, or offers to sell infringes the '347 patent.

49. Fortinet seeks a judgment declaring that the claims of the '347 patent are not, and have not been, infringed by Fortinet.

**PRAYER FOR RELIEF**

WHEREFORE, FORTINET prays for judgment and relief to be entered:

A. Declaring that one or more claims of the '587 patent are invalid;

B. Declaring that one or more claims of the '002 patent are invalid;

C. Declaring that one or more claims of the '852 patent are invalid;

D. Declaring that one or more claims of the '050 patent are invalid;

E. Declaring that one or more claims of the '344 patent are invalid;

F. Declaring that one or more claims of the '687 patent are invalid;

G. Declaring that one or more claims of the '347 patent are invalid;

H. Declaring that the asserted claims of the '587 patent are not infringed by Fortinet and that Sophos is not entitled to damages or injunctive relief;

I. Declaring that the asserted claims of the '002 patent are not infringed by Fortinet and that Sophos is not entitled to damages or injunctive relief;

J. Declaring that the asserted claims of the '852 patent are not infringed by Fortinet and that Sophos is not entitled to damages or injunctive relief;

K. Declaring that the asserted claims of the '050 patent are not infringed by Fortinet and that Sophos is not entitled to damages or injunctive relief;

L. Declaring that the asserted claims of the '344 patent are not infringed by Fortinet and that Sophos is not entitled to damages or injunctive relief;

M. Declaring that the asserted claims of the '687 patent are not infringed by Fortinet and that Sophos is not entitled to damages or injunctive relief;

N. Declaring that the asserted claims of the '347 patent are not infringed by Fortinet and that Sophos is not entitled to damages or injunctive relief;

O. Permanently enjoining Sophos from asserting against Fortinet any claim of patent infringement with respect to the '587 patent;

P. Permanently enjoining Sophos from asserting against Fortinet any claim of patent infringement with respect to the '002 patent;

Q. Permanently enjoining Sophos from asserting against Fortinet any claim of patent infringement with respect to the '852 patent;

R. Permanently enjoining Sophos from asserting against Fortinet any claim of patent infringement with respect to the '050 patent;

S. Permanently enjoining Sophos from asserting against Fortinet any claim of patent infringement with respect to the '344 patent;

T. Permanently enjoining Sophos from asserting against Fortinet any claim of patent infringement with respect to the '687 patent;

U. Permanently enjoining Sophos from asserting against Fortinet any claim of patent infringement with respect to the '347 patent;

V. Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding Fortinet its costs and attorneys' fees; and

W. Awarding Fortinet such further and additional relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Fortinet demands a trial by jury on all issues so triable.

DATED: February 18, 2014            Respectfully submitted,

By  */s/ John M. Neukom*

JOHN M. NEUKOM (CA Bar No. 275887)
johnneukom@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111-4788
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for Plaintiff FORTINET, INC.