[Counsel listed on Signature Page]

May 8, 2014

**VIA ECF**

The Honorable Edward M. Chen
United States District Court,
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    <u>Fortinet, Inc. v. Sophos, Inc. et al.</u>, Case No. 3:13-cv-05831-EMC

Dear Judge Chen:

    Plaintiff Fortinet, Inc. and Defendant Sophos, Inc. respectfully submit this letter regarding a dispute over whether Fortinet may depose Kris Hagerman, Sophos's CEO, at this stage in the case. Lead counsel for the parties met and conferred in good faith by telephone on April 10, 2014. Because lead counsel for Fortinet is located in San Francisco while lead counsel for Sophos is in San Diego, the parties could not reasonably confer in person on this issue. Lead counsel for each party certifies that no agreement could be reached, necessitating this letter.

    **Fortinet's Position:** Fortinet has repeatedly asked Sophos (a modestly sized private company) to provide deposition dates for Hagerman, and Sophos has refused. Fortinet asks the Court to order Sophos to provide deposition dates for Hagerman immediately.

    This is a case between two competitors—involving not just patents but also claims by Fortinet against Sophos for trade secret misappropriation and tortious interference with Fortinet's executive contracts. At the crux of Fortinet's state-law claims are allegations that during a short period of time Sophos recruited Fortinet's highest-ranking sales executive (to become Sophos' head of global sales) and three additional Fortinet Vice Presidents. Sophos' CEO was personally involved in these recruitments. This is not a case where—for example—a "patent troll" is looking to depose a Fortune 50 CEO for harassment purposes. This is a case where the defendant's CEO was personally involved in and orchestrated the tortious conduct. Fortinet therefore seeks to take his deposition, and to do so early in the case.

    Sophos cannot in good faith deny that Hagerman as the CEO has ***personal***, ***unique*** knowledge about Sophos' decision to poach multiple high-ranking executives from Fortinet, and how Sophos handled that poaching activity. If Sophos did try to deny that, Sophos would be telling this Court that its own CEO did not have personal involvement in recruiting his global head of sales, and numerous other key executives. Perhaps Sophos could argue with a straight face that Hagerman did not personally participate in Sophos' recruitment of various non-executive employees from Fortinet, such as the mid-level engineers Sophos also poached. But Sophos should not be tolerated if trying to make that same argument about its own CEO and his selection of his highest-ranking, executive, Vice-President-level lieutenants.

Furthermore, Sophos cannot deny Hagerman's personal involvement with the facts underlying this lawsuit, nor "cry foul" over his deposition notice, because Hagerman personally put himself right at the center of this dispute. Mere days after Fortinet's initial Complaint was filed, Hagerman personally published a blog about this case. Hagerman wrote: "This week Fortinet filed a lawsuit against Sophos . . . they've got this one all wrong." And: "If Fortinet wishes to retain their employees we suggest they stop resorting to courtroom and legal tactics they know are without merit[.]" And: "Lawsuits like this only confirm that our strategy is attracting the right talent[.]" Hagerman ended his blog posting by inviting additional applications to the company.[1]

But Hagerman was not done. He also provided interviews to the press to discuss his views of the merits of this lawsuit, characterizing it as "a nasty scare tactic" and one article reports that "Hagerman said he and the Sophos team are not worried that the lawsuit will deter people from applying for jobs."[2] That same article noted that "[w]hat makes the Fortinet lawsuit against Sophos different is the undertones that the staff poaching is systemic."[3] Fortinet contends that part of this "systemic" employee poaching has to do with Hagerman's direct involvement in and unique knowledge of these "systemic" conditions.

Sophos complains that Fortinet's deposition request is an improper "apex" request. But courts have authorized depositions of "apex" executives where, as here, they have shown active involvement in areas related to the suit or in setting relevant policies. *See, e.g.*, *In Re Nat'l W. Life Ins. Deferred Annuities Litig.*, 2011 WL 1304587 (S.D. Cal. Apr. 6, 2011) (authorizing deposition of executives where they "likely take a more active role in the company's operations and the subject areas which Plaintiffs which to explore"); *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 (N.D. Cal. Sept. 6, 2006) (allowing deposition of Google's CEO). Moreover, the "**party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied**," and "[a]bsent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition." *In re Google Litig.*, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (internal citations omitted, emphasis added). Thus, "when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* Sophos cannot meet this "heavy burden" and Fortinet has shown that it seeks to depose Hagerman based upon his unique personal knowledge and participation in Sophos' campaign to poach Fortinet executives and trade secrets.

