JOHN M. NEUKOM (SBN 275887)
johnneukom@quinnemanuel.com
ANDREW M. HOLMES (SBN 260475)
drewholmes@quinnemanuel.com
ALICIA VEGLIA (SBN 291070)
aliciaveglia@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for Plaintiff FORTINET, INC.

SEAN C. CUNNINGHAM (SBN 174931)
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO (SBN 211187)
kathryn.riley@dlapiper.com
RYAN W. COBB (SBN 277608)
ryan.cobb@dlapiper.com
DAVID R. KNUDSON (SBN 265461)
david.knudson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: 619.699.2700
Facsimile: 619.699.2701

TODD S. PATTERSON (*pro hac vice*)
todd.patterson@dlapiper.com
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, Texas 78701-3799
Telephone: 512.457.7000
Facsimile: 512.457.7001

Attorneys for Defendant and Counterclaim
Plaintiff SOPHOS INC. and Counterclaim
Plaintiff SOPHOS LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FORTINET, INC., a corporation<br><br>     Plaintiff,<br><br> vs.<br><br>SOPHOS, INC., a corporation, MICHAEL VALENTINE, an individual, and JASON CLARK, an individual.<br><br>     Defendants.<br><hr>SOPHOS INC. and SOPHOS LTD., corporations,<br><br>     Counterclaim Plaintiffs,<br><br> vs.<br><br>FORTINET, INC., a corporation,<br><br>     Counterclaim Defendant. | Case No. 3:13-cv-05831-EMC<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Honorable Edward M. Chen<br>Date: May 13, 2014<br>Time: 9:00 a.m.<br>Courtroom: 5 |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties to the above-titled action, Fortinet, Inc. ("Fortinet"), and Sophos Inc. and Sophos Ltd. (collectively, "Sophos"), jointly submit this Case Management Statement and Proposed Order.

## 1. Jurisdiction and Service

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq.* The Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a). Fortinet contends this Court has supplemental jurisdiction over Fortinet's state law claims against Sophos pursuant to 28 U.S.C. § 1367 because the federal and state claims alleged herein are so related that they form part of the same case or controversy. Sophos denies this Court has supplemental jurisdiction over Fortinet's state claims, because those claims are unrelated to its claims for patent infringement and do not form part of the same case or controversy.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). No issues exist regarding personal jurisdiction, venue or service.

## 2. Facts

Fortinet filed its complaint in this action on December 16, 2013 (Dkt. No. 1), and its First Amended Complaint ("FAC") on January 9, 2014 (Dkt. No. 9). Fortinet alleges that Sophos directly infringes U.S. Patent Nos. 7,698,744, 8,069,487, 8,195,938, 7,333,430, 7,376,125, and 7,609,625 (collectively, the "Fortinet Asserted Patents") by making, using, selling, offering for sale and/or importing technologies in connection with Sophos' Anti-Virus software, including but not limited to Sophos Enduser Protection Suites, Sophos Endpoint Security and Control, Sophos Endpoint Anti-Virus, Sophos Cloud, and other Sophos products, and the Sophos Unified Threat Management (UTM) suite of appliances running Sophos' UTM operating system ("OS"). Fortinet additionally alleges that Sophos induces and contributes to the infringement of the Fortinet Asserted Patents. Fortinet seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

Fortinet also alleges several non-patent claims against Sophos for Intentional Interference with Contract, Trade Secret Misappropriation, Civil Conspiracy, Aiding and Abetting Breach of Fiduciary Duty, and Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq. Fortinet alleges that these claims arise out of Sophos's campaign to unlawfully poach several of Fortinet's employees by inducing them to breach their contractual and fiduciary duties to Fortinet and to misappropriate Fortinet's trade secrets and confidential information in the process of doing so. Fortinet seeks damages and injunctive relief, as well as attorneys' fees, costs, punitive damages, and disgorgement of profits from unjust enrichment for these claims.

Fortinet also asserted claims against individual defendants Michael Valentine ("Valentine") and Jason Clark ("Clark") for Breach of Contract, Intentional Interference with Contract, Breach of Duty of Good Faith and Fair Dealing, Civil Conspiracy and Breach of Fiduciary Duty, arising out of their solicitation of Fortinet employees both during and after their employment at Fortinet.

