JOHN M. NEUKOM (CA Bar No. 275887)
johnneukom@quinnemanuel.com
ANDREW M. HOLMES (CA Bar No. 260475)
drewholmes@quinnemanuel.com
ALICIA VEGLIA (CA Bar No. 291070)
aliciaveglia@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

Attorneys for Plaintiff FORTINET, INC.

SEAN C. CUNNINGHAM, Bar No. 174931
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO, Bar No. 211187
kathryn.riley@dlapiper.com
RYAN W. COBB, Bar No. 277608
ryan.cobb@dlapiper.com
DAVID R. KNUDSON Bar No. 265461
david.knudson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: 619.699.2700
Facsimile: 619.699.2701

TODD S. PATTERSON, *pro hac vice*
todd.patterson@dlapiper.com
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, Texas 78701-3799
Telephone: 512.457.7000
Facsimile: 512.457.7001

Attorneys for Defendant and Counterclaim Plaintiff SOPHOS INC., and Counterclaim Plaintiff SOPHOS LTD.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FORTINET, INC., a corporation<br><br>    Plaintiff,<br> vs.<br><br>SOPHOS, INC., a corporation, MICHAEL VALENTINE, an individual, and JASON CLARK, an individual.<br><br>    Defendants.<br><br>SOPHOS INC. and SOPHOS LTD., corporations,<br><br>    Counterclaim Plaintiffs,<br> vs.<br><br>FORTINET, INC., a corporation,<br><br>    Counterclaim Defendant. | Case No. 3:13-cv-05831-EMC<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Judge: Honorable Edward M. Chen |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

1      9. Email production requests shall identify the custodian, search terms, and time frame.
2 The parties shall cooperate to identify the proper custodians, proper search terms and proper
3 timeframe as set forth in the Guidelines.
4      10. The parties can request email production from a total of fifteen custodians per
5 producing party. The parties may jointly agree to modify this limit without the Court's leave.
6 The Court shall consider contested requests for additional custodians, upon showing a distinct
7 need based on the size, complexity, and issues of this specific case. Cost-shifting may be
8 considered as part of any such request.
9      11. For each custodian, the parties may request eleven search terms comprising (i) the
10 opposing party's name (e.g., Fortinet, Sophos) plus, (ii) ten additional search terms. The parties
11 may jointly agree to modify this limit without the Court's leave.  The Court shall consider
12 contested requests for additional search terms per custodian, upon showing a distinct need based
13 on the size, complexity, and issues of this specific case. The Court encourages the parties to
14 confer on a process to test the efficacy of the search terms. The search terms shall be narrowly
15 tailored to particular issues. Indiscriminate terms, such as the producing company's name or its
16 product name, are inappropriate unless combined with narrowing search criteria that sufficiently
17 reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*,
18 "computer" and "system") narrows the search and shall count as a single search term. A
19 disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens
20 the search, and thus each word or phrase shall count as a separate search term unless they are
21 variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is
22 encouraged to limit the production and shall be considered when determining whether to shift
23 costs for disproportionate discovery. Should a party serve email production requests with search
24 terms beyond the limits agreed to by the parties or granted by the Court pursuant to this
25 paragraph, this shall be considered in determining whether any party shall bear all reasonable
26 costs caused by such additional discovery.

27
28

12. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

DATED: May 15, 2014               QUINN EMANUEL URQUHART & SULLIVAN, LLP


                                  By /s/ John M. Neukom
                                      John M. Neukom (Bar No. 275887)
                                      johnneukom@quinnemanuel.com
                                      50 California Street, 22nd Floor
                                      San Francisco, California  94111-4788
                                      Telephone:     (415) 875-6600
                                      Facsimile:     (415) 875-6700

                                      Attorneys for Plaintiff FORTINET, INC.

DATED: May 15, 2014               DLA PIPER LLP (US)


                                  By /s/ Sean C. Cunningham
                                      SEAN C. CUNNINGHAM, Bar No. 174931
                                      sean.cunningham@dlapiper.com
                                      401 B Street, Suite 1700
                                      San Diego, CA 92101-4297
                                      Telephone: 619.699.2700
                                      Facsimile: 619.699.2701

                                      Attorneys for Defendant and Counterclaim
                                      Plaintiff SOPHOS INC. and Counterclaim
                                      Plaintiff SOPHOS LTD.


**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5.1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Sean C. Cunningham.

                                      /s/ John M. Neukom

                                      John M. Neukom

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _5/16/14_ _____

GRANTED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA