1    JOHN M. NEUKOM (SBN 275887)                SEAN C. CUNNINGHAM (SBN 174931)
     johnneukom@quinnemanuel.com                sean.cunningham@dlapiper.com
2    JORDAN R. JAFFE (SBN 254886)               KATHRYN RILEY GRASSO (SBN 211187)
     jordanjaffe@quinnemanuel.com               kathryn.riley@dlapiper.com
3    ANDREW M. HOLMES (SBN 260475)              RYAN W. COBB (SBN 277608)
     drewholmes@quinnemanuel.com                ryan.cobb@dlapiper.com
4    ALICIA VEGLIA (SBN 291070)                 DAVID R. KNUDSON (SBN 265461)
     aliciaveglia@quinnemanuel.com              david.knudson@dlapiper.com
5    KRISTEN LOVIN (CA Bar No. 293688)          DLA PIPER LLP (US)
     kristenlovin@quinnemanuel.com              401 B Street, Suite 1700
6    QUINN EMANUEL URQUHART &                   San Diego, CA 92101-4297
     SULLIVAN, LLP                              Telephone: 619.699.2700
7    50 California Street, 22nd Floor           Facsimile: 619.699.2701
     San Francisco, California 94111
8    Telephone:  (415) 875-6600
     Facsimile:  (415) 875-6700                 TODD S. PATTERSON (*pro hac vice*)
9                                               todd.patterson@dlapiper.com
     Attorneys for Plaintiff FORTINET, INC.     DLA PIPER LLP (US)
10                                              401 Congress Avenue, Suite 2500
                                                Austin, Texas 78701-3799
11                                              Telephone: 512.457.7000
                                                Facsimile: 512.457.7001
12
                                                Attorneys for Defendant and Counterclaim
13                                              Plaintiff SOPHOS INC. and Counterclaim
                                                Plaintiff SOPHOS LTD.

14

15                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
16                       **SAN FRANCISCO DIVISION**

17   FORTINET, INC., a corporation              Case No. 3:13-cv-05831-EMC

18                    Plaintiff,
            vs.                                  **AMENDED JOINT CASE**
19                                               **MANAGEMENT STATEMENT**
     SOPHOS, INC., a corporation, MICHAEL
20   VALENTINE, an individual, and JASON
     CLARK, an individual.                       Judge: Honorable Edward M. Chen
21                                               Date: March 26, 2015
                      Defendants.                Time: 10:30 a.m.
22   ─────────────────────────────              Courtroom: 5

23   SOPHOS INC. and SOPHOS LTD.,
     corporations,
24
                     Counterclaim Plaintiffs,
25          vs.

26   FORTINET, INC., a corporation,

27                   Counterclaim Defendant.
     ─────────────────────────────
28

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Clerk's Notice of March 3, 2015, the parties to the above-titled action, Fortinet, Inc. ("Fortinet"), and Sophos Inc. and Sophos Ltd. (collectively, "Sophos"), jointly submit this Amended Case Management Statement.

### 1. Jurisdiction and Service

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq*. The Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a). Fortinet contends this Court has supplemental jurisdiction over Fortinet's state law claims against Sophos pursuant to 28 U.S.C. § 1367 because the federal and state claims alleged herein are so related that they form part of the same case or controversy. Sophos denies this Court has supplemental jurisdiction over Fortinet's state claims, because those claims are unrelated to its claims for patent infringement and do not form part of the same case or controversy.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). No issues exist regarding personal jurisdiction, venue or service.

### 2. Facts

Fortinet filed its complaint in this action on December 16, 2013 (Dkt. No. 1), and its First Amended Complaint ("FAC") on January 9, 2014 (Dkt. No. 9). Fortinet alleges that Sophos directly infringes U.S. Patent Nos. 7,698,744, 8,069,487, 8,195,938, 7,333,430, 7,376,125, and 7,609,625 (collectively, the "Fortinet Asserted Patents") by making, using, selling, offering for sale and/or importing technologies in connection with Sophos' Anti-Virus software, including but not limited to Sophos Enduser Protection Suites, Sophos Endpoint Security and Control, Sophos Endpoint Anti-Virus, Sophos Cloud, and other Sophos products, and the Sophos Unified Threat Management (UTM) suite of appliances running Sophos' UTM operating system ("OS"). Fortinet additionally alleges that Sophos induces and contributes to the infringement of the Fortinet Asserted Patents. Fortinet seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

Fortinet also alleges several non-patent claims against Sophos for Intentional Interference with Contract, Trade Secret Misappropriation, Civil Conspiracy, Aiding and Abetting Breach of Fiduciary Duty, and Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.  Fortinet alleges that these claims arise out of Sophos's campaign to unlawfully poach several of Fortinet's employees by inducing them to breach their contractual and fiduciary duties to Fortinet and to misappropriate Fortinet's trade secrets and confidential information in the process of doing so.  Fortinet seeks damages and injunctive relief, as well as attorneys' fees, costs, punitive damages, and disgorgement of profits from unjust enrichment for these claims.

