UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FORTINET, INC., a corporation<br><br>　　　　　Plaintiff,<br>　vs.<br><br>SOPHOS, INC., a corporation, MICHAEL VALENTINE, an individual, and JASON CLARK, an individual.<br><br>　　　　　Defendants.<br><br>SOPHOS INC. and SOPHOS LTD., corporations,<br><br>　　　　　Counterclaim Plaintiffs,<br>　vs.<br><br>FORTINET, INC., a corporation,<br><br>　　　　　Counterclaim Defendant. | Case No. 3:13-cv-05831-EMC-DMR<br><br>[~~PROPOSED~~] ORDER REGARDING FORTINET'S REQUESTS FOR INSPECTION |

**PURSUANT TO STIPULATION, the Court hereby orders that: [To Mirror the Stipulation]**

1) Sophos will provide by end of businesses (5:00 PM Pacific) on June 29, 2015 to Fortinet's vendor Stroz Friedberg's San Francisco office, all forensic images in possession from the Former Fortinet Employees[3] responsive to Fortinet's Requests for Inspection, including but not limited to "personal laptops," "Sophos laptops," smartphones and USB data transfer devices;

2) Sophos will provide by end of businesses (5:00 PM Pacific) on July 3, 2015 to Fortinet's vendor Stroz Friedberg's San Francisco office, all devices responsive to the Requests and not previously imaged by Sophos within the last six months;

---

[3] As defined by the Requests, the "Former Fortinet Employees" includes Michael Valentine, Kendra Krause, Robert Gattis, Craig Bradshaw, David DeHaven, Jason Clark, Christopher (Dean) Schroll, Jason Acosta, Benjamin Ellering, Ryan Archer, and Dolph Smith.

3) Sophos will provide an accounting of all devices in its possession responsive to the Requests, including all devices currently in Sophos or the Former Fortinet Employees' possession, any devices that are responsive to the Requests but that no longer exist and/or are now unavailable (including the circumstances why they are unavailable) and identifying any employee for which Sophos contends does not have a device responsive to the Requests. Sophos will provide this accounting by end of businesses (5:00 PM Pacific) on June 29, 2015;

4) Once in Stroz Friedberg's possession, Fortinet counsel will not review the devices from Sophos directly. Instead, Stroz Friedberg will run searches and other analyses of these devices, identifying relevant information. Fortinet counsel will be able to evaluate the results of these searches/analyses by file name and meta-data (but not the contents). Upon identification of files to Sophos counsel, Sophos counsel will have 10 days from receipt to either claim privilege on the material or produce them to Fortinet, where they will be able to be viewed entirely by Fortinet's counsel (subject to any designations by the Protective Order). Any claims of privilege are subject to the Federal Rules of Civil Procedure. Because of attorney-client privilege concerns, for the "Sophos laptops" only, Fortinet agreed to provide the search terms for which it uses to collect data from the devices. The parties agree that the devices/images will be kept securely within Stroz Friedberg's offices.

5) The parties will file a joint status report to update the Court on these inspections in 20 days, on July 15, 2015.

Dated: \_\_\_June 29_____, 2015  By: _____

HONORABLE DONNA M. RYU