UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FORTINET, INC.,

Plaintiff,

v.

SOPHOS, INC., et al.,

Defendants.

Case No. 13-cv-05831-EMC (DMR)

**SECOND ORDER RE: JOINT DISCOVERY LETTER**

Re: Dkt. No. 177

Before the court is a joint discovery letter filed by Plaintiff Fortinet, Inc. and Defendant Sophos, Inc. [Docket No. 177.] In the letter, Sophos moves, *inter alia*, to compel Fortinet to provide additional documents responsive to Sophos's Requests for Production of Documents ("RFP") and further deposition testimony on certain Rule 30(b)(6) topics:

**Rodney Mock documents.** Sophos claims that during his deposition, Rodney Mock identified "proof of concept" and "deal flow" documents that Fortinet has yet to produce. Fortinet's portion of the joint letter does not address these documents.

**Deposition of Rule 30(b)(6) witness James Bray.** Sophos contends that James Bray, Fortinet's Rule 30(b)(6) designee for financial topics, was not prepared to testify about all the topics for which he was designated because he could not (1) provide the dates of the first sale or offer for sale of any of the accused products, (2) provide more than a superficial explanation of the spreadsheets, and (3) answer "many financial-related questions." Fortinet disputes Sophos's characterization of Bray's testimony and notes that Sophos ended the deposition with no remarks about Bray's lack of preparedness and no attempt to hold the deposition open. Bray was deposed on the same day that the parties filed the joint letter.

**Documents about which Bray testified**. Sophos contends that Bray testified about certain reports and documents, but that none of those documents have been produced. Fortinet is willing to produce additional documents if Sophos appropriately tailors its requests, but notes that requests for reports containing "forecasts" and "budget information" and "expenses" are not meaningfully limited discovery demands to which Fortinet can respond.

**Emails for Michael Xie, Jeff Crawford, and Todd Nelson.**
Sophos contends that Fortinet has produced some but not all emails
from Fortinet employees Michael Xie, Jeff Crawford, and Todd
Nelson in response to Sophos's RFPs Nos. 110-116. Each of these
RFPs requires Fortinet to run specific search terms in the documents
of Xie, Crawford, or Nelson. Fortinet responds that some of
Sophos's search terms are unduly burdensome, e.g., because a
search for [Forti! and change!] returns 19,000 emails from one
custodian, and also argues that one RFP asks Fortinet's in-house
counsel for communications with outside counsel; however, none of
the RFPs attached as an exhibit to the letter include the search terms
[Forti! and change!] and Fortinet does not clearly indicate to which
RFP it appears to be raising an attorney-client privilege objection.
The parties also quarrel over whether Fortinet is required to tell
Sophos how many hits are returned for the search strings Fortinet
claims are too burdensome, even though Fortinet apparently
provides some of this information in its portion of the joint letter.

It is clear from the parties' disconnected halves of the joint letter that they have not

adequately met and conferred about each party's position on the above disputes. The portions of

Docket No. 177 addressing the above disputes are therefore **denied without prejudice**. The

parties are ordered to meet and confer about these disputes, and file a joint letter of no more than **6

pages** by **August 3, 2015 at 9:00 a.m.** if they are unable to resolve the matters without judicial

intervention.

     **IT IS SO ORDERED.**

Dated: July 22, 2015

_____
          Donna M. Ryu
       United States Magistrate Judge