1
2
3
4                       UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    FORTINET, INC.,                        Case No. 13-cv-05831-EMC   (DMR)
                    Plaintiff,
8
                                            **ORDER RE: MOTIONS TO SEAL**
9           v.
                                            Re: Dkt. No. 178, 194
10   SOPHOS, INC., et al.,
                    Defendants.
11
12
13          Fortinet has filed a motion for sanctions that is now fully briefed.  Associated with the

14   motion for sanctions are Fortinet's motions to file under seal portions of its motion for sanctions

15   (and exhibits thereto) and certain exhibits to its reply.  [Docket Nos. 178, 194.]  This order

16   addresses only the motions to seal.

17                        **I.        LEGAL STANDARDS**

18          Civil Local Rule 79-5(b) states that "no document may be filed under seal (i.e., closed to

19   inspection by the public) except pursuant to a court order that authorizes the sealing of the

20   particular document, or portions thereof.  A sealing order may issue only upon a request that

21   establishes that the document, or portions thereof, are privileged, protectable as a trade secret or

22   otherwise entitled to protection under the law (hereinafter referred to as 'sealable')."  "The request

23   must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil

24   L.R. 79-5(d)."  *Id.*  Furthermore, "[r]eference to a stipulation or protective order that allows a

25   party to designate certain documents as confidential is not sufficient to establish that a document,

26   or portions thereof, are sealable."  Civ. L.R. 79-5(d)(1)(A).

27          Pursuant to Civil Local Rule 79-5(e), a party must file under seal a document designated as

28   confidential by the opposing party or a document containing information so designated by an

*United States District Court*
*Northern District of California*

opposing party. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

## II.    DOCKET NO. 178

In Docket No. 178, Fortinet moves to seal documents or portions of documents as summarized in the chart below:

| Item | Fortinet moves to seal | Rationale | Sophos's response |
|------|------------------------|-----------|-------------------|
| 1 | Portions of Motion for Sanctions | Designated confidential by Sophos | Agrees is sealable |
| 2 | Portions of Neukom Decl. | Designated confidential by Sophos | Agrees is sealable |
| 3 | Neukom Decl. Ex. C | Designated confidential by Sophos | Agrees is sealable |
| 4 | Neukom Decl. Ex. S | Designated confidential by Sophos | Agrees is sealable |
| 5 | Neukom Decl. Ex. T | Designated confidential by Sophos | Agrees is sealable |
| 6 | Neukom Decl. Ex. V | Designated confidential by Sophos | Agrees is sealable |
| 7 | Neukom Decl. Ex. Y | Designated confidential by Sophos | Documents are not sealable after all |
| 8 | Neukom Decl. Ex. Z | Designated confidential by Sophos | Documents are not sealable after all |
| 9 | Neukom Decl. Ex. AA | Designated confidential by Sophos | Documents are not sealable after all |
| 10 | Neukom Decl. Ex. BB | Contains Fortinet trade secrets | Disagrees, documents are not sealable |
| 11 | Neukom Decl. Ex. CC | Contains Fortinet trade secrets | Disagrees, documents are not sealable |
| 12 | Neukom Decl. Ex. DD | Contains Fortinet trade secrets | Disagrees, documents are not sealable |
| 13 | Neukom Decl. Ex. EE | Contains Fortinet trade secrets | Disagrees, documents are not sealable |

Items 1-9 were designated confidential by Sophos. Sophos has filed the responsive declaration required by Civil Local Rule 79-5(e)(1). *See* Docket No. 186. For Items 7-9, Sophos concedes that "certain of the information contained therein was derived from materials designated as 'Highly Confidential,' [but] Sophos does not believe that these exhibits themselves are sealable." Accordingly, the motion to seal is **DENIED** as to Items 7-9.

For Items 1-6, Sophos has sufficiently explained why these documents are sealable, for they contain the confidential outcome of a non-public arbitration (Items 1-3, 6); or the serial numbers of various Sophos employees' computers, which could enable a person to penetrate Sophos' security networks (Items 4-5). The motion to seal is **GRANTED** as to Items 1-6.

United States District Court
Northern District of California

1    For Items 10-13, Fortinet asserts that these documents contain Fortinet's disclosures of

2  trade secrets, and that Fortinet's business would be harmed if these trade secrets were disclosed.

3  Item 10 is Fortinet's response to Sophos's interrogatory requesting that Fortinet "[i]dentify all

4  trade secrets and/or confidential information Fortinet contends has been misappropriated by

5  Sophos."  Items 11-13 are Fortinet's disclosures and supplemental disclosures of trade secrets

6  pursuant to Cal. Code Civ. Proc. § 2019.20.  Sophos contends that the information contained in

7  Items 10-13 are not actually trade secrets and are therefore not sealable.  The court declines to

8  opine on the ultimate issue of whether Fortinet's trade secret disclosures have sufficiently

9  identified items that can be regarded as trade secrets, because doing so could encroach upon the

10  presiding judge's authority to determine the merits of the misappropriation of trade secrets claim.

11  Out of an abundance of caution, the court **GRANTS** the motion to seal as to Items 10-13.  *See*

12  *Synopsys v. ATopTech*, 13-cv-2965-MMC (DMR) (N.D. Cal.), at Docket Nos. 314, 34 (granting

13  plaintiff's motion to seal material relating to plaintiff's trade secrets over defendant's objection

14  that the material was not sealable and noting that court was acting "out of an abundance of

15  caution" and explicitly not reaching the merits of plaintiff's trade secret claim).

16                                   **III.    DOCKET NO. 194**

17    In Docket No. 194, Fortinet moves to seal exhibits filed with its Reply to the Motion for

18  Sanctions.   Specifically, Fortinet moves to seal Exhibits HH and II to the declaration of Grant

19  Margeson because they have been designated by Sophos as confidential.  In Sophos's declaration

20  pursuant to Civil Local Rule 79-5(e)(1), Sophos states, "Although th[e]se documents have been

21  designated by Sophos as 'Highly Confidential,' Sophos does not believe that these exhibits are

22  sealable."  *See* Docket No. 200.  Fortinet's motion to seal is therefore **DENIED.**

23

24    **IT IS SO ORDERED.**

25  Dated: August 20, 2015

26                                   _____

27                                   Donna M. Ryu
                                     United States Magistrate Judge

28