1  JOHN M. NEUKOM (CA Bar No. 275887)
   johnneukom@quinnemanuel.com
2  JORDAN R. JAFFE (CA Bar No. 254886)
   jordanjaffe@quinnemanuel.com
3  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
4  50 California Street, 22nd Floor
   San Francisco, California 94111
5  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
6
   DANIEL B. OLMOS (CA Bar No. 235319)
7  dolmos@nbbolaw.com
   NOLAN, BARTON, BRADFORD, OLMOS LLP
8  600 University Avenue
   Palo Alto, CA 94301
9  Telephone: (650) 326-2980
   Facsimile: (650) 326-9704
10
   Attorneys for Plaintiff FORTINET, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FORTINET, INC., a corporation<br><br>Plaintiff,<br><br>vs.<br><br>SOPHOS, INC., a corporation, MICHAEL VALENTINE, an individual, and JASON CLARK, an individual.<br><br>Defendants.<br><br>SOPHOS INC. and SOPHOS LTD., corporations,<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>FORTINET, INC., a corporation,<br><br>Counterclaim Defendant. | Case No. 3:13-cv-05831-EMC (DMR)<br><br>**FORTINET, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT, AND SUPPORTING EXHIBITS THERETO** |

Pursuant to Civil L.R. 7-11 and 79-5, Plaintiff and Counterclaim Defendant Fortinet, Inc. ("Fortinet") respectfully requests to file under seal confidential information in portions of its Motion for Partial Summary Judgment ("Motion for Summary Judgment") and supporting exhibits thereto. Specifically, Fortinet requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Fortinet's Motion for Partial Summary Judgment | Highlighted portions at 1:5, 13:9-10, 13:12-14, 13:20, 14:11-12, 22:12-15. |
| Sophos Inc.'s First Supplemental Response to Fortinet, Inc.'s Interrogatory No. 8 – Exhibit A for U.S. Patent No. 6,195,587 ("the '587 Patent") (Exhibit 5 to the Jaffe Decl.) | Entire Document, pursuant to Sophos' Designation of Entire Document Under the Protective Order |
| Sophos Inc.'s First Supplemental Response to Fortinet, Inc.'s Interrogatory No. 8 – Exhibit D for U.S. Patent No. 8,067,347 ("the '347 Patent") (Exhibit 6 to the Jaffe Decl.) | Entire Document, pursuant to Sophos' Designation of Entire Document Under the Protective Order |
| Excerpt of Fortinet Inc.'s Second Supplemental Responses & Objections to Sophos, Inc.'s and Sophos Ltd.'s Interrogatories Nos. 3, 4, 6-8, 12-17, 19, 21, 22, and 24 (Exhibit 13 to the Jaffe Decl.) | Highlighted portions at 8:5-10, 14:12-14, 16:6-11, 17:8-17, 19:4-9, 19:14-16, 20:17-19, 23:13-14, 23:24-28, 32:21-25, 32:26-27, 33:3-5, 33:28-34:7, 34:11-13, 39:12-28, 40:20-41:3, 41:8-9, 41:22-25, 41:28, 42:8-14, 42:21, 42:23-25, 42:28, 43:4-7, 49:6-10, 50:9-11, 50:13-16, 50:19-20. |

| | | |
|---|---|---|
| 1<br>2<br>3 | Excerpt of Rebuttal Expert Report of Brian W. Napper (Exhibit 14 to the Jaffe Decl.) | Entire Document, pursuant to Sophos' Designation of Entire Document Under the Protective Order |
| 4<br>5<br>6<br>7 | Excerpt of Rebuttal Report of Dr. Frederick B. Cohen Regarding Non-Infringement (Exhibit 15 to the Jaffe Decl.) | Entire Document, pursuant to Sophos' Designation of Entire Document Under the Protective Order |
| 8<br>9<br>10<br>11<br>12<br>13 | Excerpt of Opening Expert Report of Robert Stillerman (Exhibit 16 to the Jaffe Decl.) | Highlighted portions at ¶¶ 124, 126, 129, 130, 131, 132, 133, 135, 136, 138, 139, 142, 144, 145, 146, 147, 149, 176, 178, 179, 181, 183, 184, 185, 191. Highlighted portions at Footnotes 199, 200, 203. |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | Expert Report of Dr. Angelos Stavrou Regarding Infringement of U.S. Patent Nos. 7,698,744, 8,069,487, 8,195,938, 7,376,125 and 7,33,430 (Exhibit 1 to the Stavrou Decl.) | Highlighted portions at ¶¶ 842, 844, 845, 846, 847, 848, 850, 851, 852, 853, 854, 856, 857, 859, 860, 861, 862, 865, 867, 868, 869, 870, 873, 875, 877, 878, 879, 880, 881, 883, 884, 885, 887, 888, 889, 890, 892, 894, 895, 896, 897, 898, 900, 901,<br><br>Highlighted portions at Footnotes 1603, 1606, 1609, 1610, 1613, 1614, 1615, 1617, 1618, 1619, 1620, 1621, 1622, 1623, 1624, 1625, 1626, 1627, 1629, 1631, 1636, 1637, 1638, 1643, 1646, 1647, 1652, 1653, 1654, 1656, 1657, |

