# EXHIBIT 13
# FILED UNDER SEAL - REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY

1

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
  Jordan R. Jaffe (Bar No. 254886)
  jordanjaffe@quinnemanuel.com
  Andrew M. Holmes (Bar No. 260475)
  drewholmes@quinnemanuel.com
San Francisco, California  94111-4788
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff FORTINET, INC.

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA**

10      **SAN FRANCISCO DIVISION**

11

12 | FORTINET, INC., a corporation, | CASE NO. 3:13-cv-05831-EMC |
|---|---|
| 13          Plaintiff, | **FORTINET, INC.'S SECOND SUPPLEMENTAL RESPONSES & OBJECTIONS TO SOPHOS, INC.'S AND SOPHOS LTD.'S INTERROGATORIES NOS. 3, 4, 6-8, 12-17, 19, 21, 22, AND 24.** |
| 14      vs. | |
| 15 SOPHOS, INC., a corporation, MICHAEL VALENTINE, an individual, and JASON CLARK, an individual, | |
| 16 | |
| 17          Defendants. | |
| 18 | |
| 19 SOPHOS, INC. and SOPHOS LTD., corporations, | |
| 20          Counterclaim Plaintiffs, | |
| 21      vs. | |
| 22 FORTINET, INC., a corporation, | |
| 23          Counterclaim Defendants. | |

24

25

26

27

28

extent that it seeks documents protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving its foregoing objections, Fortinet responds as follows:

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████████████████     ████████████████████████████████████

████████████████████     ████████████████████████████████████████

████████████████████████████████████████     Pursuant to F.R.C.P. 33(d), additional information potentially responsive to this interrogatory may be derived or ascertained from Fortinet's business records, and the burden of deriving or ascertaining the answer is substantially the same for Sophos.  Responsive documents can be found at the following Bates ranges of documents produced in this action: FORTI-NDC01704304-FORTI-NDC01710655.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Fortinet incorporates its general and prior specific objections by reference.  Subject to and without waiving its foregoing objections, Fortinet responds as follows: Pursuant to F.R.C.P. 33(d), additional information potentially responsive to this interrogatory may be derived or ascertained from Fortinet's business records, and the burden of deriving or ascertaining the answer is substantially the same for Sophos.  Responsive documents can be found at the following Bates ranges of documents produced in this action: FORTI-NDC01762578.  Fortinet furthermore incorporates by reference the forthcoming deposition testimony of Jim Bray.

**INTERROGATORY NO. 6:**

For each Fortinet Accused Product identified in response to Interrogatory No. 1, identify all facts that support and all persons most knowledgeable about any contention that Fortinet does not infringe any claim of the Sophos Asserted Patents, including an identification of each fact that supports any contention that any individual claim element of any claim is missing from each Fortinet Accused Product.

**RESPONSE TO INTERROGATORY NO. 6:**

Fortinet incorporates each of its general objections by reference. Fortinet objects to this Interrogatory as overbroad and unduly burdensome. Fortinet further objects to this Interrogatory as vague and ambiguous. Fortinet further objects to this Interrogatory as seeking information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Fortinet further objects to this Interrogatory as premature, given that Sophos has not yet identified any Fortinet Accused Products with particularity. Fortinet further objects to this Interrogatory as premature to the extent that it seeks information regarding noninfringement contentions prior to provision of Sophos' infringement contentions pursuant to Patent Local Rule 3-1 and improperly attempts to shift the burden to Fortinet. Fortinet further objects that this Request is premature as discovery is ongoing, the terms of the Sophos Asserted Patents have yet to be construed, and expert reports are not yet due. Fortinet further objects to the extent that this Interrogatory seeks to require Fortinet to create documents that are not kept in the ordinary course of business and/or summarize documents that have been or will be produced. Fortinet further objects to this Interrogatory to the extent that it seeks documents protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity. Fortinet further objects to this Interrogatory to the extent that it calls for a legal conclusion.

Subject to and without waiving its foregoing objections, Fortinet responds as follows: Fortinet will disclose the bases for its non-infringement of Sophos patents at the appropriate juncture of this litigation, for example after Sophos has served infringement contentions (it has so far served none), after the Court has constructed claim language from Sophos patents and/or with service of Fortinet's expert reports.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Fortinet incorporates each of its general objections by reference. Fortinet objects to this Interrogatory as overbroad and unduly burdensome. Fortinet further objects to this Interrogatory as vague and ambiguous, particularly as to the term "Fortinet Accused Product." Fortinet further objects to this Interrogatory as seeking information that is not relevant to the subject matter of this

action nor reasonably calculated to lead to the discovery of admissible evidence. Fortinet further objects to this Interrogatory as premature to the extent that it improperly attempts to shift the burden to Fortinet. Fortinet further objects to the extent that this Interrogatory seeks to require Fortinet to create documents that are not kept in the ordinary course of business and/or summarize documents that have been or will be produced. Fortinet further objects to this Interrogatory to the extent that it seeks documents protected by the attorney client privilege, the attorney work product doctrine, joint defense or common interest privilege, and/or any other applicable privilege or immunity. Fortinet further objects to this Interrogatory to the extent that it calls for a legal conclusion.

Subject to and without waiving its foregoing objections, Fortinet responds as follows: Fortinet first incorporates by reference its letter to Sophos dated September 10, 2014 regarding Sophos' failure to show infringement and Fortinet's noninfringement for the Sophos asserted patents. Fortinet identifies Jeff Crawford a person having knowledge relating to the facts underlying this interrogatory response.

