| | |
|---|---|
| 1 | SEAN C. CUNNINGHAM, Bar No. 174931 |
| | sean.cunningham@dlapiper.com |
| 2 | KATHRYN RILEY GRASSO, Bar No. 211187 |
| | kathryn.riley@dlapiper.com |
| 3 | DAVID R. KNUDSON Bar No. 265461 |
| | david.knudson@dlapiper.com |
| 4 | **DLA PIPER LLP (US)** |
| | 401 B Street, Suite 1700 |
| 5 | San Diego, CA 92101-4297 |
| | Telephone: 619.699.2700 |
| 6 | Facsimile: 619.699.2701 |
| 7 | TODD S. PATTERSON (*pro hac vice*) |
| | todd.patterson@dlapiper.com |
| 8 | **DLA PIPER LLP (US)** |
| | 401 Congress Avenue |
| 9 | Suite 2500 |
| | Austin, Texas 78701-3799 |
| 10 | Telephone: 512.457.7000 |
| | Facsimile: 512.457.7001 |
| 11 | Attorneys for Defendant and Counterclaim Plaintiff |
| | SOPHOS INC. and Counterclaim Plaintiff SOPHOS |
| 12 | LTD. |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| FORTINET, INC., a corporation, | CASE NO. 3:13-cv-05831-EMC-DMR |
| Plaintiff, | **SOPHOS'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS 1, 4, 5, 6, 8, 9, 10, 31, 33, and 34 ATTACHED TO THE DECLARATION OF SEAN C. CUNNINGHAM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS SOPHOS INC., MICHAEL VALENTINE AND JASON CLARK.** |
| v. | |
| SOPHOS INC., a corporation, MICHAEL VALENTINE, an individual, and JASON CLARK, an individual, | |
| Defendants. | |
| SOPHOS INC. and SOPHOS LTD., corporations, | |
| Counterclaim Plaintiffs, | |
| v. | |
| FORTINET, INC., a corporation, | |
| Counterclaim Defendant. | |

Pursuant to Civil L.R. 7-11 and 79-5, Defendant and Counterclaim Plaintiff Sophos Inc. and Counterclaim Plaintiff Sophos Ltd. (collectively, "Sophos") respectfully request to file under seal confidential information in Exhibits 1, 4, 5, 6, 8, 9, 10, 31, 33, and 34 attached to the Declaration of Sean C. Cunningham in Support of Motion for Summary Judgment By Defendants Sophos Inc., Michael Valentine and Jason Clark ("Proposed Exhibits"). Specifically, Sophos requests an order granting leave to file under seal the portions of the documents listed below:

| Document | Portions to Be Filed Under Seal |
| --- | --- |
| Fortinet's Second Supplemental Identification of Trade Secrets (Ex. 1 to the Cunningham Decl.) | Entire Document |
| Expert Report of John D. Tippit (Ex. 4 to the Cunningham Decl.) | Highlighted portions at pp. 10, 15-18, 21, 25-26. |
| Exhibit B to the expert Report of John D. Tippit (Ex. 5 to the Cunningham Decl.) | Entire Document |
| Excerpt from Fortinet's Second Supplemental Responses & Objections to Sophos's Rogs (Nos. 3, 4, 6-8, 12-17, 19, 21, 22, and 24). (Ex. 6 to the Cunningham Decl.) | Entire Document |
| Excerpt from the deposition transcript of Todd Nelson, taken on June 16, 2015. (Ex. 8 to the Cunningham Decl.) | Entire Document |
| Expert report of Patrick F. Kennedy. (Ex. 9 to the Cunningham Decl.) | Entire Document |
| Expert report of Joseph A. Calandrino (Ex. 10 to the Cunningham Decl.) | Entire Document |
| Final Corrected Arbitration Award | Entire Document |

| | |
|---|---|
| (Ex. 31 to the Cunningham Decl.) | |
| Expert report of James R. Kearl (Ex. 33 to the Cunningham Decl.) | Entire Document |
| Declaration and Exhibits of Dr. Aaron Streigel Exhibit 34 to the Cunningham Decl. | Entire Document |

## I. LEGAL STANDARD

As the Ninth Circuit has explained, a showing of "good cause . . . will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions[.]" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted). However, "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy.

Because Sophos's Motion for Summary Judgment is a dispositive motion, the "compelling reasons" standard applies here. The burdens of the parties are determined by Civil Local Rule 79-5, which requires that a party seeking leave to seal "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also be "narrowly tailored to seek sealing only of sealable material." *Id.*

## II. FORTINET'S DESIGNATED CONFIDENTIAL INFORMATION

As stated in the Declaration of Sean C. Cunningham, filed concurrently herewith in support of this Administrative Motion, Sophos's Proposed Exhibits 1, 4, 5, 6, 8, 9, 10, 33, and 34 all contain material designated by Fortinet as "Highly Confidential -- Attorneys Eyes Only" or "Highly Confidential – Source Code" under the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (Dkt. No. 63). Sophos expects Fortinet will file the required supporting declaration in accordance with Civil Local Rule 79-5(e), as necessary, to confirm whether the information contained in the above referenced documents should be sealed.

### III. SOPHOS'S DESIGNATED CONFIDENTIAL INFORMATION

As stated in the Declaration of Sean C. Cunningham, filed concurrently herewith in support of this Administrative Motion, Sophos's Proposed excerpt to Exhibit 31 has been designated by Sophos as Highly Confidential -- Attorneys Eyes Only" under the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (Dkt. No. 63).

Compelling reasons exist here to seal Exhibit 31 because: (1) the Arbitrator ordered the Final Award to remain confidential; (2) the arbitration was never a public proceeding; (3) the information contained in the Final Award is particularly sensitive to not only Mr. Valentine and Mr. Clark, but to Sophos as well; (4) disclosure of the Final Award to the public will only serve to unduly burden Mr. Valentine, Mr. Clark and Sophos; and (5) the public interests will not be disserved by the sealing of this confidential Final Award. Further, because the information in the Final Award is privileged as to the parties to the arbitration, and is otherwise entitled to protection under the law, it is also sealable under Civil L.R. 79-5(b).

### IV. CONCLUSION

In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the Proposed Exhibits accompany this Administrative Motion. For the foregoing reasons, Sophos respectfully requests that the Court grant Sophos's administrative motion to file under seal.

Dated: September 7, 2015　　　　　　　　　　DLA PIPER LLP (US)

By: */s/ Sean C. Cunningham*
　　SEAN C. CUNNINGHAM
　　KATHRYN RILEY GRASSO
　　DAVID R. KNUDSON
　　TODD S. PATTERSON

　　Attorneys for Defendant and Counterclaim Plaintiff SOPHOS INC. and Counterclaim Plaintiff SOPHOS LTD.