UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>SOPHOS, INC., et al.,<br><br>   Defendants. | Case No.  13-cv-05831-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND DEFENDANTS' MOTION TO FILE UNDER SEAL**<br><br>Docket Nos. 292, 307 |

Currently pending before the Court are Fortinet and Sophos's administrative motions to file under seal. For each motion, there are some documents (or portions thereof) that have been designated confidential by Fortinet and some documents (or portions thereof) that have been designated confidential by Sophos. In each motion, the nondesignating party contests the confidentiality claimed by the designating party.

In resolving these motions, the Court begins with a clean slate. That is, even if Judge Ryu or this Court has previously allowed the documents (or portions thereof) to be sealed, the Court shall not be bound by those prior rulings. Those prior rulings were or were likely informed by, *e.g.*, a facially plausible claim for confidentiality or a lack of opposition to the sealing request. Now that the parties are nearing trial, it makes sense for the Court to subject the sealing requests to a more exacting review, especially as they are contested. The Court makes clear, however, that, even if the instant motion is deemed a nondispositive motion, such that the standard of review is good cause for sealing rather than compelling reasons for sealing, *see Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) (discussing compelling reasons and good cause

standards; adding that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to nondispositive materials") (internal quotation marks omitted), certain documents, as described below, do not meet even that lesser standard.

## I. FORTINET'S MOTION TO FILE UNDER SEAL (DOCKET NO. 292)

Regarding documents (or portions thereof) that Fortinet seeks to seal, the motion is **GRANTED**. Although Sophos argues that the information contained therein is "far outdated and stale [such] that there is no longer any justification to keep these materials . . . from the public," Docket No. 300 (Knudson Decl. ¶ 10), the Court is not in a position to make this judgment at this time, especially when Fortinet seems to be claiming that the documents (or portions thereof) are trade secrets, which is one of the major issues to be litigated at trial.[1] Accordingly, the Court orders that the following information is to be sealed: Fortinet's motion to enforce stipulation (highlighted portion on page 8 only) and Exhibits 15-20 attached to the Freeman Declaration.

As for the documents (or portions thereof) that Sophos seeks to seal, the motion is **DENIED**. The documents that Sophos seeks to seal include the arbitration award against Mr. Valentine and Mr. Clark, Fortinet's new arbitration demands against the same individuals and their responsive "pleadings," document requests propounded in the first arbitration, and correspondence related to the new arbitration demands. Some of the documents were previously sealed pursuant to an order of this Court (*e.g.*, the arbitration award and the new arbitration demands), but, as noted above, the Court evaluates these documents with a clean slate.

The Court finds that there is an insufficient basis to seal these documents. The fact that an arbitration is not a public proceeding is not an adequate basis to seal. Furthermore even if the parties agreed that the arbitration would be confidential, that does not absolve this Court from making an independent evaluation as to whether confidentiality is appropriate.[2] Although Judge

---

[1] Because the documents (or portions thereof) may be trade secrets, both the good cause and compelling reasons standards have been met.

[2] And, in any event, both parties have publicly disclosed at least some things related to the arbitration. *See, e.g.*, Docket No. 248 (Fortinet's Opp'n at 1, 22) (stating that the arbitrator in the first arbitration "found the conduct of Fortinet's former head of U.S. sales, in encouraging Fortinet employees to leave the company with him in 2013, was . . . 'egregious' [and] 'despicable'"; also

Komar specifically deemed the arbitration award confidential, that appears to be based on a stipulation by the parties and, as stated above, party agreement on confidentiality is not dispositive. Similarly, that public exposure of the arbitration may cause some embarrassment to Sophos, Mr. Valentine, and/or Mr. Clark is not dispositive, particularly as the arbitration does not appear to have involved any particularly salacious facts or personal information. Finally, there is an interest in having the documents available to the public to consider if only because Fortinet and Sophos are public companies.

Accordingly, the Court orders those documents (or portions thereof) listed in Sophos's proposed order, *see* Docket No. 300-1, to be publicly filed. As Fortinet is the party who filed the administrative motion, Fortinet shall do the public filing. The filing shall be effected within a week of the date of this order.

## II. SOPHOS'S MOTION TO FILE UNDER SEAL (DOCKET NO. 307)

Regarding documents (or portions thereof) that Sophos seeks to seal, the motion is **DENIED**. Exhibits A and B attached to the Cunningham Declaration are the initial arbitration demands that Fortinet made against Sophos. The reasoning articulated by the Court above, with respect to the arbitration-related documents, is applicable here.

Regarding documents (or portions thereof) that Fortinet seeks to seal, the motion is **GRANTED** in part and **DENIED** in part. The documents are, in essence, the trade secret disclosures provided by Fortinet to Sophos. Some of the documents were previously sealed pursuant to an order of this Court, but, as noted above, the Court evaluates these documents with a clean slate. There is a sound basis to seal portions of the chart contained in these documents as there appears to be confidential business information contained therein,[3] but the remainder of the

---

asserting that "Valentine and Clark perpetrated a fraud during the [first] arbitration" as "[t]hey withheld evidence, lied about that evidence under oath, and spoliated evidence"); Docket No. 308 (Sophos's Opp'n at 5-6 & n.2) (stating that, "[i]n their pre-hearing [arbitration] brief, Mr. Valentine and Mr. Clark pointed out that Fortinet's trade secrets claim was a red herring, in part because 'Fortinet cannot even identify with reasonable particularity what its so-called "trade secrets" are'"; adding that "Fortinet recovered a small fraction of the damages it had requested, and three-quarters of the award was attributable to attorneys' fees and costs").

[3] In stating that the information appears to be confidential business information, the Court is not expressing any opinion as to whether such information does or does not constitute a trade secret.

documents shall not be sealed.  As Sophos argues, the remainder of the documents is a generalized description of the alleged trade secrets – not the exact trade secrets themselves.  As to the chart itself, the Court seals only the following columns: "Salary, other compensation" and "Prospective Accts."  Notably, in its papers, Fortinet calls out salary and compensation as confidential business information but not any of the other columns.  *See, e.g.*, Docket No. 230 (Margeson Decl. ¶ 5) (asserting that "Fortinet's business would be harmed in competitors gained access to its trade secrets disclosures, as such competitors could learn, *inter alia*, what Fortinet exactly pays numerous sales executives"); Docket No. 312 (Freeman Decl. ¶ 4) (claiming that Fortinet's "competitive standing would be harmed if its competitors gained access to its trade secret disclosures and could learn, among other things, what Fortinet pays numerous sales executives").  Out of an abundance of caution, the Court shall also seal "Prospective Accts" as that may well be internal company information, not yet publicly disclosed.

Accordingly, the Court orders Sophos to publicly file Exhibits D, I, J, M, and S with only those portions described by the Court above redacted.  The filing shall be effected within a week of the date of this order.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part each motion to file under seal.

This order disposes of Docket Nos. 292 and 307.

**IT IS SO ORDERED**.

Dated: November 9, 2015

_____
EDWARD M. CHEN
United States District Judge

4