UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORTINET, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>SOPHOS, INC., et al.,<br><br>   Defendants. | Case No. 13-cv-05831-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE STIPULATION**<br><br>Docket No. 293 |

   Plaintiff Fortinet, Inc. has filed suit against Defendants Sophos, Inc. and two of its employees, Michael Valentine and Jason Clark, asserting a variety of claims, including patent infringement, trade secret misappropriation, breach of contract, and breach of fiduciary duty. The claim for trade secret misappropriation (the eleventh cause of action) was asserted against Sophos only, and not the individuals. However, the claims for breach of contract (the seventh and eighth causes of action), which were asserted against Mr. Valentine and Mr. Clark only, included allegations that the individuals had misappropriated trade secrets. *See* FAC ¶¶ 153, 161 (alleging that "[Mr.] Valentine furthermore breached the Valentine Agreement by using Fortinet Trade Secrets for his own benefit and for the benefit of Sophos, without permission from Fortinet" and that Mr. Clark did the same); *see also* FAC ¶ 71 (defining "Fortinet Trade Secrets").

   In March 2014, the parties stipulated to arbitrating all claims – including the breach-of-contract claims – against Mr. Valentine and Mr. Clark. *See* Docket No. 45 (civil minutes) (stating that "Defendant's Motion to Compel Arbitration is granted as to Valentine and Clark pursuant to stipulation of the parties"); *see also* Docket No. 47 (hearing transcript). In November 2014, the arbitration hearing took place, and in March 2015, the arbitrator – Hon. Jack Komar (retired) of JAMS – issued his award. The arbitrator's decision addressed only Fortinet's assertion that Mr.

Valentine and Mr. Clark had improperly solicited or induced certain Fortinet employees to work for Sophos. The arbitrator did not discuss whether Mr. Valentine and/or Mr. Clark had breached their contracts with Fortinet by misappropriating trade secrets – apparently because Fortinet did not press forward with this theory at the arbitration.

In August 2015, Fortinet filed new demands for arbitration against Mr. Valentine and Mr. Clark, contending that the individuals had withheld documents supporting Fortinet's theory that the individuals had misappropriated trade secrets and thereby, *inter alia*, breached their contracts with Fortinet. According to Fortinet, the withholding of documents constitutes fraud which warrants a new arbitration and which precludes the individuals from making any res judicata argument. *See* Freeman Decl., Exs. 22-23 (new arbitration demands).

Currently pending before the Court is a motion by Fortinet, in which it asks the Court to issue an order finding that the arbitrator, and not this Court, has the authority to decide whether the new arbitration demands are precluded under the doctrine of res judicata (*i.e.*, because of the earlier arbitration in November 2014). "In the alternative, Fortinet moves for an order that the March 10, 2015 arbitration award be vacated to the extent that the award relates to Fortinet's claims against Valentine and Clark for misuse of Fortinet's confidential information in breach of their contractual obligations while allowing the portion of the award that relates to Fortinet's claims for solicitation of other former Fortinet employees to stand." Not. of Mot.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Fortinet's motion.

## I. DISCUSSION

A.  Motion to Enforce Stipulation

The Court addresses first Fortinet's primary request for relief – *i.e.*, that the Court issue an order finding that the arbitrator, and not this Court, has the authority to decide whether the new arbitration demands (filed in August 2015) are precluded under the doctrine of res judicata (*i.e.*, because of the earlier arbitration in November 2014).[1]

---

[1] As indicated above, the arbitration hearing took place in November 2014, even though the actual written decision was not issued until March 2015.

2

Fortinet has characterized its motion as one to enforce the parties' stipulation in order to align the situation presented herein with the situation presented to the Ninth Circuit in *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126 (9th Cir. 2000). In *Chiron*, there was a dispute between the parties which was arbitrated. After the arbitration was completed, the plaintiff filed a new lawsuit and moved for an order compelling arbitration. The defendant argued that the second lawsuit was improper because "the earlier arbitration award operated as res judicata to all claims [the plaintiff] sought to raise in a second arbitration proceeding. [The defendant] also sought an order confirming the earlier arbitration award . . . ." *Id.* at 1129. "Applying federal law, the district court concluded that [the defendant's] res judicata defense was itself an arbitrable issue within the scope of the parties' agreement to arbitrate." *Id.* The court therefore granted the plaintiff's motion to compel arbitration. It also granted the defendants' motion to confirm the earlier arbitration award. *See id.* The defendant thereafter appealed the district court's order granting the motion to compel arbitration (*i.e.*, on the second lawsuit).