**Sophos's Position:** Sophos is an antivirus company with over 2200 employees. Sophos's products help secure the networks used by over 100 million people in 150 countries. Fortinet's demand to conduct an "apex" deposition of Sophos's CEO—before a single document has been produced and before any other depositions have been noticed or taken—is improper. The deposition of an apex executive has "tremendous potential for abuse or harassment" and therefore the Court has discretion to limit discovery to other sources that are more convenient, less burdensome, or less expensive." *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263

---

[1] http://blogs.sophos.com/2013/12/19/why-great-people-are-joining-sophos
[2] http://channelnomics.com/2013/12/19/sophos-brushes-fortinet-allegations-lawsuit-staff-poaching/
[3] *Id.*

(N.D. Cal. 2012). In determining whether to allow an apex deposition, courts consider "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google Litig.*, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011). Fortinet ignores this two-part test because it cannot meet either requirement.

First, Fortinet claims that it "believes" Mr. Hagerman was involved in Sophos's recruiting efforts, but Fortinet does not attempt to show that Mr. Hagerman possesses unique and non-repetitive knowledge. Fortinet's speculation is not enough. *Synthes USA, LLC v. Spinal Kinetics Inc.*, 2011 WL 811731, at *1 (N.D. Cal. Mar. 02, 2011) (denying motion to compel where defendant offered "nothing but its supposition" about apex executive's unique and non-repetitive knowledge). Indeed, Fortinet has no idea whether Mr. Hagerman's supposed knowledge is unique and non-repetitive, because it has not deposed even one lower-ranking Sophos employee. Fortinet's "belief" about Mr. Hagerman's knowledge is insufficient.

Fortinet cannot satisfy the second prong either, because it has not attempted to exhaust other less intrusive discovery methods. Rather than seeking the depositions of other Sophos employees who were intimately involved in Sophos's recruiting efforts, Fortinet has demanded that Sophos immediately provide a deposition date for Sophos's CEO, before a single document has been produced and before any Sophos employees have been deposed.

In that vein, the cases Fortinet cites support Sophos's position. In *In Re Nat'l W. Life Ins. Deferred Annuities Litig.*, the court permitted the depositions of two apex executives (the CEO and COO of the company) where the plaintiffs had "exhausted other avenues before coming to this point," including depositions of other defendant employees, "and it further appears that Plaintiffs' other efforts have led them here." 2011 WL 1304587, at *3. The court found that the two apex executives were more likely than not to possess unique, discoverable information because they were involved in the subject matter of the claims at issue and because of the "centralized nature of the decision-making processes at [the defendant company]." *Id.* at *4. In *Google Inc. v. Am. Blind*, the court permitted a limited deposition of Google founder Larry Page after all other fact discovery had been completed and after another Google employee had testified that Mr. Page was personally involved in the change in the issue that was central to the dispute. 2006 WL 2578277, at *3-4. In *In re Google Litig.*, the court permitted a limited deposition of Google founder Larry Page only after (a) the plaintiff had deposed at least six other Google employees "and none has provided the information [plaintiff] seeks from Page…" and (b) Google's own discovery responses and initial disclosures identified Mr. Page as a witness who possessed unique knowledge of the issue in the case. WL 4985279, at *1-2.

Unlike the decisions Fortinet cites, Fortinet has not exhausted <u>any</u> other avenues of discovery, and nothing has led Fortinet to the point of needing to take the deposition of Sophos's CEO now. Certainly, Mr. Hagerman's public statements about this lawsuit do not justify an apex deposition at the outset of discovery. Courts have routinely denied apex depositions even on a showing that the executive made public statements on relevant issues. *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982 *16 (N.D. Cal. May 9, 2011) (rejecting plaintiffs' request to depose Lee Iacocca based on public statements he made relevant to Chrysler's liability); *Robinett v. Opus Bank*, 2013 WL 5850873 *6 (W.D. Wash. Oct. 30, 2013). Thus, Sophos respectfully requests that the Court deny Fortinet's attempt to depose Mr. Hagerman at this time.

Respectfully submitted,

DATED: May 8, 2014                QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By */s/ John M. Neukom*
                                      John M. Neukom (Bar No. 275887)
                                      johnneukom@quinnemanuel.com
                                      50 California Street, 22nd Floor
                                      San Francisco, California  94111-4788
                                      Telephone:     (415) 875-6600
                                      Facsimile:     (415) 875-6700

                                      Attorneys for Plaintiff FORTINET, INC.


DATED: May 8, 2014                DLA PIPER LLP (US)


                                  By */s/ Sean C. Cunningham*
                                      SEAN C. CUNNINGHAM, Bar No. 174931
                                      sean.cunningham@dlapiper.com
                                      401 B Street, Suite 1700
                                      San Diego, CA 92101-4297
                                      Telephone: 619.699.2700
                                      Facsimile: 619.699.2701

                                      Attorneys for Defendant and Counterclaim
                                      Plaintiff SOPHOS INC. and Counterclaim
                                      Plaintiff SOPHOS LTD.


## SIGNATURE ATTESTATION

Pursuant to Local Rule 5.1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Sean C. Cunningham.

                                   */s/ John M. Neukom*
                                   John M. Neukom