Sophos filed its Answer to Fortinet's FAC on January 24, 2014 (Dkt No. 15), denying Fortinet's allegations of direct, induced, and contributory infringement of the Fortinet Asserted Patents. Sophos also denies all allegations of the non-patent claims alleged by Fortinet, including Intentional Interference with Contract, Trade Secret Misappropriation, Civil Conspiracy, Aiding and Abetting Breach of Fiduciary Duty, and Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq. Sophos also asserts affirmative defenses of failure to state a claim, invalidity, prosecution history estoppel, failure to demonstrate irreparable harm, 35 U.S.C. § 286, 35 U.S.C. § 287, 28 U.S.C. § 1498, unclean hands, breach of contract, arbitration, no anti-competitive conduct, failure to mitigate damages, public policy, doctrine of economic loss, contract misinterpretation, and a reservation of affirmative defenses. Sophos Inc., together with Sophos Ltd. also assert counterclaims alleging that Fortinet directly infringes U.S. Patent Nos. 6,195,587; 7,757,002; 8,090,852; 8,220,050; 8,261,344; 8,266,687; and 8,607,347 (collectively, the "Sophos Asserted Patents") by making, using, selling, offering for sale and/or importing technologies in connection with Fortinet's FortiGate Network Security Appliances and Virtual Appliances; FortiOS; FortiGuard; FortiClient Endpoint Security Management products; FortiWeb; and FortiCache filtering and appliance products. Sophos

additionally alleges that Fortinet has induced and contributed to the infringement of each of the Sophos Asserted Patents. Sophos seeks damages, injunctive relief, and findings that it does not infringe the Fortinet Asserted Patents, and that the Fortinet Asserted Patents are invalid.

Defendant Clark filed a Motion to Dismiss for lack of personal jurisdiction on February 4, 2014 (Dkt. No. 22), and briefing was completed by February 25, 2014 (Dkt. Nos. 31, 35). On February 5, 2014, Defendant Valentine filed a Motion to Compel Arbitration of the claims against him and a Motion to Stay the remaining non-patent claims, which Sophos joined (Dkt. No. 24), and the parties completed briefing on February 26 (Dkt. Nos. 33, 37). Both motions were scheduled for a hearing on March 27, 2014 by stipulation of the parties (Dkt No. 38).

Fortinet filed its answer to Sophos's counterclaims on February 18, 2014 (Dkt. No. 30), denying Sophos's allegations of direct, induced, and contributory infringement of the Sophos Asserted Patents. Fortinet also asserts affirmative defenses of failure to state a claim, non-infringement, invalidity, prosecution history estoppel and disclaimer, laches, estoppel, waiver, lack of notice, government sales, no right to injunctive relief, limitation on damages, failure to mitigate, actions of others, and a reservation of affirmative defenses. Fortinet asserts counterclaims against Sophos for a judgment declaring each of the Sophos Asserted Patents invalid and a judgment declaring that Fortinet has not infringed any of the Sophos Asserted Patents.

On March 13, 2014, Sophos filed its answer to Fortinet's counterclaims (Dkt. No. 41), denying Fortinet's invalidity and non-infringement counterclaims.

Prior to the scheduled hearing on the Motions filed by Clark and Valentine, Fortinet agreed to pursue its claims against both Valentine and Clark in arbitration. After the hearing on March 27, 2014, the Court entered a minute order ruling that Defendant Clark's Motion to Dismiss for lack of Personal Jurisdiction is denied as moot without prejudice, Defendant's Motion to Compel Arbitration is granted as to Valentine and Clark pursuant to stipulation of the parties, and Defendant Sophos's motion to stay non-patent related claims is denied. (Dkt. No. 45)

### 3. Legal Issues

The principal disputed legal issues are:

- The proper construction of any disputed claim terms;

- Whether Sophos infringes any or all of the Fortinet Asserted Patents, either directly or indirectly;

- Whether Fortinet infringes any or all of the Sophos Asserted Patents, either directly or indirectly;

- Whether the Fortinet Asserted Patents are invalid (35 U.S.C. §§ 101, 102, 103, 112);