Fortinet also asserted claims against individual defendants Michael Valentine ("Valentine") and Jason Clark ("Clark") for Breach of Contract, Intentional Interference with Contract, Breach of Duty of Good Faith and Fair Dealing, Civil Conspiracy and Breach of Fiduciary Duty, arising out of their solicitation of Fortinet employees both during and after their employment at Fortinet.

Sophos filed its Answer to Fortinet's FAC on January 24, 2014 (Dkt No. 15), denying Fortinet's allegations of direct, induced, and contributory infringement of the Fortinet Asserted Patents.  Sophos also denies all allegations of the non-patent claims alleged by Fortinet, including Intentional Interference with Contract, Trade Secret Misappropriation, Civil Conspiracy, Aiding and Abetting Breach of Fiduciary Duty, and Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.  Sophos also asserts affirmative defenses of failure to state a claim, invalidity, prosecution history estoppel, failure to demonstrate irreparable harm, 35 U.S.C. § 286, 35 U.S.C. § 287, 28 U.S.C. § 1498, unclean hands, breach of contract, arbitration, no anti-competitive conduct, failure to mitigate damages, public policy, doctrine of economic loss, contract misinterpretation, and a reservation of affirmative defenses.  Sophos Inc., together with Sophos Ltd. also assert counterclaims alleging that Fortinet directly infringes U.S. Patent Nos. 6,195,587; 7,757,002; 8,090,852; 8,220,050; 8,261,344; 8,266,687; and 8,607,347 (collectively, the "Sophos Asserted Patents") by making, using, selling, offering for sale and/or importing technologies in connection with Fortinet's FortiGate Network Security Appliances and Virtual Appliances; FortiOS; FortiGuard; FortiClient Endpoint Security Management products; FortiWeb; and FortiCache filtering and appliance products.  Sophos

AMENDED JOINT CASE MANAGEMENT STATEMENT

Case No.: 3:13-cv-05831-EMC

additionally alleges that Fortinet has induced and contributed to the infringement of each of the Sophos Asserted Patents.  Sophos seeks damages, injunctive relief, and findings that it does not infringe the Fortinet Asserted Patents, and that the Fortinet Asserted Patents are invalid.

Defendant Clark filed a Motion to Dismiss for lack of personal jurisdiction on February 4, 2014 (Dkt. No. 22), and briefing was completed by February 25, 2014 (Dkt. Nos. 31, 35).  On February 5, 2014, Defendant Valentine filed a Motion to Compel Arbitration of the claims against him and a Motion to Stay the remaining non-patent claims, which Sophos joined (Dkt. No. 24), and the parties completed briefing on February 26 (Dkt. Nos. 33, 37).  Both motions were scheduled for a hearing on March 27, 2014 by stipulation of the parties (Dkt No. 38).

Fortinet filed its answer to Sophos's counterclaims on February 18, 2014 (Dkt. No. 30), denying Sophos's allegations of direct, induced, and contributory infringement of the Sophos Asserted Patents.  Fortinet also asserts affirmative defenses of failure to state a claim, non-infringement, invalidity, prosecution history estoppel and disclaimer, laches, estoppel, waiver, lack of notice, government sales, no right to injunctive relief, limitation on damages, failure to mitigate, actions of others, and a reservation of affirmative defenses. Fortinet asserts counterclaims against Sophos for a judgment declaring each of the Sophos Asserted Patents invalid and a judgment declaring that Fortinet has not infringed any of the Sophos Asserted Patents.

On March 13, 2014, Sophos filed its answer to Fortinet's counterclaims (Dkt. No. 41), denying Fortinet's invalidity and non-infringement counterclaims.

Prior to the scheduled hearing on the Motions filed by Clark and Valentine, Fortinet agreed to pursue its claims against both Valentine and Clark in arbitration.  After the hearing on March 27, 2014, the Court entered a minute order ruling that Defendant Clark's Motion to Dismiss for lack of Personal Jurisdiction is denied as moot without prejudice, Defendant's Motion to Compel Arbitration is granted as to Valentine and Clark pursuant to stipulation of the parties, and Defendant Sophos's motion to stay non-patent related claims is denied. (Dkt. No. 45).

Fortinet's arbitration against Valentine and Clark has been consolidated into a single proceeding before Judge Komar at JAMS in San Jose, CA. That arbitration hearing took place from

November 10-17, 2014 in San Jose, CA.  The parties provided the arbitrator post-hearing briefing on November 24, 2014.  On December 12, 2014, the Arbitrator issued an interim arbitration award.  A final arbitration award was issued on February 26, 2015 and a corrected final award was issued on February 27, 2015.  The parties submitted letters regarding the final arbitration award on March 6, 2015, which sought corrections of the award.  A final corrected arbitration award and order was issued on March 10, 2015.

This Court held the initial Case Management Conference on May 13, 2014 (Dkt. No. 62). Fortinet filed an Amended Case Management Statement consistent with the minute order from the Conference, including Appendix A attached thereto, on May 14, 2014 (Dkt. No. 59).