28

-2-     Case No. 3:13-cv-05831-EMC (DMR)
ADMINISTRATIVE MOTION TO SEAL

|  | 1658, 1659, 1660, 1661, 1662, 1663, 1664, 1665, 1666, 1667, 1669, 1672, 1673, 1676, 1677, 1678, 1680, 1681, 1682, 1683, 1684, 1685, 1686, 1687, 1688, 1689, 1690 |
|---|---|
| Expert Report of Dr. Seth Nielson Regarding Invalidity of U.S. Patent Nos. 7,757,002, 8,220,050, and 8,266,687 (Exhibit 1 to the Nielsen Decl.) | Highlighted portions at ¶¶ 313, 317, 318, 319, 320, 325, 326, 330, 335, 336, 338, 342, 347, 349, 354, 367, 371, 373, 377, 378, 380, 384, 428, 431, 533, 761. |

## I. LEGAL STANDARD

In the context of dispositive motions, materials may be sealed so long as the party seeking sealing shows that "compelling reasons" exist to justify sealing such materials. *Kamkana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

## II. FORTINET DESIGNATED CONFIDENTIAL INFORMATION

Fortinet seeks to seal portions of Exhibits 13 and 16 to the Declaration of Jordan R. Jaffe and portions of Exhibit 1 to the Declaration of Seth Nielsen. These exhibits makes extensive reference to Fortinet's confidential source code. Courts have found it appropriate to seal documents that contain "business information that might harm a litigant's competitive standing[.]" *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598-99 (1978). Public disclosure of Fortinet's source code information would harm Fortinet's competitive standing. Indeed, courts in this district regularly seal portions of documents that contain confidential source code. *E.g. Apple, Inc. v. Samsung Electronics Co.*, 2012 WL 4718104, at *4 (N.D. Cal. Sept. 28, 2012) ("the

exhibit contains confidential source code, and thus meets the "compelling reasons" standard"); *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *5 (N.D. Cal. Mar. 10, 2010) (where exhibits contained "detailed information regarding NetApp's proprietary source code . . . [that constitutes] confidential business information . . . [and] there are compelling reasons for sealing these exhibits.").

In addition to source code, Fortinet has also included in its interrogatory responses extensive discussion of its product functionality and disclosure of this information would likewise harm Fortinet's competitive standing. Additionally, Sophos' expert, Robert Stillerman, made use of both Fortinet source code and Fortinet deposition testimony regarding Fortinet's source code in his opening expert report. Thus disclosure of either Fortinet's interrogatory responses or certain excerpts of Mr. Stillerman's report would harm Fortinet's competitive standing. Indeed, courts in this district generally also seal descriptions of confidential product functionality. *E.g. Abstrax, Inc. v. Sun Microsystems, Inc.*, 2011 WL 2550825, at *3 (N.D. Cal. June 27, 2011) ("confidential information regarding revenue, products, internal manufacturing procedures, source code development, and related deposition testimony meet the compelling reasons standard and outweigh disclosure."). Disclosure of this information product information would similarly harm Fortinet's competitive standing.

### III. SOPHOS' DESIGNATED CONFIDENTIAL INFORMATION

As stated in the Declaration of Grant Margeson filed concurrently herewith in support of this Administrative Motion, portions of Fortinet's Motion for Summary Judgment and supporting exhibits thereto contain information designated by Sophos, Inc. and Sophos, Ltd. (collectively "Sophos") "Highly Confidential – Attorneys Eyes Only" and "Highly Confidential – Source Code" under the Protective Order (Dkt. No. 63) or otherwise considered confidential by Sophos.

The Motion for Summary Judgment, Exhibit 1 to the Declaration of Angelos Stavrou, and Exhibits 5 and 6 to the Declaration of Jordan R. Jaffe reference materials that Sophos has designated as "Highly Confidential – Attorneys Eyes Only" and "Highly Confidential – Source Code" under the Protective Order (Dkt. No. 63).

The Motion for Summary Judgment, Exhibit 1 to the Declaration of Seth Nielsen, and Exhibits 14, 15, and 16 to the Declaration of Jordan R. Jaffe reference materials and information that have been designated by Sophos as "Highly Confidential – Attorneys Eyes Only" under the Protective Order (Dkt. No. 63).

Fortinet expects Sophos will file the required supporting declaration in accordance with Civil Local Rule 79-5(e), as necessary, to confirm whether the information contained in the above referenced documents should be sealed.

## IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the Motion for Summary Judgment, the Declaration of Jordan R. Jaffe, the Declaration of Angelos Stavrou, the Declaration of Seth Nielsen, and supporting exhibits thereto accompany this Administrative Motion. For the foregoing reasons, Fortinet respectfully requests that the Court grant Fortinet's administrative motion to file under seal.

DATED: September 7, 2015

Respectfully submitted,

By */s/ John M. Neukom*
John M. Neukom (Bar No. 275887)
johnneukom@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff FORTINET, INC.