**U.S. Patent No. 6,195,587:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly, the asserted claims of the '587 patent. Based on Fortinet's current understanding of Sophos' Infringement Contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following limitations noted in bold:

> Claim 1. A method for **checking the validity** of an item of data **stored for access by a first data processor of a data processing network** comprising **at least two interconnected data processors**, the method comprising the steps of:
> **storing for access by a second data processor a plurality of definitions of forms of data indicative of invalidity of items of data;**
> **causing the first data processor to provide the second data processor with a copy of the item of data;**
> **determining, using the second data processor**, whether any of the stored forms of data are present in the item of data and **declaring the item of data invalid if any of the stored forms of data are present in the item of data;**
> **reporting to the first data processor on the validity of the item of data**; and
> **causing the first data processor to prevent access** to the item of data if the item of data is **declared as invalid.**
>
> Claim 4. A method as claimed in claim **1**, wherein **the first data processor in response to a command** to access the item of data **causes the item of data to be checked for the presence of any of the stored forms of data**.

Moreover, Sophos' Infringement Contentions fail to set forth any fact supporting any contributory or induced infringement by anyone. Indeed, Sophos' Infringement Contentions contain no disclosure whatsoever with respect to indirect infringement by contributory infringement or inducement of infringement, by Fortinet or any party with respect to this limitation.

**U.S. Patent No. 7,757,002:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly the asserted claims of the '002 patent. Based on Fortinet's current understanding of Sophos' infringement contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following limitations noted in bold:

> Claim 1. *A proxy system* for analyzing *pre-fetched network content, the proxy system embodied on a local computing device including the following components realized in software executing on the local computing device:*
> *a content retriever for retrieving a first content on a network, said content retriever configured to pre-fetch additional content linked or connected to said first content;*
> *a content analyzer for analyzing said first content and said pre-fetched additional content according to a content policy and allowing access to said first content and said pre-fetched additional content in accordance with said content policy, wherein said content policy includes at least one malware definition for detecting unwanted malware to be filtered or blocked by the proxy system, thereby providing allowed content; and*
> *a content renderer for rendering said allowed content according to said content policy for provision to a user upon user request, wherein said content renderer renders links to said allowed content based on a status of said links, and wherein the link status dynamically changes based on analysis of retrieved content by said content analyzer.*[1]
>
> Claim 4. The system of claim 1, further comprising **a content cache** for storing said first content and **said pre-fetched additional content**.
>
> Claim 6. The system of claim 1, wherein **said content policy** comprises at least one of a **list** of **allowed content** and **a list of prohibited content**.
>
> Claim 8. The system of claim 1, wherein said **link status comprises allowed, blocked or restricted**.
>
> Claim 27. **A proxy system** providing access to **pre-fetched network content**, the proxy system embodied on **a local computing device** including the following components realized in software executing on the **local computing device:**
> **a content retriever** retrieving content on a network;
> **a content analyzer identifying and analyzing one or more links in said first content according to a content policy**, wherein said content policy includes at least **one malware definition for detecting unwanted malware to be filtered or blocked by the proxy system**; and
> **a content renderer** for rendering content for display to a user, wherein said content

---

[1]   Claim 1 is not asserted by Sophos, but asserted claims 4, 6, and 8 depend from it.

renderer **renders a representation of said one or more links to said content based on a status of said one or more links and based on said content policy, and wherein the link status dynamically changes based on analysis of retrieved content by said content analyzer**.

Claim 28. The system of claim 27, wherein said **status of said one or more links is based on a categorization of said one or more links**.

For example, the accused Fortinet products do not "pre-fetch additional content." As the parties agreed, "pre-fetch" should be construed to mean "retrieve without request." 9/3/2014 Patent L.R. 4-3 Disclosure at 11. Sophos' Infringement Contentions fail to specifically identify any portion of the accused Fortinet products that retrieve "additional content" without request. Indeed, the Infringement Contentions disclose that a "FortiGate unit intercepts web page requests accepted by the security policy, requests web pages from the web servers, caches the web page contents and returns the web page contents to the users. ███████████████████████ ████████████████████████████████████████████████████ █████████████████ 5831SOPHOS_00051724, Ex. B at 6. *See also* Kenyon Depo. at 28:14-24.

As another example, Sophos' Infringement Contentions fail to identify or explain how the accused Fortinet products "identify[] and analyz[e] one or more links." Sophos' Infringement Contentions broadly cite to disparate features within the accused Fortinet products, but Sophos fails to show how any of these features relate to links on a web page, let alone identifying them or analyzing them as required by the '002 patent.

As another example, Sophos' Infringement Contentions fail to identify specifically the "content renderer" and how it "render[s] content for display to a user." Sophos' Infringement Contentions broadly cite to unrelated features within the accused Fortinet products, but Sophos fails to show how any of these features are responsible for rendering content. For example, Sophos' Infringement Contentions cite to a graphical user interface used to configure a FortiGate, but this is not "network content." Sophos fails to explain how any of the functionality cited in its Infringement Contentions performs the function of "rendering content for display to a user."

Moreover, Sophos' Infringement Contentions fail to set forth any fact supporting any

Case No. 3:13-cv-05831-EMC

contributory or induced infringement by anyone. Indeed, Sophos' Infringement Contentions contain no disclosure whatsoever with respect to indirect infringement by contributory infringement or inducement of infringement, by Fortinet or any party with respect to this limitation.

**U.S. Patent No. 8,090,852:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly, the asserted claims of the '852 patent. Based on Fortinet's current understanding of Sophos' Infringement Contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following limitations noted in bold:

> *Claim 1. A method of operating a threat management facility to **prevent proxy access** to content prohibited by a network policy, the method comprising:*
> *A. receiving a network location access request at the threat management facility from a client belonging to an enterprise secured by the threat management facility;*
> *B. **accessing a URL database that contains categorized URLs** and **determining if a URL associated with the network location access request is a previously uncategorized URL**;*
> *C. when the URL associated with the network location access request is a previously uncategorized URL, **determining if the URL associated with the network location access request includes a primary URL** with a first network location to be accessed by the client and a secondary URL within the primary URL with a second network location of a website to be accessed using the first network location as a proxy site;*
> *D. when the URL includes **a secondary URL with a second network location of a website to be accessed using the first network location as a proxy site, accessing the URL database and determining if the client is restricted from accessing the website identified by the secondary URL**; and*
> *E. when the client is restricted from accessing the website, **blocking the network location access request for the URL**.*[2]

> Claim 18. The method of claim 1, wherein the URL associated with the network location access request is **analyzed for a portion that corresponds with a restricted access URL**.