On appeal, the Ninth Circuit began by noting that (1) the Federal Arbitration Act ("FAA") applied, (2) there was no dispute that the parties' arbitration agreement was valid, and (3) the new dispute was subject to arbitration. *See id.* at 1130-31 (explaining that "[t]he dispute unquestionably arises out of or relates 'to the construction, enforceability or performance' of the Agreement and therefore falls within the parties' agreement to arbitrate").

The court then turned to the defendant's contention that, "unlike a determination on the merits of a claim, the defense of res judicata is not arbitrable" – but "[w]hether [the defendant's] res judicata objection to [the plaintiff's] claims is itself arbitrable also raises the separate issue of *who* determines the preclusive effect of an earlier arbitration award, the court or the arbitrator." *Id.* at 1132 (emphasis in original).

On the first issue, the Ninth Circuit rejected the defendant's argument, noting that "[n]owhere is the defense of res judicata treated differently or singled out for exclusion [from arbitration]." *Id.* On the second issue – the issue which has bearing on the instant case – the Ninth Circuit found "the Second Circuit's analysis persuasive: a res judicata objection based on a prior arbitration proceeding is a legal defense that, in turn, is a component of the dispute on the

3

merits *and must be considered by the arbitrator,* not the court." *Id.* (emphasis added). A dispute about preclusion "'is as much related to the merits as such affirmative defenses as a time limit in the arbitration agreement or laches, which are assigned to an arbitrator under a broad arbitration clause.'" *Id.* (quoting *Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 135-36 (2d Cir. 1996)).

Relying on *Chiron*, Fortinet argues, in the case at bar, that, if there is an agreement to arbitrate, then any contention that the arbitration is barred by the doctrine of res judicata is a merits-related issue for the arbitrator to decide, and not this Court. *See id.* at 1134 (stating that, "[b]ecause Ortho's res judicata objection to Chiron's petition to compel arbitration is intertwined with the merits of the dispute, it too falls within the scope of the agreement to arbitrate"). Fortinet contends that, in the instant case, there was an agreement to arbitrate – not only because of Mr. Valentine's employment agreement, which contained a broad arbitration provision, but also because of the parties' agreement to arbitrate the claims against Mr. Valentine and Mr. Clark back in March 2014. *See* Docket No. 45 (civil minutes); Docket No. 47 (hearing transcript).

In response, Defendants do not dispute that there was an agreement to arbitrate. Defendants assert, however, that the instant case is not governed by *Chiron* because Fortinet's new arbitration demands must ultimately be construed as collateral attacks on the first arbitration award, and the proper means to challenge an arbitration award are covered by the FAA and/or California Arbitration Act, which give jurisdiction to a court, not an arbitrator, to assess that challenge.

The Court finds that both parties' positions have some merit but that both parties have (so to speak) painted with too broad a brush. As the Court noted at the hearing, resolution of the parties' dispute must take into account the specific parameters of the arbitrator's decision in the first arbitration.

When Fortinet initiated the first arbitration, it articulated two theories of liability against Mr. Valentine and Mr. Clark: (1) improper solicitation of Fortinet employees and (2) misappropriation of trade secrets. Ultimately, Fortinet abandoned the misappropriation theory (according to Fortinet, only because the individual defendants had improperly withheld

4

documents). Thus, the arbitrator in the first arbitration never opined or ruled on Fortinet's misappropriation theory and instead issued a decision confined to the improper solicitation theory alone.

In its new arbitration demands, Fortinet is presenting the same two theories initially advanced in the first arbitration, *i.e.*, improper solicitation and misappropriation. This fact gives rise to the prospect of res judicata. But here the specific question for the Court is *who* should decide the res judicata issue – this Court or the arbitrator – and not the merits of the res judicata issue itself.