- Whether the Sophos Asserted Patents are invalid (35 U.S.C. §§ 101, 102, 103, 112);

- Whether Fortinet's claims are barred, in whole or in part, by any defense raised by Sophos;

- Whether Sophos's claims are barred, in whole or in part, by any defense raised by Fortinet;

- Whether Fortinet is entitled to damages as a result of the alleged infringement of any or all of the Fortinet Asserted Patents, and if so, the amount (35 U.S.C. § 284);

- Whether Sophos is entitled to damages as a result of the alleged infringement of any or all of the Sophos Asserted Patents, and if so, the amount (35 U.S.C. § 284);

- Whether Fortinet is entitled to injunctive relief to prevent alleged irreparable harm from further acts of (i) interference with Fortinet's contracts, (ii) trade secret misappropriation, (iii) patent infringement, contributory patent infringement, and/or inducement of patent infringement of the Fortinet Asserted Patents (35 U.S.C. § 283), and (iv) unfair competition;

- Whether Sophos is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of any or all of the Sophos Asserted Patents (35 U.S.C. § 283);

- Whether this case is exceptional (35 U.S.C. § 285);

- Whether Sophos has engaged in Intentional Interference with Contract, and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Sophos has engaged in Trade Secret Misappropriation, and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Fortinet is entitled to enhanced damages for the willful and malicious conduct of Sophos in misappropriating Fortinet's trade secrets, and if so, the amount;

- Whether Sophos has engaged in Civil Conspiracy, and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Sophos has engaged in Aiding and Abetting Breach of Fiduciary Duty, and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Sophos has engaged in Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq., and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Fortinet is entitled to an award of attorneys' fees and costs pursuant to Cal. Civil Code Section 3426.4;

- Whether Fortinet is entitled to an award of punitive damages; and

- Whether Fortinet is entitled to an award of other relief including but not limited to disgorgement of any amounts by which Sophos has been unjustly enriched as a result of its wrongful conduct.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

### 4.    Motions and/or Pending Matters

(a)    Prior Motions

Defendant Clark filed a Motion to Dismiss for lack of personal jurisdiction on February 4, 2014 (Dkt. No. 22), and briefing was completed by February 25, 2014 (Dkt. Nos. 31, 35). At the hearing on March 27, 2014, the Court denied Clark's Motion as moot without prejudice. (Dkt. No. 45).

On February 5, 2014, Defendant Valentine filed a Motion to Compel Arbitration of the claims against him and a Motion to Stay the remaining non-patent claims, which Sophos joined (Dkt. No. 24), and the parties completed briefing on February 26 (Dkt. Nos. 33, 37). At the hearing on March 27, 2014, the Court granted the Motion to Compel Arbitration as to Valentine and Clark pursuant to stipulation of the parties, and denied Sophos' motion to stay non-patent related claims. (Dkt. No. 45)

(b)     Pending Motions

There are no motions currently pending before the Court.

(c)     Anticipated Motions

Fortinet and Sophos anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

**5.     Amendment of Pleadings, Addition of Parties, Etc.**

The parties agree that the deadline for joining parties and amending the pleadings without leave of Court should be July 1, 2014.  The parties agree that they may amend the pleadings upon a showing of good cause after this deadline has passed.

**6.     Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation.  Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation.  Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

**7.     Initial Disclosures**

The parties exchanged initial disclosures pursuant to Rule 26(a) on April 17, 2014.

**8.     Discovery**

The parties met and conferred pursuant to Rule 26(f) on April 3, 2014.

Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

(a)     <u>Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.</u>

The parties exchanged initial disclosures pursuant to Rule 26(a) on April 17, 2014.  The parties' proposals regarding the timing for expert disclosures under Rule 26(a)(2) and pretrial

disclosures under Rule 26(a)(3) are set forth in the proposed schedule in Appendix A below.

        (b)     <u>Subjects on which discovery may be needed, when discovery should be</u>
                           <u>completed, and whether discovery should be conducted in phases or be limited</u>
                           <u>to or focused on particular issues.</u>

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters. The parties' proposals regarding when discovery should be completed are set forth in the proposed schedule in Appendix A below.