On July 1, 2014, Sophos filed an amended Answer to Fortinet's FAC, alleging that Fortinet's '487 and '938 patents are unenforceable due to inequitable conduct.  Fortinet filed a motion to dismiss Sophos' counterclaims and affirmative defense directed toward inequitable conduct on July 15, 2014, and briefing was completed on August 5, 2014.  A hearing was scheduled for this Motion on October 9, 2014 at 1:30 p.m.  Sophos informed Fortinet on September 26, 2014 that it will be dropping its inequitable conduct claims. The parties filed a joint stipulation to that effect (Dkt. No. 89), and Sophos filed an amended answer removing its counterclaims and affirmative defense directed at inequitable conduct (Dkt. No. 90).

The parties filed opening claim construction briefs on October 21, 2014.  (Dkt. Nos. 91, 93). The briefing was completed on November 11, 2014.  (Dkt. Nos. 98, 100).  On December 15, 2014, this Court held a claim construction hearing.  (Dkt. No. 109).  The Court issued a claim construction order on February 27, 2015.  (Dkt. No. 118).

On Dec. 16, 2014, the Court issued a Case Management and Pretrial Order for Jury Trial. (Dkt. No. 110).

The parties have engaged in written discovery and depositions with respect to both the patent and state law claims and discovery continues.

On January 23, 2015, Fortinet filed petitions for *inter partes review* with the Patent and Trademark Office for three of Sophos' asserted patents: U.S. Patent Nos. 8,607,347, 6,195,587 and

8,261,344.  On February 18, 2015, the Patent Trial and Appeal Board issued a notice according the petitioner Fortinet with its filing date and providing a preliminary response date to the petitions for Sophos of May 18, 2015.

### 3.    Legal Issues

The principal disputed legal issues are:

- The proper construction of any disputed claim terms;

- Whether Sophos infringes any or all of the Fortinet Asserted Patents, either directly or indirectly;

- Whether Fortinet infringes any or all of the Sophos Asserted Patents, either directly or indirectly;

- Whether the Fortinet Asserted Patents are invalid (35 U.S.C. §§ 101, 102, 103, 112);

- Whether the Sophos Asserted Patents are invalid (35 U.S.C. §§ 101, 102, 103, 112);

- Whether Fortinet's claims are barred, in whole or in part, by any defense raised by Sophos;

- Whether Sophos's claims are barred, in whole or in part, by any defense raised by Fortinet;

- Whether Fortinet is entitled to damages as a result of the alleged infringement of any or all of the Fortinet Asserted Patents, and if so, the amount (35 U.S.C. § 284);

- Whether Sophos is entitled to damages as a result of the alleged infringement of any or all of the Sophos Asserted Patents, and if so, the amount (35 U.S.C. § 284);

- Whether Fortinet is entitled to injunctive relief to prevent alleged irreparable harm from further acts of (i) interference with Fortinet's contracts, (ii) trade secret misappropriation, (iii) patent infringement, contributory patent infringement, and/or inducement of patent infringement of the Fortinet Asserted Patents (35 U.S.C. § 283), and (iv) unfair competition;

- Whether Sophos is entitled to injunctive relief to prevent alleged irreparable harm as a result of the alleged continuing infringement of any or all of the Sophos Asserted Patents (35 U.S.C. § 283);

- Whether this case is exceptional (35 U.S.C. § 285);

- Whether Sophos has engaged in Intentional Interference with Contract, and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Sophos has engaged in Trade Secret Misappropriation, and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Fortinet is entitled to enhanced damages for the willful and malicious conduct of Sophos in misappropriating Fortinet's trade secrets, and if so, the amount;

- Whether Sophos has engaged in Civil Conspiracy, and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Sophos has engaged in Aiding and Abetting Breach of Fiduciary Duty, and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Sophos has engaged in Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq., and if so, whether Fortinet is entitled to damages as a result and, if so, the amount;

- Whether Fortinet is entitled to an award of attorneys' fees and costs pursuant to Cal. Civil Code Section 3426.4;

- Whether Fortinet is entitled to an award of punitive damages; and

- Whether Fortinet is entitled to an award of other relief including but not limited to disgorgement of any amounts by which Sophos has been unjustly enriched as a result of its wrongful conduct.

The parties reserve the right to raise additional factual or legal issues that may arise through the course of this action.

### 4.        Motions and/or Pending Matters

(a)        Prior Motions

Defendant Clark filed a Motion to Dismiss for lack of personal jurisdiction on February 4, 2014 (Dkt. No. 22), and briefing was completed by February 25, 2014 (Dkt. Nos. 31, 35).  At the hearing on March 27, 2014, the Court denied Clark's Motion as moot without prejudice.  (Dkt. No. 45).

On February 5, 2014, Defendant Valentine filed a Motion to Compel Arbitration of the claims against him and a Motion to Stay the remaining non-patent claims, which Sophos joined (Dkt. No. 24), and the parties completed briefing on February 26 (Dkt. Nos. 33, 37).  At the hearing on March 27, 2014, the Court granted the Motion to Compel Arbitration as to Valentine and Clark pursuant to stipulation of the parties, and denied Sophos' motion to stay non-patent related claims.  (Dkt. No. 45)

Fortinet filed a motion to dismiss Sophos' counterclaims and affirmative defense directed toward inequitable conduct on July 15, 2014 (Dkt. No. 72), and briefing was completed on August 5, 2014 (Dkt. Nos. 76, 77).  A hearing was scheduled for this Motion on October 9, 2014 at 1:30 p.m. Sophos informed Fortinet on September 26, 2014 that it will be dropping its inequitable conduct claims.  The parties filed a joint stipulation to that effect (Dkt. 89), and Sophos filed an amended answer removing its counterclaims and affirmative defense directed at inequitable conduct (Dkt. 90).