> Claim 20. A method of operating a threat management facility to **prevent proxy access** to content prohibited by a network policy, the method comprising:
> A. receiving a network location access request from a client at the threat management facility;
> B. **analyzing the network location access request to discover if the network location request includes a primary URL of a proxy site and a secondary URL within the primary URL of a website to be accessed through the proxy site**;
> C. **in response to a discovery of the secondary URL in step B wherein the secondary URL includes a location for proxy access from the client through the proxy site identified in the primary URL, determining if the secondary URL is a restricted URL to which the client is restricted from access by the network policy**; and
> D. **in the event the secondary URL is the restricted URL as identified in the network policy, providing an action in association with access to at least one of the primary URL and the secondary URL**.

---

[2]  Claim 1 is not asserted by Sophos, but asserted claim 18 depends from it.

Claim 22. The method of claim 20, wherein the action is **blocking access by the client to the secondary URL through the proxy site**.

Claim 23. The method of claim 20, wherein the action is providing a warning to a user about a **violation of the network policy**.

Claim 24. The method of claim 20, wherein the action is **logging the network location access request**.

██████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████

Moreover, Sophos' Infringement Contentions fails to set forth any fact supporting any contributory or induced infringement by anyone. Indeed, Sophos' Infringement Contentions contain no disclosure whatsoever with respect to indirect infringement by contributory infringement or inducement of infringement, by Fortinet or any party with respect to this limitation.

**U.S. Patent No. 8,220,050:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly, the asserted claims of the '050 patent. Based on Fortinet's current understanding of Sophos' Infringement Contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following limitations noted in bold:

Claim 11. A computer program product embodied on a non-transitory computer readable medium that, when executing on one or more computing devices, performs the steps of:
**causing contextual information to be attached to data as it passes through a series of computing devices**, **the contextual information relating to the series of computing devices**, wherein the data includes **a plurality of sub-deliverables**, wherein the **contextual information includes a source address for each one of the plurality of sub-deliverables**, and wherein the **contextual information includes a pattern of changing source addresses for each one of the plurality of sub-deliverables**;
**authorizing delivery of the data and the contextual information to a client device**;
**scanning the data and the contextual information on the client device** that receives the data and the contextual data to **determine whether a target data is present**;
in response to the identification of the target data, **communicating the contextual information from the client device to a central repository**; and
**analyzing the contextual information at the central repository** in relation to other

information stored in the central repository to **determine a remedial action for the target data**.

Claim 14. The computer program product of claim 11, further comprising performing the **remedial action**.

Claim 15. The computer program product of claim 11 wherein the **target data** includes a **source having a restriction** specified by a policy management facility.

Claim 16. The computer program product of claim 11 wherein the **target data** includes **restricted content**.

Claim 17. The computer program product of claim 11 wherein the **target data** includes **malware**.

For example, FortiGuard does not "determine a remedial action." ████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████ ██████████████████████

███████████████████████████████████████████████████████████

██████████████

Further, "contextual information" is indefinite based on Sophos' inconsistent treatment of the term in the '050 patent and the understanding of one of ordinary skill in the art. *See* 9/29/2014 Nielson Supplemental Decl. at ¶¶ 40-41.   To the extent "contextual information" is not indefinite, the accused products do not cause "contextual information" to be attached to data as required by the claims.   To the extent Fortinet understands Sophos' Infringement Contentions, the accused products further do not include "contextual information includes a pattern of changing source addresses for each one of the plurality of sub-deliverables."

Moreover, Sophos' Infringement Contentions fail to set forth any fact supporting any contributory or induced infringement by anyone.   Indeed, Sophos' Infringement Contentions contain no disclosure whatsoever with respect to indirect infringement by contributory

infringement or inducement of infringement, by Fortinet or any party with respect to this limitation.

**U.S. Patent No. 8,261,344:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly, the asserted claims of the '344 patent. Based on Fortinet's current understanding of Sophos' Infringement Contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following limitations noted in bold:

> Claim 1. A method for classifying software, said method comprising;
> **providing a library of gene information** including **a number of classifications based on groupings of genes**;
> **identifying at least one functional block** and **at least one property of the software**;
> **identifying one or more genes** each describing one or more of **the at least one functional block and the at least one property of the software as a sequence of APIs and strings**;
> **matching the one or more genes against one or more of the number of classifications using a processor**;
> **classifying the software based on the matching to provide a classification for the software**; and
> **notifying a user of the classification of the software**.

> Claim 2. The method of claim 1, wherein **the classification** for the software includes **malware**.

> Claim 10. The method of claim 1, further comprising removing the software when the software is **classified as malware or unwanted software**.

> Claim 16. A method for **generating software classifications for use in classifying software**, said method comprising:
> **providing a library of gene information including a number of classifications based on groupings of genes**;
> **identifying one or more genes each describing a functionality or a property of the software as a sequence of APIs and strings**;
> **combining a plurality of genes that describe the software, thereby providing a set of genes**;
> **testing the set of genes for false-positives against one or more reference files** using a processor;
> **defining the software classification based on the set of genes**; and
> **storing the set of genes and the software classification in the library**.

> Claim 17. The method of claim 16, wherein **the software classification** includes **malware**.

For example, Sophos' Infringement Contentions fail to identify or explain what Sophos contends is a "library of gene information," "groupings of genes," or "classification based on a grouping of genes," as required by claims 1 and 16. For example, Sophos refers to "genes such as file size, name, type, or for the presence of a virus or grayware signature," Ex. F at 5, but Sophos

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

fails to provide any evidence showing how these components are used in the accused Fortinet products to form a "library of gene information" or "groupings of genes." Sophos also fails to specifically identify how the accused Fortinet products determine a "classification" that is "based on a grouping of genes."

Further, "groupings of genes" is indefinite based on Sophos' inconsistent treatment of the term in the '344 patent and the understanding of one of ordinary skill in the art. *See* 9/29/2014 Nielson Supplemental Decl. at ¶¶ 43.