As to the issue of "who," with respect to Fortinet's misappropriation-based claims, Defendants contend that Fortinet is making a collateral attack on the first arbitration and thus the motion should be framed by the FAA wherein the Court hears a challenge to an arbitration award. However, the arbitrator in the first arbitration never addressed the misappropriation theory at all. Thus, in this respect, Fortinet is not asking for the first arbitration award to be undone; rather, it simply wants the arbitrator to issue a ruling on the misappropriation theory in the first instance, *as contemplated by the parties when they stipulated to arbitration of the claims against Mr. Valentine and Mr. Clark*. This makes the situation here akin to that in *Chiron*.

Fortinet's improper solicitation-based claims, however, present a different situation. As noted above, the arbitrator made an express ruling on the improper solicitation theory tendered by Fortinet. That being the case, with its new arbitration demands on improper solicitation, Fortinet is in effect seeking to undo the first arbitration award; it seeks to change the judgment of the arbitration. Thus, Defendants' contention that Fortinet is making a collateral attack has merit, and the proper vehicle for Fortinet's challenge to the first arbitration award is to petition this Court for relief pursuant to the FAA and/or CAA.

The conclusion here is in keeping with *Chiron*. Notably, in *Chiron*, the district court actually *confirmed* the first arbitration award. That being the case, the first arbitration award could no longer be attacked – *i.e.*, the first arbitration award would stand. Furthermore, there was no indication that the res judicata issue, as raised in the second arbitration, would disturb or impact the first arbitration award in any way; the only question was whether the second arbitration should

5

1    proceed. And there was no indication that Chiron might invoke the fraud exception to res judicata,
2    which would not only allow the second arbitration to proceed but also be an implicit challenge to
3    the first arbitration award.
4        The case at bar is distinguishable from *Chiron* as, here, the first arbitration award has
5    neither been confirmed nor vacated. Thus, the first arbitration award is vulnerable to an attack on,
6    *e.g.*, the basis that it was procured by fraud. And here, of course, Fortinet has expressly stated that
7    it will invoke the fraud exception to res judicata, which would not only allow the second
8    arbitration to proceed but would also be an implicit challenge to the first arbitration award.
9        Accordingly, the Court rules as follows: The arbitrator, and not this Court, has the
10   authority to decide whether the new arbitration demands – *to the extent based on a*
11   *misappropriation theory* – are precluded under the doctrine of res judicata. This Court, however,
12   and not the arbitrator, has the authority to decide whether the new arbitration demands – *to the*
13   *extent based on an improper solicitation theory* – are precluded under the doctrine of res judicata.
14   Only the latter arbitration demands are a true collateral attack on the first arbitration award such
15   that the Court, and not the arbitrator, must decide whether the first arbitration award is valid or
16   invalid (*e.g.*, because of fraud).

17   B.   <u>Alternative Motion to Vacate (In Part) Arbitration Award</u>

18       Because the Court has denied in part Fortinet's primary request for relief, it now turns to
19   Fortinet's alternative request for relief. As stated in the notice of motion, "[i]n the alternative,
20   Fortinet moves for an order that the March 10, 2015 arbitration award be vacated *to the extent that*
21   *the award relates to Fortinet's claims against Valentine and Clark for misuse of Fortinet's*
22   *confidential information in breach of their contractual obligations* while *allowing the portion of*
23   *the award that relates to Fortinet's claims for solicitation of other former Fortinet employees to*
24   *stand*." Not. of Mot. (emphasis added). Because the Court has granted Fortinet its requested
25   primary relief for the misappropriation claims, the alternative request for relief is, in essence,
26   moot.

27                       **II.   <u>CONCLUSION</u>**

28       For the foregoing reasons, the Court grants in part and denies in part Fortinet's motion to

1  enforce the stipulation.  Fortinet's alternative motion to vacate is denied as moot.
2  This order disposes of Docket No. 293.

4  **IT IS SO ORDERED**.

6  Dated: November 25, 2015

_____
EDWARD M. CHEN
United States District Judge