        (c)     <u>Any issues about disclosure or discovery of electronically stored information,</u>
                           <u>including the form or forms in which it should be produced.</u>

The parties discussed discovery of ESI during their Rule 26(f) conference and agree to file a Stipulated Order Regarding Discovery of ESI by May 15, 2014 to address discovery of ESI, including particular topics set forth in the Northern District of California's Guidelines for the Discovery of ESI and Checklist for Rule 26(f) Meet and Confer Regarding ESI, with competing proposals if necessary. The parties will continue to meet and confer in good faith to reach agreement on the terms of the stipulation and will advise the Court if they are unable to resolve any disputed issues.

With respect to production format, the parties agree that documents will be produced in single-page TIFF format with full-text extraction and Concordance load files. If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide the associated text file. All text files should be produced as document level text files with a path to the text file included in the Concordance load file; extracted text/OCR should not be embedded in the load file itself. To the extent a receiving party identifies documents for which data manipulation or other analysis may be necessary and that is not practicable or possible with the TIFF image format, the parties agree to meet and confer in good faith to coordinate possible supplemental production of the native version of such documents. Additionally, in the event that production of a document in TIFF image file format would be impracticable, the producing party shall have the option of producing

such document in native format.

Further agreement regarding discovery of ESI will be addressed in the parties' Stipulated Order Regarding Discovery of ESI.

      (d)    <u>Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.</u>

The parties agree that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation. Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and in the protective order and/or Stipulated Order Regarding Discovery of ESI to be entered in this action.

      (e)    <u>Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.</u>

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure and Local Rules of this Court. If a party requests discovery that exceeds any of the limitations set forth below, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court. If the parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery.

      (i)    <u>Requests for Production of Documents and Things</u>

The parties agree that there shall be no limit on the number of requests for production of documents and things.

      (ii)    <u>Interrogatories</u>

The parties agree that each side may serve up to 25 interrogatories.

      (iii)    <u>Request for Admissions</u>

The parties agree that each side may serve up to 20 requests for admission. Requests for admission related to the authentication of documents are exempt from this limitation.

(iv) <u>Depositions</u>

***Fact Depositions:***

The parties agree that each party will be limited to fact depositions totaling one hundred (100) hours.

The parties agree that expert depositions will not count toward the fact deposition limits set forth above. The parties agree that Rule 30(b)(1) depositions are limited to 7 hours of deposition time. While the 7 hour per witness limit does not apply to Rule 30(b)(6) witnesses, each deposition day will be limited to 7 hours. Individual depositions requiring an interpreter are limited to 14 hours of deposition time and will be conducted on two consecutive days. Individual and Rule 30(b)(6) depositions requiring an interpreter count as half time against the deposition limit.

The parties agree that there is no limit on the number of topics for Rule 30(b)(6) depositions. The parties agree that there is no requirement to separately transcribe a deposition of an individual who also testifies pursuant to Rule 30(b)(6).

***Expert Depositions:***

The parties agree that an expert witness may be deposed for up to 7 hours for each issue (e.g., infringement, invalidity) on which that expert has provided an opinion. Thus, if an expert provides an opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be deposed for up to 7 hours regarding infringement and for up to 7 hours regarding invalidity, for a maximum total of 14 hours of deposition time. The parties agree to meet and confer in good faith regarding whether additional deposition time is necessary to address the issues that remain in the case at the time set for expert depositions in this action.

(f) <u>Protective Order</u>

The parties will be producing confidential information requiring entry of a protective order in this action. The parties are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California model protective order for litigation involving patents.

The parties agree to file a proposed stipulated protective order (with competing proposals, if necessary) by May 15, 2014. Any confidential information produced prior to entry of a protective order will be subject to the Northern District of California model protective order for litigation involving patents (pursuant to Patent Local Rule 2-2).

(g)     Discovery from Experts

The parties agree that the Federal Rules of Civil Procedure (e.g., Rule 26(b)(4)) and the Local Rules of this Court govern discovery from experts in this case.

(h)     Service

The parties agree that service via email constitutes personal service pursuant to Rule 5(b)(2)(E). Documents served on a party shall be emailed to all attorneys of record for that party.

**9.      Class Actions**

Not applicable.