        (b)    Pending Motions

There are no motions currently pending before the Court.

        (c)    Anticipated Motions

Fortinet and Sophos anticipate moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

**5.    Amendment of Pleadings, Addition of Parties, Etc.**

The parties agreed that the deadline for joining parties and amending the pleadings without leave of Court was July 1, 2014.  Sophos filed an Amended Answer on July 1, 2014 (Dkt. No. 71), adding counterclaims and an affirmative defense alleging that Fortinet's '487 and '938 patents are unenforceable due to inequitable conduct.  As explained above, Sophos is no longer pursuing these claims and the parties have entered a joint stipulation to that effect.  (Dkt. 89.)  Sophos filed an amended Answer removing those allegations.  (Dkt. 90.)

The parties agree that they may amend the pleadings upon a showing of good cause after this deadline has passed.

**6.    Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of

Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

**7.      Initial Disclosures**

The parties exchanged initial disclosures pursuant to Rule 26(a) on April 17, 2014. On February 18, 2015, Sophos served amended initial disclosures.

**8.      Discovery**

The parties met and conferred pursuant to Rule 26(f) on April 3, 2014. The parties have engaged in written discovery, document production, and depositions thus far, and anticipate this discovery to continue until the close of discovery. The parties have engaged in limited expert discovery thus far, and expect expert discovery to continue until the close of expert discovery.

Fortinet filed an Amended Joint Case Management Statement on May 14, 2014 (Dkt. No. 59), setting for the parties' agreed discovery procedures outlined below and the agreed upon deadlines applicable to this case in Appendix A thereto.

After a Case Management Conference and in view of further Amended Joint Case Management Statement filed on Dec. 10, 2014 (Dkt. No. 108), the Court issued a Case Management Order on Dec. 16, 2014, including regarding remaining discovery deadlines. (Dkt. No. 110).

>       (a)      Changes to the timing, form, or requirement for disclosures under Rule 26(a),
>                including a statement of when initial disclosures were made or will be made.

The parties exchanged initial disclosures pursuant to Rule 26(a) on April 17, 2014. The Court entered its Case Management Order regarding disclosures under Rule 26(a) in Dkt. No. 110. Sophos served a First Amended Initial Disclosures on February 18, 2015, and then a Second Amended Initial Disclosures on March 2, 2015.

(b)     Subjects on which discovery may be needed, when discovery should be
completed, and whether discovery should be conducted in phases or be limited
to or focused on particular issues.

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters.   The Court entered its Case Management Order regarding discovery deadlines in Dkt. No. 110.

(c)     Any issues about disclosure or discovery of electronically stored information,
including the form or forms in which it should be produced.

The parties discussed discovery of ESI during their Rule 26(f) conference and filed a Stipulated Order Regarding Discovery of ESI on May 15, 2014 (Dkt. No. 61), which the Court entered on May 16, 2014 (Dkt. No. 64).

With respect to production format, the parties agree that documents will be produced in single-page TIFF format with full-text extraction and Concordance load files.  If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide the associated text file.  All text files should be produced as document level text files with a path to the text file included in the Concordance load file; extracted text/OCR should not be embedded in the load file itself.  To the extent a receiving party identifies documents for which data manipulation or other analysis may be necessary and that is not practicable or possible with the TIFF image format, the parties agree to meet and confer in good faith to coordinate possible supplemental production of the native version of such documents.  Additionally, in the event that production of a document in TIFF image file format would be impracticable, the producing party shall have the option of producing such document in native format.

Further agreement regarding discovery of ESI is addressed in the parties' Stipulated Order Regarding Discovery of ESI (Dkt. No. 64).

(d)     Any issues about claims of privilege or of protection as trial-preparation
materials, including — if the parties agree on a procedure to assert these claims

1         after production — whether to ask the court to include their agreement in an

2         order.

3         The parties agree that neither party will produce nor list on any privilege log any item

4 protected by any privilege, immunity, or protection that occurred or was/is created on or after the

5 filing date of this litigation. Subject to the foregoing, the parties agree that issues of privilege or work

6 product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of

7 Evidence 502 and in the protective order and/or Stipulated Order Regarding Discovery of ESI entered

8 in this action (Dkt. Nos. 63, 64).

9         (e)     Changes that should be made in the limitations on discovery imposed under

10         these rules or by local rule, and what other limitations should be imposed.

11         The parties' included joint discovery proposals in their Amended Joint Case Management

12 Statement (Dkt. No. 108). These proposals were adopted by the Court in its Case Management Order.

13 (Dkt. No. 110). These proposals, as adopted by the Court, are reiterated below for ease of reference.

14         To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree

15 that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure and Local

16 Rules of this Court. If a party requests discovery that exceeds any of the limitations set forth below,

17 the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention

18 of the Court. If the parties are unable to reach agreement, a party may seek leave from the Court for

19 the additional discovery.