Sophos' Infringement Contentions also fail to identify or explain what Sophos contends is a "functional block." but it does not specifically identify the "functional block[s]" that are used in these processes. Sophos also fails to specifically identify any portion of the accused Fortinet products that "identify[] at least one functional block and at least one property of the software" that is a distinct step apart from "identifying one or more genes."

Moreover, Sophos' Infringement Contentions fail to set forth any fact supporting any contributory or induced infringement by anyone. Indeed, Sophos' Infringement Contentions contain no disclosure whatsoever with respect to indirect infringement by contributory infringement or inducement of infringement, by Fortinet or any party with respect to this limitation.

**U.S. Patent No. 8,266,687:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly, the asserted claims of the '687 patent. Based on Fortinet's current understanding of Sophos' Infringement Contentions, Sophos has failed to demonstrate that the accused Fortinet

products include (and the accused Fortinet products do not include) the following limitations noted in bold:

> Claim 1. A computer program product stored in a non-transitory computer readable medium that, when executing on one or more computers, performs the steps of:
> a. intercepting a website request from an end point;
> b. identifying at least one cookie present in said website request;
> c. **analyzing a predetermined characteristic** of said website request, said **predetermined characteristic associated with said at least one cookie**, wherein the step of **analyzing includes detecting a monotonic growth in said at least one cookie**;
> d. applying a rule corresponding to said predetermined characteristic of said cookie; and
> e. **determining whether the website request is an anonymizing proxy website request based on an application of said rule**.

> Claim 10. The computer program product of claim 1, wherein **said website request** is in a form of a HTTP request.

> Claim 11. The computer program product of claim 1, wherein **said website request** is in a form of a URL request.

> Claim 12. The computer program product of claim 1, wherein said step of **analyzing a predetermined characteristic further comprises comparing said predetermined characteristic with a predetermined value**.

> Claim 13. The computer program product of claim 1, wherein the step of **analyzing a predetermined characteristic includes detecting an increase in a number of the at least one cookie**.

For example, Sophos' Infringement Contentions cite to a "cookie filter" feature, Ex. F at 24, however the FortiOS cookie filter does not "detect[] a monotonic growth in said at least one cookie." ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████ Nothing in Sophos' Infringement Contentions identify or explain how either of these features—or any portion of any of the accused products—practice the requisite "detecting a monotonic growth in said at least one cookie."

Moreover, Sophos' Infringement Contentions fail to set forth any fact supporting any contributory or induced infringement by anyone. Indeed, Sophos' Infringement Contentions contain no disclosure whatsoever with respect to indirect infringement by contributory infringement or inducement of infringement, by Fortinet or any party with respect to this limitation.

**U.S. Patent No. 8,261,347:** Sophos has not shown and Fortinet does not infringe, either directly

1   **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

2         Without waiving the foregoing general and specific objections, Fortinet supplements its

3   response as follows:

4         **U.S. Patent No. 6,195,587:** Sophos has not shown and Fortinet does not infringe, either

5   directly or indirectly the asserted claims of the '587 patent.  Based on Fortinet's current

6   understanding of Sophos' infringement contentions, Sophos has failed to demonstrate that the

7   accused Fortinet products include (and the accused Fortinet products do not include) the following

8   limitations noted in bold in its First Supplemental Response, which is incorporated herein.

9         For example, claim 1 recites "**checking for validity**." Sophos has failed to demonstrate

10  that the accused Fortinet products include (and the accused Fortinet products do not include) such

11  checking.  For example, Sophos' infringement contentions identify a variety of disparate features

12  which check a variety of disparate attributes in a variety of disparate ways, however Sophos

13  neither clearly identifies what it considers "validity" nor "checking." ████████████████████

14  ███████████████████████████████████████████████████████ For at least

15  these reasons, Sophos has failed to demonstrate that the accused Fortinet products include

16  "validity checking."

17        For example, claims 1 and/or 9 recite "**an item of data stored for access by a first data**

18  **processor of a data processing network**" and "**an item of data which is stored for access by**

19  **the first data processor**."  Further, claims 1 and/or 9 recite "storing for access by a second data

20  processor a plurality of definitions of forms of data indicative of invalidity of items of data" and

21  "storage means for access by the second data processor for storing a set of information defining

22  data of a plurality of characteristic forms that are indicative of invalidity."  Sophos has failed to

23  demonstrate that the accused Fortinet products include (and the accused Fortinet products do not

24  include) such features. █████████████████████████████████████████████████

25  ███████████████████████████████████████████████████████████

26  ██████████████     ████████████████████████████████████████

27  ███████████████████████████████████████████████████████████

28  ██████████████████████████████ *See, e.g.*, FortiClient 5.2 Administration Guide

products do not include such elements), Sophos has not shown and Fortinet does not infringe, either directly or indirectly the asserted claims of the '587 patent.

**U.S. Patent No. 7,757,002:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly the asserted claims of the '002 patent. Based on Fortinet's current understanding of Sophos' infringement contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following limitations noted in bold in its First Supplemental Response, which is incorporated herein.

For example, claims 1 and 27 recite a "**proxy system**." Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) such a system. For example, Sophos has failed to demonstrate that the entirety of the accused functionality comprises a "proxy system." Indeed, Sophos' infringement contentions selectively quote references to, for example, a "web proxy," *see, e.g.*, Ex. B at 3-8, 10, 41, but this falls short of showing that the accused Fortinet products include a "proxy system" as required by the '002 patent.