**10.     Related Pending Cases**

On January 24, 2014, Sophos Inc. and Sophos Ltd. (collectively, "Sophos") filed a complaint against Fortinet in the District of Delaware (Case No. 1:14-cv-00100-GMS), alleging direct, induced, and contributory infringement of U.S. Patent Nos. 7,130,854; 7,159,125; and 8,479,267 (collectively, the "Sophos Delaware Patents"). The accused Fortinet products are Fortinet's FortiManager Security Management products.

On March 20, 2014, Fortinet filed its answer to Sophos's complaint, denying Sophos's allegations of direct, induced, and contributory infringement of the Sophos Delaware Patents. Fortinet also asserts affirmative defenses of failure to state a claim, non-infringement, invalidity, prosecution history estoppel and disclaimer, laches, estoppel, waiver, lack of notice, government sales, no right to injunctive relief, limitation on damages, failure to mitigate, actions of others, lack of standing (against Sophos, Inc. only), and a reservation of affirmative defenses. Fortinet asserts counterclaims against Sophos for a judgment declaring each of the Sophos Delaware Patents invalid, a judgment declaring non-infringement of each of the Sophos Delaware Patents, and for direct, induced and contributory infringement of U.S. Patent Nos. 7,606,225; 7,966,654; 7,979,543; 8,051,483; 8,205,251; 8,635,336;

and 8,656,479 (the "Fortinet Delaware Patents"). The accused products include Sophos' Unified Threat Management (UTM) suite of appliances running Sophos's UTM operating system (OS) and related products including but not limited to Sophos's Next-Gen Firewall, Secure VPN, Secure Wi-Fi, Secure Web Gateway, Secure Email Gateway, Web Application Firewall, Sophos PureMessage, Sophos Cloud, Mobile Control, and Server Security Products.

On April 11, 2014, Sophos filed its answer to Fortinet's counterclaims denying Fortinet's declaratory judgment allegations that the Sophos Delaware Patents are invalid and noninfringed. Sophos further denied Fortinet's allegations that the Fortinet Delaware Patents are infringed either directly or indirectly. Sophos also asserts affirmative defenses of failure to state a claim, non-infringement, invalidity, prosecution history estoppel and disclaimer, laches, estoppel, waiver, lack of notice, government sales, no right to injunctive relief, limitation on damages, failure to mitigate, unclean hands, and a reservation of affirmative defenses.

This case is pending before the Honorable Gregory M. Sleet.

**11.    Relief**

Fortinet seeks entry of judgment finding that Sophos infringes the Patents-in-Suit, both directly and indirectly, and that the Fortinet Asserted Patents are valid. Fortinet also seeks injunctive relief and monetary damages for Sophos's patent infringement, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty, as well as damages and injunctive from Sophos's Intentional Interference with Contract, Trade Secret Misappropriation, Civil Conspiracy, Aiding and Abetting Breach of Fiduciary Duty, and Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq. Fortinet further seeks a judgment that this case is exceptional and an award of Fortinet's costs and reasonable attorneys' fees. Fortinet also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest. Fortinet further seeks enhanced damages for Sophos' willful and malicious conduct in misappropriating Fortinet's trade secrets, punitive damages, and other relief including but not limited to disgorgement of profits from unjust enrichment. Fortinet seeks any other relief available under applicable law.

04880.00001/5904235.2

Sophos seeks entry of judgment finding that Fortinet infringes the Sophos Asserted Patents, both directly and indirectly, and that the Sophos Asserted Patents are valid. Sophos also seeks injunctive relief and monetary damages for Fortinet's patent infringement, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty. Sophos further seeks a judgment that this case is exceptional and an award of Sophos's costs and reasonable attorneys' fees. Sophos also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest. Sophos seeks any other relief available under applicable law.

### 12. Settlement and ADR

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. The parties each filed their ADR certifications on April 3, 2014 (Dkt. Nos. 49, 51). The parties also have met and conferred to select one of the available ADR processes for this case and agree to mediation before a court-appointed mediator, to be completed sixty (60) days after service of the parties' invalidity contentions, as set forth in the parties' stipulation and proposed order filed on April 3, 2014 (Dkt. No. 50).