20         (i)     Requests for Production of Documents and Things

21         The parties agree that there shall be no limit on the number of requests for production of

22 documents and things.

23         (ii)     Interrogatories

24         The parties agree that each side may serve up to 25 interrogatories.

25         (iii)     Request for Admissions

26         The parties agree that each side may serve up to 20 requests for admission. Requests for

27 admission related to the authentication of documents are exempt from this limitation.

28

1

(iv)     Depositions

2

***Fact Depositions:***

3

The parties agree that each party will be limited to fact depositions totaling one hundred (100)

4

hours.

5

The parties agree that expert depositions will not count toward the fact deposition limits set

6

forth above.  The parties agree that Rule 30(b)(1) depositions are limited to 7 hours of deposition time.

7

While the 7 hour per witness limit does not apply to Rule 30(b)(6) witnesses, each deposition day will

8

be limited to 7 hours.   Individual depositions requiring an interpreter are limited to 14 hours of

9

deposition time and will be conducted on two consecutive days.   Individual and Rule 30(b)(6)

10

depositions requiring an interpreter count as half time against the deposition limit.

11

The parties agree that there is no limit on the number of topics for Rule 30(b)(6) depositions.

12

The parties agree that there is no requirement to separately transcribe a deposition of an individual

13

who also testifies pursuant to Rule 30(b)(6).

14

***Expert Depositions:***

15

The parties agree that an expert witness may be deposed for up to 7 hours for each issue (e.g.,

16

infringement, invalidity) on which that expert has provided an opinion.  Thus, if an expert provides an

17

opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be

18

deposed for up to 7 hours regarding infringement and for up to 7 hours regarding invalidity, for a

19

maximum total of 14 hours of deposition time.  The parties agree to meet and confer in good faith

20

regarding whether additional deposition time is necessary to address the issues that remain in the case

21

at the time set for expert depositions in this action.

22

(f)     Protective Order

23

The parties filed a proposed stipulated protective order on May 15, 2014 (Dkt. No. 60), which

24

was entered by this Court on May 16, 2014 (Dkt. No. 63).

25

(g)     Discovery from Experts

26

The parties agree that the Federal Rules of Civil Procedure (e.g., Rule 26(b)(4)) and the Local

27

Rules of this Court govern discovery from experts in this case.

28

AMENDED JOINT CASE MANAGEMENT STATEMENT

Case No.: 3:13-cv-05831-EMC

(h)    Service

The parties agree that service via email constitutes personal service pursuant to Rule 5(b)(2)(E).  Documents served on a party shall be emailed to all attorneys of record for that party.

### Fortinet's March 2015 Statement Concerning Deposition Limits

Pursuant to the default rules of the Federal Rules of Civil Procedure, the parties early in the case agreed that each witness be deposed once without leave of court.  *See* Dkt. No. 55, at 8.  After Sophos filed a Motion to Compel Arbitration for Messrs. Valentine and Clark, the parties agreed to proceed with that arbitration, separate from this district court case. *See* Dkt. No. 45.  As both proceedings continued, Fortinet requested depositions of witnesses for the arbitration proceedings, but Sophos objected to such depositions, because, *inter alia*, Sophos was objecting to the sufficiency of Fortinet's trade secret disclosures in this district court action.  Things came to a head when the arbitration hearing date neared, and Sophos had not yet provided key witnesses for the arbitration up for deposition.

To navigate around this issue, the parties agreed to go forward with depositions for purposes of the arbitration claims, and that the prior agreement that each witness could be deposed only once as between the arbitration versus this action would not apply.  Fortinet then proceeded to take approximately two dozen depositions for purposes of its arbitration claims.  The arbitration proceeded to a hearing in November 2014 and a final corrected arbitration award and order was issued on March 10, 2015.

Subsequent to the arbitration proceedings, Sophos now argues that those depositions count against the 100-hour limit for purposes of the district court case, even though they were submitted to the Arbitrator, who considered and cited them in the award.  Similarly, as part of the arbitration proceedings, Fortinet recovered its costs from Sophos for these exact depositions. Sophos' new position is not consistent with the parties' agreement, nor is it consistent with common sense.

Fortinet maintains that pursuant to the parties' understanding, that the depositions taken for purposes of the arbitration—for which Sophos has already paid Fortinet's costs—should not count

against the 100 hour deposition limit in this Court's CMC order.  Sophos' newfound stance appears to be an attempt to deny Fortinet proper discovery concerning Fortinet's claims in this Court.

Finally, one note in response to an incorrect statement made by Sophos below.  Sophos raised its new position concerning deposition hours on Friday, March 13, 2015.  Fortinet immediately responded to that correspondence (in less than 20 minutes' time), accepting Sophos' offer of a meet and confer and proposing times to conduct a meet and confer on two separate days.  Those offers and Fortinet's response went unanswered by Sophos.  Sophos' assertion that Fortinet "ignored" any letter or offer to meet and confer is contrary to the facts, and in fact the opposite of what occurred.