For example, claims 1, 4, and 27 recite "**pre-fetched network content**," "**pre-fetch additional content linked or connected to said first content**," "**pre-fetched additional content according to a content policy**," "**pre-fetched additional content in accordance with said content policy**," and "**pre-fetched additional content**." Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) such pre-fetched content. The parties have agreed that "pre-fetch" means "retrieve without request." Patent L.R. 4-3 Statement, Appx. A at 11. ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████ 5831SOPHOS_00049313 at

5831SOPHOS_00051724 (emphasis added). ████████████████████████

███████████████████████████████████████ FORTI-

NDC01721214. Other public and internal Fortinet documentation confirms the absence of pre-

1    fetching in the accused products. *See, e.g.*, 5831SOPHOS_00001674; 5831SOPHOS_00001763;

2    5831SOPHOS_00054893; 5831SOPHOS_00055029; 5831SOPHOS_00006262; FORTI-

3    NDC01721213; FORTI-NDC01712116. ████████████████████████

4    ████████████████████████████████████████████████████

5    ████████████████████████████

6        In addition: claims 1 and/or 27 recite a "**content retriever**" which is "configured to pre-

7    fetch additional content linked or connected to said first content;" claims 1 and 27 recite a "content

8    analyzer" for analyzing, among other things, "pre-fetched additional content;" and claim 4 recites a

9    "content cache" for storing, among other things, "said pre-fetched additional content." All of these

10   relate to, and depend upon, pre-fetched content. Thus, for at least the same reasons that Sophos

11   has failed to demonstrate that the accused Fortinet products "pre-fetch content," Sophos has also

12   failed to demonstrate that the accused Fortinet products include a "content retriever."

13        For example, claims 1 and/or 27 recite a "**local computing device**." Sophos has failed to

14   demonstrate that the accused Fortinet products include (and the accused Fortinet products do not

15   include) such a device. Fortinet itself does not make endpoint computers. Further, Sophos

16   contends that each of FortiGate, FortiCache, and FortiWifi "alone" infringe the '002 patent;

17   however, none of these devices are a "local computing device." The FortiClient software is also

18   not itself a "local computing device." To the extent that Sophos contends that Fortinet induces

19   customers to include a "local computing device" in a purportedly infringing setup, Sophos fails to

20   identify a single instance where such a "local computing device" performs or contains the steps or

21   features required by claims 1 and 27.

22        For example, claims 1 and/or 27 recite a "**content renderer**," "content renderer renders

23   links to said allowed content based on a status of said links, and wherein the link status

24   dynamically changes based on analysis of retrieved content by said content analyzer," and

25   "provision to a user upon user request." Sophos has failed to demonstrate that the accused Fortinet

26   products include (and the accused Fortinet products do not include) such a renderer. Indeed,

27   Sophos' infringement contentions fail to identify a single instance of "render[ing] links" of "link

28   status dynamically chang[ing] in the accused products." ████████████████████

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

1 ████████████████████████████████████████████████████████

2 ██████████. 5831SOPHOS_00001685; 5831SOPHOS_00049313. ██████████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████████

6 ██████████████████████████████████████████████████████

7 ████████████████████████████████ Other Fortinet documentation and source code confirm

8 that the web caching feature does not render content as required by claims 1 and 27. *See, e.g.*,

9 5831SOPHOS_00001674;     5831SOPHOS_00001763;     5831SOPHOS_00049313;

10 5831SOPHOS_00054893;   5831SOPHOS_00055029;   5831SOPHOS_00006262;   FORTI-

11 NDC01721213;     FORTI-NDC01712116;     ██████   ██████   ██████   ██████

12 ████████████████████     ████████████████████████████████████

13 ██████████████████████████████████████ *See, e.g.*, FORTI-NDC00037529;

14 FORTI-NDC00048133;     FORTI-NDC00048151;     5831SOPHOS_00002523;

15 5831SOPHOS_00002549;     5831SOPHOS_00002575;     5831SOPHOS_00002595;

16 5831SOPHOS_00002619;     5831SOPHOS_00002639;     5831SOPHOS_00002659;

17 5831SOPHOS_00002683;     5831SOPHOS_00002715;     5831SOPHOS_00002745;

18 5831SOPHOS_00002757;     5831SOPHOS_00002769;     5831SOPHOS_00002793;

19 5831SOPHOS_00002817;     5831SOPHOS_00002872;     5831SOPHOS_00002894;

20 5831SOPHOS_00002924;     5831SOPHOS_00002952;     5831SOPHOS_00002974;

21 5831SOPHOS_00003002;     5831SOPHOS_00003021;     5831SOPHOS_00003053;

22 5831SOPHOS_00003077;     5831SOPHOS_00003107;     5831SOPHOS_00003133;

23 5831SOPHOS_00003157;     5831SOPHOS_00003191;     5831SOPHOS_00003215;

24 5831SOPHOS_00003239;     5831SOPHOS_00003273;     5831SOPHOS_00003291;

25 5831SOPHOS_00003319;     5831SOPHOS_00003339;     5831SOPHOS_00003359;

26 5831SOPHOS_00003381;     5831SOPHOS_00003401;     5831SOPHOS_00003423;

27 5831SOPHOS_00003449;     5831SOPHOS_00003467;     5831SOPHOS_00003491;

28 5831SOPHOS_00003507;     5831SOPHOS_00003529;     5831SOPHOS_00003546;

FORTINET'S SECOND SUPP. RESP. TO INTERROGATORIES NOS. 3, 4, 6-8, 12-17, 19, 21, 22, AND 24

1    5831SOPHOS_00003564;            5831SOPHOS_00003584;            5831SOPHOS_00003604;

2    5831SOPHOS_00003630;            5831SOPHOS_00003654;            5831SOPHOS_00004041;

3    5831SOPHOS_00004686; 5831SOPHOS_00004688; 5831SOPHOS_00004694.

4           For example, claims 1 and/or 27 recite a "**malware definition**," "**one malware definition**

5    **for detecting unwanted malware to be filtered or blocked by the proxy system**," and the fact

6    that malware can be "**filtered or blocked by the proxy system**."  Claim 1 also recites "**allowed**

7    **content**."  Claim 6 recites a "**content policy**" and a "**list of allowed content**" and a "**list of**

8    **prohibited content**."  Claim 8 recites a "**link status [that] comprises allowed, blocked or**

9    **restricted**."  Claim 28 recites a "**status of said one or more links is based on a categorization of**

10   **said one or more links**."  Sophos has failed to demonstrate that the accused Fortinet products

11   include (and the accused Fortinet products do not include) such features, as applied in the context

12   of "pre-fetched network content."  Thus, Sophos' has failed to demonstrate that the accused

13   Fortinet products practice the clams that include these limitations.

14          Further support for Fortinet's non-infringement positions can also be found in documents,

15   source code, and testimony cited in Sophos' infringement charts; Fortinet incorporates these

16   citations herein by reference.