### 13. Consent to Magistrate Judge

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14. Other references

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties agree that a modified version of the Federal Circuit Advisory Committee Model Order Limiting Excess Patent Claims should be adopted in this case. Specifically, the Parties agree to the following:

- Not later than 40 days after completion of Patent Local Rule 3-4, the patent owner shall serve a Preliminary Election of Asserted Claims, which shall assert no more than 10 claims per patent;
- Not later than 14 days after service of the Preliminary Election of Asserted Claims, the accused infringer shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than 16 prior art references against each patent;
- Not later than 28 days after the Court issues its Claim Construction Order, the patent owner shall serve a Final Election of Asserted Claims, which shall identify no more than 5 asserted claims per patent from among the 10 previously identified claims; and
- Not later than 14 days after service of a Final Election of Asserted Claims, the accused infringer shall serve a Final Election of Asserted Prior Art, which shall identify no more than 8 asserted prior art references per patent from among the 16 prior art references previously identified for that particular patent.

Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify the above limits on asserted claims and prior art references for good cause shown. Any request to increase these limits must specifically show why the inclusion of additional asserted claims or prior art references is warranted. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1202, 1312–13 (Fed. Cir. 2011). A failure to seek such a modification will constitute acquiescence to the above limits on asserted claims and prior art references.

### 16. Expedited Schedule

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64 Attachment A.

### 17. Scheduling

The parties' have agreed to the proposed schedule set forth in the chart attached hereto as Appendix A.

### 18. Trial

The parties have requested trial by jury and expect that the trial will require approximately 12

court days.

**19.   Disclosure of Non-party Interested Entities or Persons.**

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-16.  Dkt. No. 7 (Fortinet's certification); Dkt. No. 14 (Sophos' certification).

Fortinet confirms that there is no parent corporation of Fortinet or publicly held corporation that is the beneficial owner of more than ten percent (10%) of Fortinet's common stock, and that no other entities have a financial interest in the subject matter in controversy or Fortinet, or a non-financial interest in that subject matter or Fortinet that could be substantially affected by the outcome of this proceeding.

Sophos Inc. confirms that it is a wholly owned subsidiary of Sophos Limited, a privately held company in the United Kingdom, and that no other entity owns more than ten percent (10%) of either company's stock.

**20.   Other Matters**

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

(1)   Proposed modification of the obligations or deadlines set forth in the Patent Local Rules

The parties do not propose any modifications to the obligations set forth in the Patent Local Rules at this time and have agreed upon the slight deadline modifications set forth in Appendix A. The parties have agreed that the deadlines should be calculated based upon the previously set deadline for the Initial Case Management Conference of April 24, 2014, as set forth in Appendix A.

(2)   The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court

The parties do not propose modifications to the scope of claim construction discovery at this time and have agreed upon the slightly modified deadlines set forth in Appendix A.

(3) <u>The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing</u>

The parties respectfully request that the Court set aside one full court day for the hearing, given the large number of patents currently at issue. The parties agree that each side will be allocated half of the total time permitted for the hearing. The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues, particularly given the nature of the Patents-in-Suit, the technology involved and the number and nature of claim terms that remain in dispute at the time of the hearing. The parties may request that the Court hear live testimony at the hearing.

(4) <u>How the parties intend to educate the court on the technology at issue</u>

The parties propose providing the Court with a tutorial regarding the technology at issue prior to the claim construction hearing.

DATED: May 14, 2014                    QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By /s/ John M. Neukom
                                           John M. Neukom (Bar No. 275887)
                                           johnneukom@quinnemanuel.com
                                           50 California Street, 22nd Floor
                                           San Francisco, California  94111-4788
                                           Telephone:    (415) 875-6600
                                           Facsimile:    (415) 875-6700

                                           Attorneys for Plaintiff FORTINET, INC.


DATED: May 14, 2014                    DLA PIPER LLP (US)


                                       By /s/ Sean C. Cunningham
                                           SEAN C. CUNNINGHAM, Bar No. 174931
                                           sean.cunningham@dlapiper.com
                                           401 B Street, Suite 1700
                                           San Diego, CA 92101-4297
                                           Telephone: 619.699.2700
                                           Facsimile: 619.699.2701

                                           Attorneys for Defendant and Counterclaim
                                           Plaintiff SOPHOS INC. and Counterclaim
                                           Plaintiff SOPHOS LTD.