### Sophos' March 2015 Statement Concerning Deposition Limits

Sophos objects to this section's last-minute inclusion in this joint Case Management Statement.  Fortinet is the plaintiff and has the responsibility for preparing the draft joint CMC statements.  The morning this statement was due (March 19, 2015) at 9:06 am, Sophos sent a reminder to Fortinet's counsel that this statement was due that day, and that Sophos would be expecting Fortinet's draft.  Although Fortinet's counsel initiated and responded to correspondence regarding several other issues throughout the day, it waited until 6:10 pm, after the close of business, to provide Sophos with its draft of this joint statement.  This section, "Statement Concerning Deposition Limits," is entirely new to the joint CMC statement, is a new position taken by Fortinet, and requires a substantive response from Sophos.  Fortinet's inclusion of this section after the close of business on the day this statement was due is prejudicial to Sophos, given that Sophos's counsel previously raised the issue of deposition limits on March 13, 2015 and asked for a meet and confer. Although Fortinet asserts it responded to that request, its response was misdirected and was never received by counsel for Sophos.  Nevertheless, Sophos responds to correct Fortinet's incorrect statement of the facts.

In April, 2014, the parties agreed to a 100-hour limit for fact witness depositions.  See Dkt. 55, ¶8(e)(iv).  After the claims against Mr. Valentine and Mr. Clark were ordered to arbitration, Fortinet sought to take the depositions of all of the former Fortinet employees who had left Fortinet for Sophos, for purposes of both its claims against Messrs. Valentine and Clark and its claims against Sophos in this Court, including misappropriation of trade secrets.  Ultimately, the parties agreed that the

depositions would commence, with each witness being deposed only once for both the arbitration claims and the claims in this Court.   On August 7, 2014, Fortinet confirmed its agreement and understanding of this in an email to Sophos's counsel, which states in relevant part:  "Second, the parties have agreed to modify this rule.  Namely, we have entered an agreement to only have one deposition of each person for both the Northern District and arbitration matters, meaning that we may depose as many fact witnesses as we reasonably choose, **so long as we do not exceed the agreed-upon 100 hour limit**."  (Emphasis added.)

Because Fortinet had not (and still has not) identified its trade secrets with particularity, as required by California Code of Civil Procedure §2019.210, Sophos refused to allow questions of the witnesses related to Fortinet's misappropriation of trade secrets claims.  Because of the rapidly-approaching arbitration hearing and to accommodate Fortinet's deposition requests, Sophos agreed that the former Fortinet employees could be deposed more than once if necessary.  However, the parties never agreed to extend the limit on deposition hours, and in fact, that topic was never discussed.

In fact, the Court has already ordered that the depositions taken in the arbitration will count towards the depositions taken in this matter.  *See* Transcript of March 27, 2014 hearing, p. 24, ll. 18-21 ("I'm also going to require that any discovery that is done in the context of arbitration with respect to the Clark and the Valentine arbitrations be cross-designated and fully used here, and that the parties are to avoid duplicate discovery.").

Fortinet was well aware of the 100-hour limit during the depositions that occurred between August and November 2014, and yet chose to take more than 80 hours of fact witness depositions during that time period.  Sophos, in comparison, took almost as many fact depositions yet limited its deposition time to a little over 20 hours.  Sophos, therefore, has plenty of time to complete its fact depositions.  But running short of hours, Fortinet has now manufactured a new position that the depositions purportedly taken for the arbitration should not count toward its hours limit.  That was never discussed or agreed to by the parties, nor was it something this Court ordered.  Therefore, the

1    Court should hold Fortinet to the agreement it made, and hold both sides to the previously-agreed 100-

2    hour limit for fact depositions.

3    **9.      Class Actions**

4    Not applicable.

5    **10.     Related Pending Cases**

6    On January 24, 2014, Sophos Inc. and Sophos Ltd. (collectively, "Sophos") filed a complaint

7    against Fortinet in the District of Delaware (Case No. 1:14-cv-00100-GMS), alleging direct, induced,

8    and contributory infringement of U.S. Patent Nos. 7,130,854; 7,159,125; and 8,479,267 (collectively,

9    the "Sophos Delaware Patents").  The accused Fortinet products are Fortinet's FortiManager Security

10   Management products.

11   On March 20, 2014, Fortinet filed its answer to Sophos's complaint, denying Sophos's

12   allegations of direct, induced, and contributory infringement of the Sophos Delaware Patents.  Fortinet

13   also asserts affirmative defenses of failure to state a claim, non-infringement, invalidity, prosecution

14   history estoppel and disclaimer, laches, estoppel, waiver, lack of notice, government sales, no right to

15   injunctive relief, limitation on damages, failure to mitigate, actions of others, lack of standing (against

16   Sophos, Inc. only), and a reservation of affirmative defenses.  Fortinet asserts counterclaims against

17   Sophos for a judgment declaring each of the Sophos Delaware Patents invalid, a judgment declaring

18   non-infringement of each of the Sophos Delaware Patents, and for direct, induced and contributory

19   infringement of U.S. Patent Nos. 7,606,225; 7,966,654; 7,979,543; 8,051,483; 8,205,251; 8,635,336;

20   and 8,656,479 (the "Fortinet Delaware Patents").  The accused products include Sophos' Unified

21   Threat Management (UTM) suite of appliances running Sophos's UTM operating system (OS) and

22   related products including but not limited to Sophos's Next-Gen Firewall, Secure VPN, Secure Wi-Fi,

23   Secure Web Gateway, Secure Email Gateway, Web Application Firewall, Sophos PureMessage,

24   Sophos Cloud, Mobile Control, and Server Security Products.

25   On April 11, 2014, Sophos filed its answer to Fortinet's counterclaims denying Fortinet's

26   declaratory judgment allegations that the Sophos Delaware Patents are invalid and noninfringed.