17          Sophos's Infringement Contentions rely on the use of particular features or configurations

18   of Fortinet accused products.  Sophos has failed to demonstrate that Fortinet itself configured or

19   used the accused Fortinet products in the particular manner required by Sophos's infringement

20   theories.  Fortinet therefore does not directly infringe for that reason.

21          Because Sophos has failed to demonstrate that the accused Fortinet products at least do not

22   include certain elements required by the '002 patent as detailed above (and the accused Fortinet

23   products do not include such elements), Sophos has not shown and Fortinet does not infringe,

24   either directly or indirectly the asserted claims of the '002 patent.

25          **U.S. Patent No. 8,090,852:**  Sophos has not shown and Fortinet does not infringe, either

26   directly or indirectly the asserted claims of the '852 patent.  Based on Fortinet's current

27   understanding of Sophos' infringement contentions, Sophos has failed to demonstrate that the

28   accused Fortinet products include (and the accused Fortinet products do not include) the following

For example, claim 23 recites "**violation of the network policy**." Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) such features. Claim 23 is a dependent claim that depends upon claim 20. Thus, because Sophos has failed to demonstrate that the accused Fortinet products infringe claim 20, Sophos has also failed to demonstrate that the accused Fortinet products infringe claim 23.

For example, claim 24 recites "**logging the network location access request**." Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) such features. Sophos' infringement contentions cite generally to a logging functionality, but they fail to show that such logging functionality specifically "log[s] the network access request." Indeed, Sophos' infringement contentions provide no specific evidence of logging a request, let alone one pertaining to a "proxy site," "primary URLs," or "secondary URLs." Accordingly, Sophos has failed to show that the accused Fortinet products include this limitation. Further, claim 24 is a dependent claim that depends upon claim 20. Thus, because Sophos has failed to demonstrate that the accused Fortinet products infringe claim 20, Sophos has also failed to demonstrate that the accused Fortinet products infringe claim 24.

Further support for Fortinet's non-infringement positions can also be found in documents, source code, and testimony cited in Sophos' infringement charts; Fortinet incorporates these citations herein by reference.

Sophos's Infringement Contentions rely on the use of particular features or configurations of Fortinet accused products. Sophos has failed to demonstrate that Fortinet itself configured or used the accused Fortinet products in the particular manner required by Sophos's infringement theories. Fortinet therefore does not directly infringe for that reason.

Because Sophos has failed to demonstrate that the accused Fortinet products at least do not include certain elements required by the '852 patent as detailed above (and the accused Fortinet products do not include such elements), Sophos has not shown and Fortinet does not infringe, either directly or indirectly the asserted claims of the '852 patent.

**U.S. Patent No. 8,220,050:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly the asserted claims of the '050 patent. Based on Fortinet's current

understanding of Sophos' infringement contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following limitations noted in bold in its First Supplemental Response, which is incorporated herein.

For example, claim 11 recites "**causing contextual information to be attached to data as it passes through a series of computing devices**," "**the contextual information relating to the series of computing devices**," "**contextual information includes a source address for each one of the plurality of sub-deliverables**," and "**contextual information includes a pattern of changing source addresses for each one of the plurality of sub-deliverables**." Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) such contextual information. To the extent that the meaning of "contextual information" can be discerned, Sophos has failed to show that such a feature exists in the accused Fortinet products.

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

Claim 11 recites "**authorizing delivery of the data and the contextual information to a client device**." This relates to, and depends upon, "contextual information." Thus, for at least the same reasons that Sophos has failed to demonstrate that the accused Fortinet products include "contextual information," Sophos has also failed to demonstrate that the accused Fortinet products "authoriz[e] delivery of the data and the contextual information to a client device."

For example, claim 11 recites "**a plurality of sub-deliverables**." Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) such sub-deliverables. Indeed, Sophos fails to identify a single instance where the accused Fortinet products specifically process "a series of sub-deliverables" or create "sub-deliverables" themselves. As the FortiOS 5.0 Handbook describes "[a]fter the FortiGate unit's external interface receives a packet, the packet proceeds through a number of steps on its way to the internal interface, traversing each of the inspection types, depending on the security policy and security profile configuration." 5831SOPHOS_00049313.

For example, claim 11 recites "**scanning the data and the contextual information on the client device**" and "**determine whether a target data is present**." This relates to, and depends upon, "contextual information." Thus, for at least the same reasons that Sophos has failed to demonstrate that the accused Fortinet products include "contextual information," Sophos has also failed to demonstrate that the accused Fortinet products "scanning the data and the contextual information on the client device."

FORTINET'S SECOND SUPP. RESP. TO INTERROGATORIES NOS. 3, 4, 6-8, 12-17, 19, 21, 22, AND 24

1  ███████████████  ██████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ██████████████████  To the extent that Sophos contends that "scanning the data and the

4  contextual information on the client device" is performed by endpoint devices, Sophos fails to

5  identify a single instance where an endpoint device "scan[s] data and the contextual information."

6  Indeed, Fortinet's own documentation, source code, and testimony confirm such is not the case.

7  *See, e.g.*, FortiClient 5.2 Administration Guide (available at http://docs.fortinet.com/d/forticlient-

8  windows-v5.2-administration-guide);     ██████     ██████     ████████     ██

9  █████████████████████████

10  For example, claim 11 recites "**communicating the contextual information from the**

11  **client device to a central repository**" and "**analyzing the contextual information at the central**

12  **repository**." Sophos has failed to demonstrate that the accused Fortinet products include (and the

13  accused Fortinet products do not include) such features. Sophos has failed to demonstrate that the

14  accused Fortinet products include (and the accused Fortinet products do not include) such features.