## SIGNATURE ATTESTATION

Pursuant to Local Rule 5.1(i)(3), I attest under penalty of perjury that concurrence in the filing

of this document has been obtained from Sean C. Cunningham.


                                       /s/ John M. Neukom

                                       John M. Neukom

## CASE MANAGEMENT ORDER

The above AMENDED JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case and the parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

_____

Hon. Edward M. Chen

United States District Judge

04880.00001/5904235.2

**Appendix A:**
**Proposed Case Schedule**

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| Initial Disclosures | Rule 26(a)(1) | April 17, 2014 |
| Initial Case Management Conference | Dkt. No. 54 | May 13, 2014 |
| Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | Pat. L.R. 3-1, 3-2<br><br>Not later than 14 days after the Initial Case Management Conference | May 15, 2014 |
| ESI Stipulation | | May 15, 2014 |
| Stipulated Protective Order | | May 15, 2014 |
| Last day to join parties or amend the pleadings without leave of Court | | July 1, 2014 |
| Invalidity Contentions; Document Production Accompanying Invalidity Contentions | Pat. L.R. 3-3, 3-4<br><br>Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" | July 3, 2014 |
| Exchange of Proposed Terms for Construction | Pat. L.R. 4-1<br><br>Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3 | July 17, 2014 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Pat. L.R. 4-2<br><br>Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 | August 7, 2014 |
| Patent owner shall serve a Preliminary Election of Asserted Claims, which shall assert no more than 10 claims per patent | Stipulation Regarding Narrowing<br><br>Not later than 40 days after completion of Patent Local Rule 3-4 | August 12, 2014 |

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| Accused infringer shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than 16 prior art references against each patent | Stipulation Regarding Narrowing<br><br>Not later than 14 days after service of the Preliminary Election of Asserted Claims | August 26, 2014 |
| The parties must participate in a mediation session | Dkt. No. 50, May 15, 2014 Case Management Hearing | September 2, 2014 |
| Joint Claim Construction and Prehearing Statement. | Pat. L.R. 4-3<br><br>Not later than 60 days after service of the "Invalidity Contentions" | September 3, 2014 |
| Case Management Conference | May 15, 2014 Case Management Hearing | October 2, 2014 at 10:30 a.m. |
| Completion of Claim Construction Discovery (including depositions of experts who submitted declarations in support of claim construction positions) | Pat. L.R. 4-4<br><br>Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement | October 3, 2014 |
| Claim Construction Briefs – opening brief | Pat. L.R. 4-5(a)<br><br>Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement | October 21, 2014 |
| Claim Construction Briefs – responsive brief | Pat. L.R. 4-5(b)<br><br>Not later than 14 days after service of an opening brief | November 4, 2014 |
| Claim Construction Briefs – reply brief | Pat. L.R. 4-5(c)<br><br>Not later than 7 days after service of a responsive brief | November 11, 2014 |
| Claim Construction Technology Tutorial | May 15, 2014 Case Management Hearing | November 24, 2014 at 10 a.m. |
| Claim Construction Hearing | May 15, 2014 Case Management Hearing | December 8 and 9, 2014, at 2:30 p.m. |

| Event | Applicable rule or order | Ordered or Agreed Date/Deadline |
|---|---|---|
| The patent owner shall serve a Final Election of Asserted Claims, which shall identify no more than 5 asserted claims per patent from among the 10 previously identified claims. | Stipulation Regarding Narrowing<br><br>Not later than 28 days after the Court issues its Claim Construction Order | TBA |
| The accused infringer shall serve a Final Election of Asserted Prior Art, which shall identify no more than 8 asserted prior art references per patent from among the 16 prior art references previously identified for that particular patent | Stipulation Regarding Narrowing<br><br>Not later than 14 days after service of a Final Election of Asserted Claims | TBA |
| Close of fact discovery | | TBA |
| Opening expert reports | | TBA |
| Rebuttal expert reports | | TBA |
| Close of expert discovery | | TBA |
| Opening summary judgment briefs | | TBA |
| Final Pretrial Conference | | TBA |
| Trial | | TBA |