27   Sophos further denied Fortinet's allegations that the Fortinet Delaware Patents are infringed either

28

1   directly or indirectly.   Sophos also asserts affirmative defenses of failure to state a claim, non-

2   infringement, invalidity, prosecution history estoppel and disclaimer, laches, estoppel, waiver, lack of

3   notice, government sales, no right to injunctive relief, limitation on damages, failure to mitigate,

4   unclean hands, and a reservation of affirmative defenses.

5          The parties filed a Joint Status Report on July 11, 2014 and a scheduling teleconference was

6   held on July 16, 2014.  The court entered a scheduling order on July 24, 2014.  The parties have begun

7   discovery in this case, and exchanged their Preliminary Infringement Contentions on September 30,

8   2013.  The parties exchanged their invalidity contentions on Oct. 29, 2014, and made their preliminary

9   election of asserted claims on December 8, 2014 and made their a preliminary election of prior art on

10  December 22, 2014.  Both parties served their proposed terms and constructions on January 7, 2015, A

11  joint claim construction chart was filed on February 6, 2015.  On February 23, 2015, the parties filed

12  opening claim construction briefs.  On March 17, 2015, the parties filed a stipulation resolving all

13  remaining claim construction disputes and requesting the Court cancel the claim construction hearing.

14  The case is pending before the Honorable Gregory M. Sleet.

15         **11.    Relief**

16         Fortinet seeks entry of judgment finding that Sophos infringes the Patents-in-Suit, both directly

17  and indirectly, and that the Fortinet Asserted Patents are valid.  Fortinet also seeks injunctive relief and

18  monetary damages for Sophos's patent infringement, including damages based on a calculation of lost

19  profits or an amount no less than a reasonable royalty, as well as damages and injunctive from

20  Sophos's Intentional Interference with Contract, Trade Secret Misappropriation, Civil Conspiracy,

21  Aiding and Abetting Breach of Fiduciary Duty, and Unfair Competition in Violation of Cal. Bus. &

22  Prof. Code § 17200 et seq.  Fortinet further seeks a judgment that this case is exceptional and an award

23  of Fortinet's costs and reasonable attorneys' fees.  Fortinet also seeks an accounting of all sales and

24  revenues, together with pre-judgment and post-judgment interest.  Fortinet further seeks enhanced

25  damages for Sophos' willful and malicious conduct in misappropriating Fortinet's trade secrets,

26  punitive damages, and other relief including but not limited to disgorgement of profits from unjust

27  enrichment. Fortinet seeks any other relief available under applicable law.

28

04880.00001/6603877.2

AMENDED JOINT CASE MANAGEMENT STATEMENT

Case No.: 3:13-cv-05831-EMC

Sophos seeks entry of judgment finding that Fortinet infringes the Sophos Asserted Patents, both directly and indirectly, and that the Sophos Asserted Patents are valid.  Sophos also seeks injunctive relief and monetary damages for Fortinet's patent infringement, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty.  Sophos further seeks a judgment that this case is exceptional and an award of Sophos's costs and reasonable attorneys' fees.  Sophos also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest.  Sophos seeks any other relief available under applicable law.

### 12.   Settlement and ADR

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure.  The parties each filed their ADR certifications on April 3, 2014 (Dkt. Nos. 49, 51).  The parties agreed to mediation before a court-appointed mediator, to be completed sixty (60) days after service of the parties' invalidity contentions, as set forth in the parties' stipulation and proposed order filed on April 3, 2014 (Dkt. No. 50).  That mediation session took place on August 26, 2014 before Mediator Ian N. Feinberg.  A certification of the mediation session was filed by the Mediator on September 8, 2014 (Dkt. No. 81), indicating that the case did not settle and further facilitated discussions are not expected, and that this ADR process is complete.

This Court ordered the parties to participate in ADR through private mediation.  (Dkt. No. 110).

### 13.   Consent to Magistrate Judge

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14.   Other references

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15.   Narrowing of Issues

AMENDED JOINT CASE MANAGEMENT STATEMENT

Case No.: 3:13-cv-05831-EMC

The parties agree that a modified version of the Federal Circuit Advisory Committee Model Order Limiting Excess Patent Claims should be adopted in this case.  Specifically, the Parties agree to the following:

- Not later than 40 days after completion of Patent Local Rule 3-4, the patent owner shall serve a Preliminary Election of Asserted Claims, which shall assert no more than 10 claims per patent.  The parties served their Preliminary Elections of Asserted Claims on August 12, 2014;

- Not later than 14 days after service of the Preliminary Election of Asserted Claims, the accused infringer shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than 16 prior art references against each patent.  The parties served their Preliminary Elections of Asserted Prior Art on August 26, 2014;

- Not later than 28 days after the Court issues its Claim Construction Order, the patent owner shall serve a Final Election of Asserted Claims, which shall identify no more than 5 asserted claims per patent from among the 10 previously identified claims, which is due by March 27, 2015; and

- Not later than 14 days after service of a Final Election of Asserted Claims, the accused infringer shall serve a Final Election of Asserted Prior Art, which shall identify no more than 8 asserted prior art references per patent from among the 16 prior art references previously identified for that particular patent, which is due by April 10, 2015.

Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify the above limits on asserted claims and prior art references for good cause shown.  Any request to increase these limits must specifically show why the inclusion of additional asserted claims or prior art references is warranted.  *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1202, 1312–13 (Fed. Cir. 2011).  A failure to seek such a modification will constitute acquiescence to the above limits on asserted claims and prior art references.

**16.     Expedited Schedule**

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64 Attachment A.

**17.     Scheduling**

This Court set a schedule in the Case Management and Pretrial Order for Jury Trial entered on December 16, 2014. (Dkt. No. 110).

**18.     Trial**

Trial is set for twelve court days beginning on January 19, 2016 at 8:30 am. (Dkt. No. 110).

**19.     Disclosure of Non-party Interested Entities or Persons.**

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-16. (Dkt. No. 7 (Fortinet's certification); Dkt. No. 14 (Sophos' certification)).

Fortinet confirms that there is no parent corporation of Fortinet or publicly held corporation that is the beneficial owner of more than ten percent (10%) of Fortinet's common stock, and that no other entities have a financial interest in the subject matter in controversy or Fortinet, or a non-financial interest in that subject matter or Fortinet that could be substantially affected by the outcome of this proceeding.

Sophos Inc. confirms that it is a wholly owned subsidiary of Sophos Limited, a privately held company in the United Kingdom, and that no other entity owns more than ten percent (10%) of either company's stock.

**20.     Professional Conduct**

All attorneys of record for the parties in this action have reviewed the guidelines for Professional Conduct for the Northern District of California.

**21.     Other Matters**

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

(1)     Proposed modification of the obligations or deadlines set forth in the Patent Local Rules

The parties do not propose any modifications to the obligations set forth in the Patent Local

1  Rules at this time.

2      (2)    The scope and timing of any claim construction discovery including disclosure of and

3             discovery from any expert witness permitted by the court

4      Claim construction discovery and briefing is now complete.

5      (3)    The format of the Claim Construction Hearing, including whether the Court will hear live

6             testimony, the order of presentation, and the estimated length of the hearing

7      The Claim Construction Hearing took place on December 15, 2014.  (Dkt. No. 109).

8      (4)    How the parties intend to educate the court on the technology at issue

9      The parties provided the Court with a tutorial regarding the technology at issue on November

10  24, 2014.

11      (5)  The Parties' Briefing for Claim Construction

12      The parties proposed each serving opening briefs for the five claim terms elected by the parties

13  for their patents per Patent L.R. 4-5(a).   Fortinet filed an opening brief on October 21, 2014 to present

14  its arguments for the disputed terms of the '430 and '125 patents at pages 3-4 of the Joint Claim

15  Construction and Prehearing Statement.  Also on October 21, 2014, Sophos filed an opening brief to

16  present its arguments for the disputed terms of the '587, '852, '050, and '344  patents at page 3 of the

17  Joint Claim Construction and Prehearing Statement.   On November 4, 2014, each party filed its

18  responsive briefs followed by their reply briefs on November 11, 2014.

19

20

21

22

23

24

25

26

27

28

AMENDED JOINT CASE MANAGEMENT STATEMENT

Case No.: 3:13-cv-05831-EMC

1  DATED: March 19, 2015                 QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP
2

3                                         By /s/ John M. Neukom
                                             John M. Neukom (Bar No. 275887)
4                                            johnneukom@quinnemanuel.com
                                             50 California Street, 22nd Floor
5                                            San Francisco, California  94111-4788
                                             Telephone:     (415) 875-6600
6                                            Facsimile:     (415) 875-6700

7
                                             Attorneys for Plaintiff FORTINET, INC.
8

9  DATED: March 19, 2015                 DLA PIPER LLP (US)

10

11                                        By /s/ Sean C. Cunningham
                                             SEAN C. CUNNINGHAM, Bar No. 174931
12                                           sean.cunningham@dlapiper.com
                                             401 B Street, Suite 1700
13                                           San Diego, CA 92101-4297
                                             Telephone: 619.699.2700
14                                           Facsimile: 619.699.2701

15
                                             Attorneys for Defendant and Counterclaim
16                                           Plaintiff SOPHOS INC. and Counterclaim
                                             Plaintiff SOPHOS LTD.
17

18

19

20

21

22

23

24

25

26

27

28

04880.00001/6603877.2                          21
AMENDED JOINT CASE MANAGEMENT STATEMENT
                                                         Case No.: 3:13-cv-05831-EMC

## __SIGNATURE ATTESTATION__

Pursuant to Local Rule 5.1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from David Knudson.

*/s/ Jordan R. Jaffe*

Jordan R. Jaffe

AMENDED JOINT CASE MANAGEMENT STATEMENT

Case No.: 3:13-cv-05831-EMC