15  This relates to, and depends upon, "contextual information." Thus, for at least the same reasons

16  that Sophos has failed to demonstrate that the accused Fortinet products include "contextual

17  information," Sophos has also failed to demonstrate that the accused Fortinet products include

18  these limitations.

19  For example claims 11 and/or 14 recite "**determine a remedial action for the target**

20  **data**" and "**remedial action**." Sophos has failed to demonstrate that the accused Fortinet products

21  include (and the accused Fortinet products do not include) such determination of a remedial action.

22  ████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████

25  ████████████████████  As the FortiOS 5.0 Handbook explains, "[a] profile is specific configuration

26  information that defines how the traffic within a policy is examined and what action may be taken

27  based on the examination." 5831SOPHOS_00050178. Other Fortinet documentation confirms

28  that FortiGuard does not "determine a remedial action for the target data" ████████████████

*See, e.g.*, 5831SOPHOS_00049313; FORTI-NDC00109340; FORTI-NDC00109198; FORTI-NDC01712953; FORTI-NDC00109272; FORTI-NDC00109328; FORTI-NDC00109315; FORTI-NDC00109285; FORTI-NDC00109312; FORTI-NDC00109232; 5831SOPHOS_00049313; FortiOS 5.2 Handbook (available at: http://docs.fortinet.com/d/fortigate-fortios-handbook-the-complete-guide-to-fortios-5.2/); Crawford Tr. at 19:20-21, 21:15-22:21, 26:12-28:17, 28:18-23, 29:4-23, 34:20-35:18, 43:2-4, 58:6-20, 87:18-88:8, 92:5-10, 94:2-10, 94:19-97:7, 99:8-100:9, 104:6-11, 105:6-21, 106:25-107:12, 108:21-109:13, 112:1-113:1, 119:10-16, 119:25-120:10, 123:17-126:6, 126:18-127:10, 128:3-9, 158:14-160:19; ███ ███ ████ █ ████

████████████████████████████ ██

█████████████████████

███████████████████████████████

█████████████████████████████████

███████████████████████████████████

███████████████████ As the FortiOS 5.0 Handbook explains, "[t]he FortiGate unit accesses the nearest FortiGuard Web Filter Service Point to determine the category of a requested web page, and then applies the security policy configured for that user or interface." 5831SOPHOS_00050232. Other Fortinet documentation confirms that FortiGuard does not "determine a remedial action for the target data" in the webfiltering context. *See, e.g.*, FORTI-NDC01754308; FORTI-NDC01715179; 5831SOPHOS_00049313; FortiOS 5.2 Handbook (available at: http://docs.fortinet.com/d/fortigate-fortios-handbook-the-complete-guide-to-fortios-5.2/); ███████████████████████

As another example, in the anti-spam context, FortiGuard provides devices such as FortiGates, FortiMails, or endpoints running FortiClients with spam ratings. ████████████

█████████████████████████████████

████████████████████ As the FortiOS 5.0 Handbook explains, "[w]hen spam is detected, the FortiGate unit will deal with it according to the Spam Action setting in the email filter profile." 5831SOPHOS_00050193. Other Fortinet documentation confirms that FortiGuard does not "determine a remedial action for the target data" ████████████████

See, e.g., 5831SOPHOS_00049313; FORTI-NDC01754035; FORTI-NDC01754056; FORTI-NDC01754072; 5831SOPHOS_00049313; FortiOS 5.2 Handbook (available at: http://docs.fortinet.com/d/fortigate-fortios-handbook-the-complete-guide-to-fortios-5.2/); Crawford Tr. at 28:18-23, 163:5-15; ███████ ██████ ████████ ██████

████████████████████████████████████ ██████████████████████████████

████████████████████████

Claim 15 recites "**target data**" that includes "**a source having a restriction**." Claim 16 recites "**target data**" that includes "**restricted content**." Claim 17 recites "**target data**" that includes "**malware**." Claims 15-17 are dependent claims that depend upon claim 11. Thus, for at least the same reasons that Sophos has failed to demonstrate that the accused Fortinet products include infringe claim 11, Sophos has also failed to demonstrate that the accused Fortinet products infringe these claims.

Further support for Fortinet's non-infringement positions can also be found in documents, source code, and testimony cited in Sophos' infringement charts; Fortinet incorporates these citations herein by reference.

Sophos's Infringement Contentions rely on the use of particular features or configurations of Fortinet accused products. Sophos has failed to demonstrate that Fortinet itself configured or used the accused Fortinet products in the particular manner required by Sophos's infringement theories. Fortinet therefore does not directly infringe for that reason.

Because Sophos has failed to demonstrate that the accused Fortinet products at least do not include certain elements required by the '050 patent as detailed above (and the accused Fortinet products do not include such elements), Sophos has not shown and Fortinet does not infringe, either directly or indirectly the asserted claims of the '050 patent.

**U.S. Patent No. 8,261,344:** Sophos has not shown and Fortinet does not infringe, either directly or indirectly the asserted claims of the '344 patent. Based on Fortinet's current understanding of Sophos' infringement contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following

1   products do not "test[]the set of genes for false-positives against one or more reference files." *See,*

2   *e.g.,*        FORTI-NDC00109340;        FORTI-NDC00109198;        FORTI-NDC01712953;

3   FORTI-NDC00109272; FORTI-NDC00109328; FORTI-NDC00109315; FORTI-NDC00109285;

4   FORTI-NDC00109312;    FORTI-NDC00109232;    5831SOPHOS_00049313;    FortiOS   5.2

5   Handbook (available at: http://docs.fortinet.com/d/fortigate-fortios-handbook-the-complete-guide-

6   to-fortios-5.2/);   Crawford   Tr.   at   117:17-118:12;   ████   ████   ████   ████

7   ████████████████████████████████████████████████

8   ████████████████████████████████████████████████

9   ████████████████████████████████████████████████

10  ██████████████████████████████████████████

11       For example, claim 1 recites "**notifying a user of the classification of the software**."

12  Sophos has failed to demonstrate that the accused Fortinet products include (and the accused

13  Fortinet products do not include) such notifying.   This relates to, and depends upon,

14  "classification."   Thus, for at least the same reasons that Sophos has failed to demonstrate that the

15  accused Fortinet products include "classifications based on groupings of genes," Sophos has also

16  failed to demonstrate that the accused Fortinet products include the above limitation.

17       Further support for Fortinet's non-infringement positions can also be found in documents,

18  source code, and testimony cited in Sophos' infringement charts; Fortinet incorporates these

19  citations herein by reference.

20       Sophos's Infringement Contentions rely on the use of particular features or configurations

21  of Fortinet accused products.   Sophos has failed to demonstrate that Fortinet itself configured or

22  used the accused Fortinet products in the particular manner required by Sophos's infringement

23  theories.   Fortinet therefore does not directly infringe for that reason.

24       Because Sophos has failed to demonstrate that the accused Fortinet products at least do not

25  include certain elements required by the '344 patent as detailed above (and the accused Fortinet

26  products do not include such elements), Sophos has not shown and Fortinet does not infringe,

27  either directly or indirectly the asserted claims of the '344 patent.

28       **U.S. Patent No. 8,266,687:**   Sophos has not shown and Fortinet does not infringe, either

directly or indirectly the asserted claims of the '687 patent. Based on Fortinet's current understanding of Sophos' infringement contentions, Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) the following limitations noted in bold in its First Supplemental Response, which is incorporated herein.

For example, claim 1 recites "**analyzing a predetermined characteristic**," "**predetermined characteristic associated with said at least one cookie**," and "**analyzing includes detecting a monotonic growth in said at least one cookie**." Sophos has failed to demonstrate that the accused Fortinet products include (and the accused Fortinet products do not include) such detecting monotonic growth. ██████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ *See, e.g.*, 5831SOPHOS_00049313; FortiOS 5.2 Handbook (available at: http://docs.fortinet.com/d/fortigate-fortios-handbook-the-complete-guide-to-fortios-5.2/); ████████ ██████ ██████ ████ ███████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ *See, e.g.*, 5831SOPHOS_00049313; FortiOS 5.2 Handbook (available at: http://docs.fortinet.com/d/fortigate-fortios-handbook-the-complete-guide-to-fortios-5.2/); FORTI-NDC01751808; ████████ ██████ ██████ ████ ███████████

████████████████████████

Claim 1 recites "**determining whether the website request is an anonymizing proxy website request based on an application of said rule**;" claim 12 recites "**analyzing a predetermined characteristic further comprises comparing said predetermined characteristic with a predetermined value**;" claim 13 recites "**analyzing a predetermined characteristic includes detecting an increase in a number of the at least one cookie**." This relates to, and depends upon, "detecting a monotonic growth in said at least one cookie." Thus, for at least the same reasons that Sophos has failed to demonstrate that the accused Fortinet products include "detecting a monotonic growth in said at least one cookie," Sophos has also

FORTINET'S SECOND SUPP. RESP. TO INTERROGATORIES NOS. 3, 4, 6-8, 12-17, 19, 21, 22, AND 24

1   failed to demonstrate that the accused Fortinet products include the above limitations.

2        Claims 10 and 11 recite "**said website request**." This relates to, and depends upon, the
3   website request of claim 1, whose "analyzing includes detecting a monotonic growth in said at
4   least one cookie." Thus, for at least the same reasons that Sophos has failed to demonstrate that
5   the accused Fortinet products include "detecting a monotonic growth in said at least one cookie,"
6   Sophos has also failed to demonstrate that the accused Fortinet products include the above
7   limitations.

8        Further support for Fortinet's non-infringement positions can also be found in documents,
9   source code, and testimony cited in Sophos' infringement charts; Fortinet incorporates these
10  citations herein by reference.

11       Sophos's Infringement Contentions rely on the use of particular features or configurations
12  of Fortinet accused products. Sophos has failed to demonstrate that Fortinet itself configured or
13  used the accused Fortinet products in the particular manner required by Sophos's infringement
14  theories. Fortinet therefore does not directly infringe for that reason.

15       Because Sophos has failed to demonstrate that the accused Fortinet products at least do not
16  include certain elements required by the '687 patent as detailed above (and the accused Fortinet
17  products do not include such elements), Sophos has not shown and Fortinet does not infringe,
18  either directly or indirectly the asserted claims of the '687 patent.

19       **U.S. Patent No. 8,261,347:** Sophos has not shown and Fortinet does not infringe, either
20  directly or indirectly the asserted claims of the '347 patent. Based on Fortinet's current
21  understanding of Sophos' infringement contentions, Sophos has failed to demonstrate that the
22  accused Fortinet products include (and the accused Fortinet products do not include) the following
23  limitations noted in bold in its First Supplemental Response, which is incorporated herein.

24       For example, claims 1, 5 and/ or 13 recite "**performing a source lookup for the request
25  at the scanning facility**," "**requests data concerning the source of the request from a
26  networked source lookup database**," "**the networked source lookup database responds with a
27  characterization of the source**," "**characterization of the source from the networked source
28  lookup database**," "**networked source lookup database**," "**a networked source lookup**

1    DATED: June 16, 2015                    Respectfully,

2
                                             /s/ John M. Neukom
3                                            John M. Neukom (SBN 275887)
                                             Jordan R. Jaffe (SBN 254886)
4                                            Andrew M. Holmes (SBN 260475)
                                             QUINN EMANUEL URQUHART &
5                                            SULLIVAN, LLP
                                             50 California Street, 22nd Floor
6                                            San Francisco, CA 94111
                                             Tel: 415-875-6600
7                                            Fax: 415-875-6700
                                             johnneukom@quinnemanuel.com
8                                            jordanjaffe@quinnemanuel.com
                                             drewholmes@quinnemanuel.com
9
10                                           *Attorneys for Plaintiff FORTINET, INC.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28